**Milo Petranovich**, OSB No. 813376
petranovichm@lanepowell.com
**Mary Jo Heston**, OSB No. 030438
hestonm@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2114

**Neil A. Steiner** (pro hac vice pending)
neil.steiner@dechert.com
**Brian E. Greer** (pro hac vice pending)
brian.greer@dechert.com
**DECHERT LLP**
1095 Avenue of the Americas
New York, New York 10036
Telephone: 212.698.3500
Facsimile: 212.698.3599

Attorneys for Wells Fargo Securities, LLC
and Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | Case No. 3:16-cv-00438-PK |
| Plaintiff, | LIMITED OBJECTION TO STIPULATED ORDER APPOINTING RECEIVER |
| vs. | |
| **AEQUITAS MANAGEMENT, LLC; AEQUITAS HOLDINGS, LLC; AEQUITAS COMMERCIAL FINANCE, INC.; AEQUITAS CAPITAL MANAGEMENT, INC.; AEQUITAS INVESTMENT MANAGEMENT, LCC; ROBERT J. JESENIK; BRIAN A. OLIVER;** and **N. SCOTT GILLIS,** | |
| Defendants. | |

PAGE 1 -   LIMITED OBJECTION TO STIPULATED ORDER APPOINTING RECEIVER

Wells Fargo Securities, LLC ("WFS") and Wells Fargo Bank, N.A. ("WFBNA" and together with WFS, collectively, "Well Fargo"), hereby submit their limited objection to the Stipulated Order Appointing Receiver (the "Proposed Order") proposed by Plaintiff Securities and Exchange Commission and Defendants Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, Inc., Aequitas Capital Management, Inc., Aequitas Investment Management, LLC, Robert J. Jesenik, Brian A. Oliver and N. Scott Gillis, and respectfully represent as follows:

**A.    The Wells Fargo Financing.**

1.    On or about January 12, 2015, Wells Fargo entered into a secured financing transaction (the "Secured Financing") secured by certain self-pay health care receivables generated at hospitals around the country (the "Receivables") that were acquired by CP Funding I Trust, a Delaware statutory trust (the "Separate Trust"). Wells Fargo's loan is secured by all of the assets of the Separate Trust which include the Receivables and the proceeds thereof. The Separate Trust was established as a special purpose vehicle to be operated separate and apart from the management and control of the Defendants and any of their affiliates. The Separate Trust's governing documents expressly provided that the Separate Trust was to be operated independently from the Defendants and that there shall be no commingling of the Separate Trust's assets with the assets of the Defendants (the "Separateness Covenants").

2.    The Separate Trust's governing documents also provide that the Certificateholders (CP Funding I Holdings, LLC – a Receiver Entity (as defined below)) shall not have legal title to the Receivables and the proceeds thereof. In addition, the Delaware Statutory Trust Act (the "DSTA") states that a Delaware statutory trust (such as the Separate Trust) is a separate legal entity and no creditor of a beneficial owner (such as the Defendants) has any right to exercise any legal o*r* equitable remedies against the property of the trust (*see* 12 Del. C. Section 3805(b)). Thus, the Proposed Order requests relief with respect to the Separate Trust which flatly contradicts express provisions of the DSTA.

PAGE 2 -    LIMITED OBJECTION TO STIPULATED ORDER APPOINTING RECEIVER

3.      In reliance upon the Separateness Covenants and the inability of the Defendants and their affiliates to claim title to the Receivables and the proceeds thereof, Wells Fargo agreed to advance up to $100 million for the purchase of the Receivables.  To date, approximately $26,000,000 is due and outstanding under the Wells Fargo Financing.

4.      In late January 2016, Wells Fargo was informed that for several months various Events of Default had occurred and were continuing under the Wells Fargo Financing.  On or about February 19, 2016, certain of the Defendants, the Separate Trust, and Wells Fargo entered into that certain Forbearance Agreement which was subsequently amended on February 26, 2016 and March 4, 2016.  At no time during the negotiation of the Forbearance Agreement did Defendants or the Separate Trust disclose to Wells Fargo any of the issues raised in this proceeding with respect to the underlying factual allegations.

**B.      Limited Objection.**

1.      By Proposed Order submitted on March 10, 2016, Plaintiff and Defendants propose to stipulate to the appointment of a receiver for the marshaling and preserving of assets of the Defendants.  The Proposed Order would subject various subsidiaries and/or majority-owned affiliates of Defendants to the receivership ("Receiver Entity"), and would subject the assets of such entities to a freeze until further order of this Court.  The Proposed Order would further restrain any person with direct or indirect control over the property of a Receivership entity from exercising rights with respect to such assets.  In so doing, the Proposed Order casts an overly broad net and mistakenly seeks to designate the Separate Trust as a Receiver Entity.

2.      For the reasons set forth in more detail above, such designation is prohibited by the documents governing the corporate authority of the Separate Trust, as well as the DSTA which expressly provides that the Receiver cannot take title to the assets owned by the Separate Trust for the benefit of creditors of its beneficial owners.

3.      Accordingly, Wells Fargo requests that the Proposed Order be modified as follows:

PAGE 3 -    LIMITED OBJECTION TO STIPULATED ORDER APPOINTING RECEIVER

- The Proposed Order only should be entered on a preliminary basis with a further hearing to be held no later than March 18, 2016. Wells Fargo should have a right to file a supplemental objection to entry of a final order by 5:00 PM Pacific Time on March 17, 2016.

- The Proposed Order should provide that notwithstanding anything to the contrary in the Proposed Order, the Receiver shall not be deemed to have legal or equitable title to the Receivables or the proceeds thereof.

- The Proposed Order should provide that the Receiver shall not be permitted to use any of the Receivables or the proceeds thereof for any purpose pending further Order of this Court.

- The Proposed Order should provide that Wells Fargo shall be permitted to exercise all of its rights and remedies upon expiration of the Proposed Order absent further order of the Court.

- The Proposed Order should provide that Wells Fargo shall be permitted to immediately designate a third party servicer unaffiliated with the Defendants as is permitted under the Wells Fargo Financing.

4.      Absent these modifications, the Proposed Order would do significant and irreparable harm to Wells Fargo as the Proposed Order does not take into account the reliance of Wells Fargo on the separateness of Separate Trust from the Defendants and does not provide for a mechanism to ensure that Wells Fargo is not harmed as a result of its agreement to look only to the Receivables and other assets of the Separate Trust. Use of the Receivables and the proceeds thereof by the Receiver could not be undone and would irreparably interfere with Wells Fargo's ability to recover the proceeds of its financing.

5.      Wells Fargo expressly reserves its rights to amend or supplement this Limited Objection, to introduce evidence at the hearing with respect thereto, and to file additional and supplemental objections and pleadings.

PAGE 4 -   LIMITED OBJECTION TO STIPULATED ORDER APPOINTING RECEIVER

## CONCLUSION

WHEREFORE, Wells Fargo respectfully requests that this Court modify the Proposed Order as set forth herein.

DATED:  March 11, 2016

LANE POWELL PC


By *s/ Milo Petranovich*
   Milo Petranovich, OSB No. 813376
   Mary Jo Heston, OSB No. 030438
   Telephone: 503.778.2100

DECHERT LLP

   Neil A. Steiner (pro hac vice pending)
   Brian E. Greer (pro hac vice pending)
   Telephone: 212.698.3500

*Attorneys for Wells Fargo Securities, LLC and*
*Wells Fargo Bank, N.A.*

PAGE 5 -   LIMITED OBJECTION TO STIPULATED ORDER APPOINTING RECEIVER