JINA CHOI (NY Bar No. 2699718)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
SHEILA E. O'CALLAGHAN (Cal. Bar No. 131032)
  ocallaghans@sec.gov
WADE M. RHYNE (Cal. Bar No. 216799)
  rhynew@sec.gov
BERNARD B. SMYTH (Cal. Bar No. 217741)
  smythb@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.   3:16-cv-00438-PK |
| Plaintiff, | |
| vs. | [PROPOSED] ORDER GRANTING STIPULATED REQUEST FOR PRELIMINARY INJUNCTION AS TO AEQUITAS MANAGEMENT, LLC; AEQUITAS HOLDINGS, LLC; AEQUITAS COMMERCIAL FINANCE, INC.; AEQUITAS CAPITAL MANAGEMENT, INC.; AND AEQUITAS INVESTMENT MANAGEMENT, LLC |
| AEQUITAS MANAGEMENT, LLC; AEQUITAS HOLDINGS, LLC; AEQUITAS COMMERCIAL FINANCE, INC.; AEQUITAS CAPITAL MANAGEMENT, INC.; AEQUITAS INVESTMENT MANAGEMENT, LLC; ROBERT J. JESENIK; BRIAN A. OLIVER; and N. SCOTT GILLIS, | |
| Defendants. | |

This matter came before the Court on stipulation of Plaintiff Securities and Exchange Commission ("Commission") and Defendants Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc. and Aequitas Investment Management, LLC (collectively "Entity Defendants") for a Preliminary Injunction. The Commission seeks an order preliminarily enjoining the Entity Defendants from engaging in specified conduct, and the Entity Defendants have agreed to the requested relief.

The Court having considered: (1) the complaint filed by the Commission in this case; and (2) the Commission and Entity Defendants' Stipulation Requesting Preliminary Injunction and Appointment of Receiver; and any proceedings before the Court, finds that:

1. This Court has jurisdiction over the subject matter of this action, and as to all parties, pursuant to Sections 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(d)(1) and 77v(a); Sections 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(e) and 78aa; and Sections 209(e) and 214 of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-9(e) and 80b-14.

2. Venue properly lies in this District pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a); Section 27 of the Exchange Act, 15 U.S.C. § 78aa; and Section 214 of the Advisers Act, 15 U.S.C. § 80b-14.

3. The Entity Defendants do not admit to any violations of federal law alleged in the complaint filed by the Commission and expressly reserve their right to contest such allegations. However, pursuant to the Commission and Entity Defendants' stipulation, the Commission is able to make the requisite showing for the requested relief pursuant to Section 20(b) of the Securities Act, 15 U.S.C. § 77t(b); Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d); and Section 209(d) of the Advisers Act, 15 U.S.C. §80b-9(d); in order prevent violations of the federal securities laws during the pendency of the litigation.

I.

[PROPOSED] ORDER FOR
PRELIM. INJUNCTION

THEREFORE IT IS HEREBY ORDERED that the Commission and Entity Defendants' Stipulated Request for a Preliminary Injunction Order is GRANTED.

II.

IT IS FURTHER ORDERED that Entity Defendants Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc. and Aequitas Investment Management, LLC are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

> A. Employing any device, scheme or artifice to defraud;
>
> B. Obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
>
> C. Engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) Entity Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Entity Defendants or with anyone described in (a).

III.

IT IS FURTHER ORDERED that Entity Defendants Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc. and Aequitas Investment Management, LLC are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any

means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A. Employing any device, scheme or artifice to defraud;

    B. Making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C. Engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) Entity Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Entity Defendants or with anyone described in (a).

IV.

IT IS FURTHER ORDERED that Entity Defendants Aequitas Capital Management, Inc. and Aequitas Investment Management, LLC are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A. Employing any device, scheme or artifice to defraud any client or prospective client;

    B. Engaging in any transactions, practices, or courses of business which operate as a fraud or deceit upon any client or prospective client;

    C. Engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative;

    D. Making any untrue statement of a material fact or omitting to state a material fact, necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

    E. Engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle;

in violation of Sections 206(1), 206(2), and 206(4) of the Advisers Act, 15 U.S.C. §§ 80b-6(1), (2) & (4); and Rule 206(4)-8 thereunder, 17 C.F.R. §275.206(4)-8.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) Entity Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Entity Defendants or with anyone described in (a).

V.

IT IS FURTHER ORDERED that Entity Defendants Aequitas Management, LLC; Aequitas Holdings, LLC; Aequitas Commercial Finance, LLC; Aequitas Capital Management, Inc.; and Aequitas Investment Management, LLC, are preliminarily restrained and enjoined from directly or indirectly participating in the issuance, offer, or sale of any security of any entity controlled by, or under joint control with, any of them.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) Entity Defendants' officers, agents, servants, employees,

[PROPOSED] ORDER FOR
PRELIM. INJUNCTION

and attorneys; and (b) other persons in active concert or participation with Entity Defendants or with anyone described in (a).

VI.

IT IS FURTHER ORDERED that Entity Defendants Aequitas Management, LLC; Aequitas Holdings, LLC; Aequitas Commercial Finance, LLC; Aequitas Capital Management, Inc.; and Aequitas Investment Management, LLC, are preliminarily restrained and enjoined from directly or indirectly soliciting any person or entity to purchase or sell any security.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) Entity Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Entity Defendants or with anyone described in (a).

IT IS SO ORDERED:

Dated: __3/15__, 2016        _/s/ Marco Hernandez_
                              United States District Judge

[PROPOSED] ORDER FOR
PRELIM. INJUNCTION

5