**Dennis P. Rawlinson, P.C.**, OSB No. 763028
dennis.rawlinson@millernash.com
**Teresa H. Pearson, P.C.,** OSB No. 953750
teresa.pearson@millernash.com
**Joshua M. Sasaki, P.C.**, OSB No. 964182
josh.sasaki@millernash.com
**Justin C. Sawyer, P.C.**, OSB No. 014057
justin.sawyer@millernash.com
**Jeanne Kallage Sinnott**, OSB No. 075151
jeanne.sinnott@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:    503.224.5858
Facsimile:    503.224.0155

        *Attorneys for United Recovery Group for*
        *Equality*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CV No. 3:16-cv-00438-PK |
| Plaintiff, | UNITED RECOVERY GROUP FOR EQUALITY'S LIMITED OBJECTION TO AND REQUEST FOR CLARIFICATION OF PROPOSED ORDER APPOINTING RECEIVER |
| v. | |
| AEQUITAS MANAGEMENT, LLC; AEQUITAS HOLDINGS, LLC; AEQUITAS | |

Page 1 -    LIMITED OBJECTION TO AND REQUEST FOR CLARIFICATION OF
              PROPOSED ORDER APPOINTING RECEIVER (UNITED RECOVERY GROUP
              FOR EQUALITY)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

COMMERCIAL FINANCE, LLC; AEQUITAS
CAPITAL MANAGEMENT, INC.; AEQUITAS
INVESTMENT MANAGEMENT, LLC;
ROBERT J. JESENIK; BRIAN A. OLIVER; and
N. SCOTT GILLIS,

               Defendants.

KEITH L. BARNES; BLACKNER STONE AND
ASSOCIATES DEFINED BENEFIT PLAN;
PAUL GULICK; TOM MULFLUR; STEVE
SHARP; PAUL E. SYLVAN; AMAR GUPTA,
as trustee of the Starbright Trust dated
January 30, 1997; and ZHONG JIU GUO,

               Proposed Intervenors.

## I.  INTRODUCTION

As victims of the financial scandal that gave rise to this proceeding, United Recovery Group for Equality ("URGE")[1] supports the appointment of a receiver to preserve and distribute the assets of the defendant Aequitas companies. The stay of litigation and injunction in the proposed Stipulated Order Appointing Receiver (Dkt. No. 2) (the "Proposed Order"), however, are overly broad and severely prejudicial to the rights of investors, including URGE, because the provisions could: (1) restrict or enjoin the pursuit of claims and damages independent of the receivership; (2) limit investors' ability to pursue discovery in pursuit of such claims; and (3) result in investors' claims becoming time-barred while the stay and injunction are

---

[1] As of the date of this limited objection, URGE consists of the following members, who collectively invested at least than $12 million in various Aequitas investment vehicles: Keith L. Barnes, Blackner Stone and Associates Defined Benefit Plan, Paul Gulick, Tom Mulflur, Steve Sharp, Paul E. Sylvan, Amar Gupta, as trustee of the Starbright Trust dated January 30, 1997, and Zhong Jiu Guo. URGE anticipates that its membership (and aggregate investments at risk) will grow in the future.

Page 2 -     LIMITED OBJECTION TO AND REQUEST FOR CLARIFICATION OF
                  PROPOSED ORDER APPOINTING RECEIVER (UNITED RECOVERY GROUP
                  FOR EQUALITY)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

in place. Accordingly, URGE respectfully requests that the final order be revised to address these concerns and protect the Aequitas investors.[2]

In addition, the final order should be clarified to provide that the receiver may not simply conduct a fire sale of all assets, but rather must determine the best ways to maximize recovery. Some entities, for example, may be more valuable if operated for a period of time before being sold. Such issues should be addressed at the telephonic hearing on March 29 and throughout the pendency of this case. Furthermore, the final order should provide that URGE may seek discovery from the receiver to allow URGE to confirm that the estate is being administered properly as well as to gain information necessary to evaluate or propose any liquidation plan. Finally, the Interim Order implies that Schwabe, Williamson & Wyatt ("SWW") will be compensated for professional fees from the assets of the receivership. Interim Order ¶ 1. SWW has appeared on behalf of the entity defendants. The parties seeking the receivership order should clarify the basis for why the entity defendants' attorneys should be compensated from estate assets, which should be preserved to pay victimized investors.

## II.    POTENTIAL CLAIMS AGAINST THIRD PARTIES

URGE members may have claims against third parties who are not part of the Receivership Entity.[3] For example, URGE's members are analyzing potential claims against investment advisers, brokers, attorneys, and accountants in addition to directors and officers of the Receivership Entity, and others who could be liable for, among other things, fraud, participating in or materially aiding violations of Oregon securities laws, and abuse of a vulnerable person. *See, e.g.,* ORS 59.115; 59.135; 124.100.

---

[2] On March 16, the court entered a Stipulated Interim Order Appointing Receiver (the "Interim Order") (Dkt. No. 30). The Interim Order contains an identical stay and injunction, except for a broader tolling provision as detailed below.

[3] *See* Proposed Order ¶ 1, defining the "Receivership Entity" as the entity defendants along with 44 other related entities.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

URGE members hold these claims separate from the receiver, who would lack the necessary standing to assert such claims. *See, e.g., Johnson v. Chilcott*, 590 F Supp 204, 208-209 (D Colo 1984) (citing *Rochelle v. Marine Midland Grace Trust Co.*, 535 F2d 523, 527 (9th Cir 1976) and holding that federally-appointed receiver did not have standing to assert securities and state-law fraud claims based on misrepresentations similar to those existing in this case); *Baker v. Heller*, 571 F Supp 419, 420 (SD Fl 1983) (holding that a receiver did not have standing to assert securities claims on behalf of injured investors).

Although the receiver may have claims on behalf of the Receivership Entity stemming from a common set of facts, the receiver's claims would be different from the investors' claims. For example, a law firm could be liable to the Receivership Entity for malpractice, while also being liable to investors for materially aiding a violation of Oregon securities laws or for abuse of a vulnerable person. The burden of proof, defenses, statutes of limitation, and remedies for such claims are materially different.

## III. THE PROPOSED ORDER, AS WRITTEN, COULD PREJUDICE URGE MEMBERS

The Proposed Order contains the following overly broad stay, which could be applicable to legal proceedings against third parties outside of the Receivership Entity:

> "[T]he following proceedings, excluding the instant proceeding and any action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:
>
> *All civil legal proceedings of any nature*, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entity; or (d) *any of the Receivership Entity' [sic] past or present officers, directors, managers, agents, or general or limited partners* sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise[.]"  (Proposed Order ¶ 20.) (Emphasis added.)

Page 4 -   LIMITED OBJECTION TO AND REQUEST FOR CLARIFICATION OF PROPOSED ORDER APPOINTING RECEIVER (UNITED RECOVERY GROUP FOR EQUALITY)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

The Proposed Order also contains an injunction as follows:

"The Receivership Entity and all persons receiving notice of this Order by personal service, email, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would

* * *

"Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Entity, attempting to modify, cancel, terminate, call, extinguish, revoke, foreclose upon, enforce default provisions or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Entity or which otherwise affects any Receivership Property[.]" (Proposed Order ¶ 17C.)

These sweeping provisions could cause substantial prejudice to URGE members for several reasons.  First, they could be interpreted to potentially limit recoveries for investors by precluding them from pursuing their own claims against third parties outside of the Receivership Estate.

Second, investors could be at risk of losing their claims completely upon the expiration of the applicable statutes of limitation or other time-based defenses.  Although the Proposed Order contains a tolling provision to benefit the Receivership Entity, there is no such protection available for the investors' independent claims.  *See* Proposed Order ¶ 22.  The Interim Order contains a broader tolling provision than the Proposed Order, but it is questionable whether that tolling provision could bind or apply to parties not before the court.  It would be unfair for URGE members to have to potentially litigate this issue and bear the risk of losing their remedies on a legal technicality.

Third, the Proposed Order provides no protection in the form of a bond or security requirement.  Under Fed R Civ P 65(c), "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court

Page 5 -     LIMITED OBJECTION TO AND REQUEST FOR CLARIFICATION OF
             PROPOSED ORDER APPOINTING RECEIVER (UNITED RECOVERY GROUP
             FOR EQUALITY)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."[4]  The final order should therefore require a bond if it could be interpreted to enjoin URGE members from pursuing their claims against third parties.

Finally, the Proposed Order provides that the stay extends to any legal proceedings "involving" a "Receivership Entity' [sic] past or present officers, directors, managers, agents, or general or limited partners," which could be interpreted to prevent discovery from the Receivership Entity and any parties that could fall under that broad list. (Proposed Order ¶ 20.)  Accordingly, the Proposed Order should be revised to clarify that the stay does not limit the investors' ability to obtain such discovery, which is necessary and critical to their claims as well as URGE's ability to obtain discovery to evaluate the administration of the receivership and to evaluate or propose any liquidation plan.

## IV.    CONCLUSION

For the reasons above, there is a substantial risk that if the Proposed Order is entered as a final order as drafted, URGE members could lose important avenues for recovery with limited (and speculative) benefit to the receivership estate.  Accordingly, the Proposed Order should be revised as suggested above to protect the interests of the victims of the Aequitas scandal.  The receiver should also be required to maximize recovery for the estate by thoroughly considering the best and highest use of each entity and its assets, and considering the input of URGE members in making that determination.

///

///

///

---

[4] Although Fed R Civ P 65(c) exempts the United States from providing a bond, in this case the defendants are joint-movants and are not exempt.  Furthermore, Ninth Circuit authority exists supporting that a bond could be required under certain circumstances when the SEC has obtained a receivership order with a similar injunction. *See, e.g., S.E.C. v. Wencke*, 622 F2d 1363, 1374 (9th Cir 1980).

Page 6 -    LIMITED OBJECTION TO AND REQUEST FOR CLARIFICATION OF
           PROPOSED ORDER APPOINTING RECEIVER (UNITED RECOVERY GROUP
           FOR EQUALITY)

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

URGE expressly reserves its right to amend or supplement this objection, to introduce evidence at any hearing regarding this objection, and file additional and supplemental objections and pleadings as allowed by the court.

DATED this 18th day of March, 2016.

MILLER NASH GRAHAM & DUNN LLP


*/s/ Dennis P. Rawlinson*
Dennis P. Rawlinson, P.C., OSB No. 763028
dennis.rawlinson@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

*Attorneys for United Recovery Group for Equality*

Page 7 -    LIMITED OBJECTION TO AND REQUEST FOR CLARIFICATION OF
            PROPOSED ORDER APPOINTING RECEIVER (UNITED RECOVERY GROUP
            FOR EQUALITY)
                     MILLER NASH GRAHAM & DUNN LLP
                              ATTORNEYS AT LAW
                         TELEPHONE: 503.224.5858
                        3400 U.S. BANCORP TOWER
                          111 S.W. FIFTH AVENUE
                        PORTLAND, OREGON 97204

1       I hereby certify that I served the foregoing limited objection to and request for

2   clarification of proposed order appointing receiver (United Recovery Group for Equality) on:

3       • **Robert S. Banks , Jr**
4           bbanks@samuelslaw.com,aclark@samuelslaw.com,
            darlenep@samuelslaw.com
5       • **Daniel J. Colaizzi , IV**
            danielj.colaizzi@dechert.com
6       • **Sara C. Cotton**
7           scotton@schwabe.com,bankruptcynotices@schwabe.com,
            docket@schwabe.com,dgibson@schwabe.com
8       • **Brad S. Daniels**
            bsdaniels@stoel.com,dmholland@stoel.com,docketclerk@stoel.com
9       • **Jeffrey S. Eden**
            jeden@schwabe.com,centraldocket@schwabe.com,scrawford@schwabe.com
10      • **Troy D. Greenfield**
11          tgreenfield@schwabe.com,bbratton@schwabe.com
        • **Brian E. Greer**
12          brian.greer@dechert.com
        • **Mary J Heston**
13          hestonm@lanepowell.com,campbelld@lanepowell.com,
14          docketing-sea@LanePowell.com
        • **Ivan B. Knauer**
15          knaueri@pepperlaw.com
        • **Brian M. Nichilo**
16          nichilob@pepperlaw.com
        • **Sheila E. O'Callaghan**
17          ocallaghans@sec.gov,stearnsj@sec.gov,langitg@sec.gov,roeselerk@sec.gov
18      • **Joel A. Parker**
            jparker@schwabe.com,ron.greenspan@fticonsulting.com,
19          lream@schwabe.com,gblaser@schwabe.com,brad.foster@fticonsulting.com,
            larissa.gotguelf@fticonsulting.com,docket@schwabe.com,
20          dgibson@schwabe.com
21      • **Milo Petranovich**
            petranovichm@lanepowell.com,pettingerk@lanepowell.com,
22          docketing-pdx@lanepowell.com
        • **Jeff S. Pitzer**
23          jpitzer@pitzerlaw.net,spatel@pitzerlaw.net,psullivan@pitzerlaw.net
24      • **Wade M. Rhyne**
            rhynew@sec.gov,smythb@sec.gov,ocallaghans@sec.gov,combst@sec.gov,
25          buchholzs@sec.gov,stearnsj@sec.gov,austinh@sec.gov
        • **Brent D. Smyth**
26          smythb@sec.gov,combst@sec.gov,buchholzs@sec.gov,stearnsj@sec.gov,

Page 1 -    CERTIFICATE OF SERVICE

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

1           Ocallaghans@sec.gov,roeselerk@sec.gov,austinh@sec.gov,Rhynew@sec.gov

2           ,lamarcas@sec.gov,langitg@sec.gov
- **John M. Timperio**

3           john.timperio@dechert.com
- **David A. Wender**

4           david.wender@alston.com

5  by the following indicated method or methods on the date set forth below:

6

7  ☒       **CM/ECF system transmission.**

8  ☐       **E-mail.**  As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect

9               format, not in PDF, unless otherwise agreed to by the parties.

10  ☐       **Facsimile communication device.**

11  ☐       **First-class mail, postage prepaid.**

12

13  ☐       **Hand-delivery.**

14  ☐       **Overnight courier, delivery prepaid.**

15  and on the following by first-class mail, postage prepaid:

16           Mr. Ronald F. Greenspan

17           FTI Consulting
         633 W. 5th Street

18           16th floor
         Los Angeles, California 90071

19

20           DATED this 18th day of March, 2016.

21                          */s/ Dennis P. Rawlinson*

22                          Dennis P. Rawlinson, P.C., OSB No. 763028

23                          *Attorneys for United Recovery Group for*

24                          *Equality*

25

26

Page 2 -     CERTIFICATE OF SERVICE

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204