JINA CHOI (NY Bar No. 2699718)
ERIN E. SCHNEIDER (Cal. Bar No. 216114)
SHEILA E. O'CALLAGHAN (Cal. Bar No. 131032)
 ocallaghans@sec.gov
WADE M. RHYNE (Cal. Bar No. 216799)
 rhynew@sec.gov
BERNARD B. SMYTH (Cal. Bar No. 217741)
 smythb@sec.gov


Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

  vs.

AEQUITAS MANAGEMENT, LLC; AEQUITAS
HOLDINGS, LLC; AEQUITAS COMMERCIAL
FINANCE, LLC; AEQUITAS CAPITAL
MANAGEMENT, INC.; AEQUITAS INVESTMENT
MANAGEMENT, LLC; ROBERT J. JESENIK;
BRIAN A. OLIVER; and N. SCOTT GILLIS,

      Defendants,

Case No. 3:16-cv-00438-PK

[~~PROPOSED~~] ORDER APPOINTING
RECEIVER

[~~PROPOSED~~] ORDER
APPT. RECEIVER

Pursuant to the stipulation entered into by Plaintiff Securities and Exchange Commission ("Commission") and defendants Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc. and Aequitas Investment Management, LLC, directly or through their attorneys of record, the Court finds that the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of defendants Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc. and Aequitas Investment Management, LLC (collectively "Receivership Defendants"), and hereby orders as follows:

## I. Appointment of Receiver

1.      IT IS HEREBY ORDERED that Ronald Greenspan, is appointed to serve without bond as receiver of the Receivership Defendants, and their subsidiaries and/or majority-owned affiliates as set forth on the attached Exhibit A (collectively "Receivership Entity"). The entities listed on the attached Exhibit B (collectively "Extended Entities") shall cooperate fully with the Receiver in the execution of his duties, but shall not be included in the Receivership Entity, unless the Receiver in his discretion seeks approval from this Court to include such entities as part of the Receivership Entity. Mr. Greenspan (the "Receiver") is authorized to retain FTI Consulting, Inc. ("FTI"), and the law firms of Pepper Hamilton LLP ("Pepper Hamilton"), Pachulski Stang Ziehl & Jones LLP ("Pachulski") and Schwabe, Williamson & Wyatt ("Schwabe") in connection with this appointment. With the Court's approval, the Receiver, Pepper Hamilton, Pachulski and Schwabe shall be compensated from the Receivership Estates (as defined in paragraph 6 below) for all reasonable fees and costs. The professionals mentioned above are permitted to retain any remaining balances from pre-receivership retainers to apply to invoices approved in the future.

The agreed upon fee schedules for these professional firms are as follows:

1

### FTI Consulting

Senior Managing Director $825

Managing Director $660

Senior Director $605

Director $570

Senior Consultant $460

Consultant $345

Project Assistant $250

Rates above reflect a discount from ordinary rates. FTI may add or substitute other professionals with comparable experience at comparable rates.

### Pepper Hamilton LLP

Joseph V. Del Raso (Partner) $845

Ivan B. Knauer (Partner) $725

John P. Falco (Partner) $445

Brian M. Nichilo (Associate) $330

Rates above reflect a discount from ordinary rates. Pepper Hamilton may add or substitute other professionals with comparable experience at comparable rates. Rates, after application of discount to ordinary rates, range from $445 to $845 for partners, from $275-$490 for associates and from $100 to $250 for paralegals and other non-attorney staff.

### Pachulski Stang Ziehl & Jones LLP

Ira D. Kharasch (Partner) $846

John W. Lucas (Partner) $574

Rates above reflect a discount from ordinary rates. Pachulski may add or substitute other professionals with comparable experience at comparable rates.

### Schwabe, Williamson & Wyatt

Senior Shareholder $510

[PROPOSED] ORDER
APPT. RECEIVER.

Senior Litigation Shareholder $490

Junior Transactional Shareholder $465

Junior Litigation Shareholder $445

Senior Associate $330

Junior Associate $295

Paralegal $230

Rates above reflect a discount from ordinary rates. Schwabe may add or substitute other professionals with comparable experience at comparable rates.

The Receiver is also authorized to retain a noticing agent.

## II. Asset Freeze

2.    Except as otherwise specified herein with respect to the powers of the Receiver, all property of the Receivership Entity is frozen until further order of this Court. Accordingly, all persons and entities with direct or indirect control over any property of the Receivership Entity, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such assets.

## III. General Powers and Duties of Receiver

3.    The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, members, managers and general and limited partners of the Receivership Entity under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed.R.Civ.P. 66.

4.    The trustees, directors, officers, members, and managers of the Receivership Entity are hereby dismissed and the powers of any general partners, directors, members and/or managers are hereby suspended. Such persons and entities shall have no authority with respect

[PROPOSED] ORDER
APPT. RECEIVER.

to the Receivership Entity's operations or assets, except to the extent as may hereafter be

expressly granted by the Receiver. The Receiver shall have the authority to dismiss any

employees, investment advisors, accountants, attorneys and other agents of the Receivership

Entity as needed to effectively execute his duties and responsibilities. The Receiver shall assume

and control the operation of the Receivership Entity and preserve all of their claims. The

Receiver is expressly permitted to provide any notices required under this Order or otherwise by

electronic means.

     5.     No person, other than the Receiver, holding or claiming any position of any sort

with any of the Receivership Entity shall possess any authority to act by or on behalf of any of

the Receivership Entity.

     6.     Subject to the specific provisions in Sections IV through XV, below, the Receiver

shall have the following general powers and duties:

     A.     To use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Entity, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Entity own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

     B.     To take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Entity; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

     C.     To manage, control, operate and maintain the Receivership Estates and hold in his possession, custody and control all Receivership Property, subject to powers provided below and pending further Order of this Court;

     D.     To use Receivership Property for the benefit of the Receivership Entity, which, from the date of this Order, shall be treated as a consolidated enterprise for the purpose of making payments and disbursements, including payments to professionals, and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver; however, this provision shall have no force or effect with respect to whether the Receivership Entity shall be treated as a consolidated enterprise for the distribution (claims payment) phase of this

[PROPOSED] ORDER
APPT. RECEIVER.

matter nor after a motion and court order prospectively making this paragraph of no further force or effect;

E. To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Receivership Entity;

F. To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

G. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H. To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure, concerning any subject matter within the powers and duties granted by this Order;

I. To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J. To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and,

K. To take such other action as may be approved by this Court.

## IV. Access to Information

7.      The Receivership Entity and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees of the entity Receivership Entity, as well as those acting in their place, are hereby ordered and directed to preserve and turn over immediately upon the Receiver's request to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Entity and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

## V. Access to Books, Records and Accounts

8.      The Receiver is authorized to take immediate possession of all assets, bank

5

[PROPOSED] ORDER
APPT. RECEIVER.

accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Entity.  All persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

9.      The Receivership Entity, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Entity, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Receivership Entity are hereby directed to deliver the same to the Receiver, his agents and/or employees.

10.      All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, the Receivership Entity that receive actual notice of this Order by personal service, email, facsimile transmission or otherwise shall:

      A.      Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Entity except upon instructions from the Receiver;

      B.      Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

      C.      Within five (5) business days of receipt of that notice, file with the Court (in redacted form if required by F.R.Civ.Pro 5.2) and serve on the Receiver and counsel for the Commission a sworn statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the; and,

      D.      Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

## VI. <u>Access to Personal Property</u>

11.      The Receiver is authorized to take immediate possession of all personal property of the Receivership Entity, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such

[PROPOSED] ORDER
APPT. RECEIVER.

memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

12.     The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Entity, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

## VII. Notice to Third Parties

13.     The Receiver shall promptly give notice, which may be electronic, of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Receivership Entity, as the Receiver deems necessary or advisable to effectuate the operation of the receivership

14.     All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Entity shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Entity had received such payment.

15.     In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Entity. All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the Commission.

16.     The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any

7

[PROPOSED] ORDER
APPT. RECEIVER.

of the Receivership Entity (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Entity. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Entity shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver.

### VIII. Injunction Against Interference with Receiver

17.     The Receivership Entity and all persons receiving notice of this Order by personal service, email, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

A.     Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B.     Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

C.     Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Entity, attempting to modify, cancel, terminate, call, extinguish, revoke, foreclose upon, enforce default provisions or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Entity or which otherwise affects any Receivership Property; or,

D.     Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

18.     The Receivership Entity and Extended Entities shall cooperate with and assist the Receiver in the performance of his duties.

8

[PROPOSED] ORDER
APPT. RECEIVER.

19.    The Receiver shall promptly notify the Court and Commission counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## IX. Stay of Litigation

20.    As set forth in detail below, the following proceedings, excluding the instant proceeding and any action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entity; or (d) any of the Receivership Entity's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

21.    The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

22.    All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Any statute of limitation or ultimate repose applicable to a cause of action that is enjoined pursuant to this Order is tolled, effective March 14, 2016 and during the term of the injunction, unless otherwise subsequently ordered by this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Entity against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

23.    Notwithstanding the foregoing, Ancillary Proceedings shall not include civil legal proceedings upon claims that have accrued or are accruing exclusively to parties other than the

9

[~~PROPOSED~~] ORDER
APPT. RECEIVER.

Receiver on behalf of the Receivership Estates and brought against third party professionals, registered investment advisers, and others in which the Receivership Entity has no direct or indirect ownership interest.  Proceedings against such third parties are not subject to the stay of litigation.  The stay of litigation does, however, enjoin any claims brought in such proceedings (including, but not limited to, cross-claims or third party claims) against (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entity; or (d) any of the Receivership Entity's past or present officers, directors, managers, or general or limited partners.

24.    The Receiver shall investigate the impact, if any, on the Receivership Estates of Ancillary Proceedings brought against registered investment advisers in which the Receivership Entity has an ownership interest.  The Receiver shall include in the report and petition it must file with the Court pursuant to Paragraph 39 below, a recommendation to the Court as to whether Ancillary Proceedings brought against registered investment advisers in which the Receivership Entity has an ownership interest should remain subject to the stay of litigation.  The Receiver shall also investigate the probable impact of discovery directed to the Receiver and the Receivership Entity in Ancillary Proceedings and those actions authorized in Paragraph 23.  The Receiver shall include in the report and petition it must file pursuant to Paragraph 39 below, a recommendation to the Court as to a plan to govern all discovery directed to the Receiver and the Receivership Entity in Ancillary Proceedings and those actions authorized in Paragraph 23.  Until such time as the Court enters an order governing discovery following submission of the Receiver's report, all discovery directed to the Receiver and the Receivership Entity is enjoined.

## X.  Managing Assets

25.    For each of the Receivership Entity, where appropriate and necessary in the judgment of the Receiver, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property.

26.    The Receiver may, without further Order of this Court, transfer, compromise,

10

[PROPOSED] ORDER
APPT. RECEIVER.

abandon or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Entity and with due regard to the realization of the true and proper value of such Receivership Property. The Receiver may sell real estate or assets outside of the ordinary course of business, or abandon material assets, only with Court approval after reasonable notice under the circumstances and an opportunity for interested parties to be heard. The assets of the Receivership Entity, with Court approval, may be sold, transferred or disposed, free and clear of any liens, claims or encumbrances, with such liens, claims or encumbrances attaching to the proceeds.

27.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Entity, including making legally required payments to creditors, employees, and agents of the Receivership Entity and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

## XI. <u>Investigating and Prosecuting Claims</u>

28.     Subject to the requirement, in Section IX above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized and empowered to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his discretion, and in consultation with Commission counsel, be advisable or proper to recover and/or conserve Receivership Property.

29.     Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized and empowered to investigate the manner in which the financial and business affairs of the Receivership Entity were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Entity, as the Receiver deems necessary and appropriate. The Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement

11

[~~PROPOSED~~] ORDER
APPT. RECEIVER.

of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection

of debts, and such other relief from this Court as may be necessary to enforce this Order. The

Receiver should provide prior notice to Counsel for the Commission before commencing

investigations and/or actions.

      30.     The Receiver hereby holds, and is therefore empowered to waive, all privileges,

including the attorney-client privilege, held by the Receivership Entity.

      31.     The receiver has a continuing duty to ensure that there are no conflicts of interest

between the Receiver, his Retained Personnel (as that term is defined below), and the

Receivership Entity.

### XII. <u>Bankruptcy Filing</u>

      32.     The Receiver may seek authorization of this Court to file voluntary petitions for

relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership

Entity. If a Receivership Entity is placed in bankruptcy proceedings, the Receiver may become,

and may be empowered to operate each of the Receivership Estates as, a debtor in possession. In

such a situation, the Receiver shall have all of the powers and duties as provided a debtor in

possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant

to Paragraph 4 above, the Receiver is vested with management authority for all entity

Receivership Entity and may therefore file and manage a Chapter 11 petition.

      33.     The provisions of Section IX above bar any person or entity, other than the

Receiver, from placing any of the Receivership Entity in bankruptcy proceedings.

### XIII. <u>Liability of Receiver</u>

      34.     Until further Order of this Court, the Receiver shall not be required to post bond

or give an undertaking of any type in connection with his fiduciary obligations in this matter.

      35.     The Receiver and his agents, acting within scope of such agency ("Retained

Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall

not be liable to anyone for their own good faith compliance with any order, rule, law, judgment,

12

[~~PROPOSED~~] ORDER
APPT. RECEIVER.

or decree.  In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

36.    This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

37.    In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor.  The Receiver shall then follow such instructions as the Court may provide.

### XIV.  Recommendations and Reports

38.    The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

39.    Within thirty (30) days after the end of the first full calendar quarter occurring after entry of this order, the Receiver shall serve and file with the Court a verified report and petition for instructions.  The report and petition must contain a summary of the operations of the Receiver, an inventory of the assets and an estimated range of their appraised value, a schedule of all receipts and disbursements, and a list of all creditors, their addresses and the amounts of their claims according to the books and records of the Receivership Entity.  Such report shall not establish any presumption(s) regarding distribution of the Receivership Property.  The petition must contain the Receiver's recommendation as to the continuance of the Receivership and reason therefor.

40.    Within thirty (30) days after the end of the first full calendar quarter occurring after entry of this order and each calendar quarter thereafter, the Receiver shall file and serve a

[~~PROPOSED~~] ORDER
APPT. RECEIVER.

full report and accounting of each Receivership Entity (the "Quarterly Status Report"), reflecting

(to the best of the Receiver's knowledge as of the period covered by the report) the existence,

value, and location of all Receivership Property, and of the extent of liabilities, both those

claimed to exist by others and those the Receiver believes to be legal obligations of the

Receivership Entity.

41.     The Quarterly Status Report shall contain the following:

A.     A summary of the operations of the Receiver;

B.     The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C.     A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D.     A description of all known Receivership Property, including anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.     A description of liquidated and unliquidated claims held by the Receivership Entity, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.     A list of all known creditors with their addresses and the amounts of their claims according to the books and records of the Receivership Entity;

G.     The status of litigation brought by the Receivership Estate after such proceedings have been commenced; and,

H.     The Receiver's recommendations for a continuation or discontinuation of the Receivership and the reasons for the recommendations.

42.     On the request of the Commission, the Receiver shall provide the Commission

with any documentation that the Commission deems necessary to meet its reporting

requirements, that is mandated by statute or Congress, or that is otherwise necessary to further

the Commission's mission.

### XV.  Fees, Expenses and Accountings

14

[~~PROPOSED~~] ORDER
APPT. RECEIVER.

43.    Subject to Paragraphs 44 – 50 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership funds for expenses in the ordinary course of the administration and operation of the Receivership.  Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

44.    Subject to Paragraph 45 immediately below, the Receiver is authorized to solicit professional persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order.  The Receiver shall not engage any Retained Personnel, other than those appointed pursuant to Paragraph 1 above, without first obtaining an Order of the Court authorizing such engagement, which authorization can be granted *nunc pro tunc* at the discretion of the court.

45.    The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior approval of the Court.

46.    Within sixty (60) days after the end of the first full calendar quarter occurring after the entry of this order, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Entity (the "Quarterly Fee Applications").  At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the Commission a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by the Commission staff.

47.    All Quarterly Fee Applications will be interim and will be subject to final reviews at the close of the Receivership.  At the close of the Receivership, the Receiver will file a final fee application.

48.    Quarterly Fee Applications may be subject to a holdback in the amount of 20% of

15

[~~PROPOSED~~] ORDER
APPT. RECEIVER.

the amount of fees, for each application filed with the Court. Such holdback amounts shall not include out-of-pocket expenses of the Receiver and Retained Personnel. The total amounts held back during the course of the Receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the Receivership.

49.     Each Quarterly Fee Application shall:

A.      Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B.      Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof, except that the Receiver's fees shall be paid to FTI.

50.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by the Commission staff, as well as the Receiver's final application for compensation and expense reimbursement.

IT IS SO ORDERED.

DATED this 14th day of April , 2016

United States Magistrate Judge

16

[PROPOSED] ORDER
APPT. RECEIVER.

EXHIBIT A

| | | | |
|---|---|---|---|
| 1 | Aequitas Enterprise Services, LLC | 27 | Aequitas Capital Opportunities Fund, LP |
| 2 | Aequitas Hybrid Fund, LLC | 28 | Aequitas Capital Opportunities GP, LLC |
| 3 | Aequitas Income Opportunity Fund II, LLC | 29 | ACC Holdings 5, LLC |
| 4 | Aequitas Private Client Fund, LLC | 30 | ACC Funding Series Trust 2015-5 |
| 5 | Aequitas Income Opportunity Fund, LLC | 31 | Aequitas Corporate Lending, LLC |
| 6 | Aequitas ETC Founders Fund, LLC | 32 | Aequitas Wealth Management, LLC |
| 7 | Aequitas Enhanced Income Fund, LLC | 33 | Aequitas Wealth Management Partner Fund, LLC |
| 8 | Aequitas WRFF I, LLC | 34 | Hickory Growth Partners, LLC |
| 9 | Aequitas Income Protection Fund, LLC | 35 | Aspen Grove Equity Solutions, LLC |
| 10 | Aequitas EIF Debt Fund, LLC | 36 | Aequitas International Holdings, LLC |
| 11 | ACC C Plus Holdings, LLC | 37 | Aequitas Asset Management Oregon, LLC |
| 12 | ACC Holdings 2, LLC | 38 | AAM Fund Investment, LLC |
| 13 | ACC Funding Trust 2014-2 | 39 | Aequitas Senior Housing Operations, LLC |
| 14 | Aequitas Peer-To-Peer Funding, LLC | 40 | Executive Citation, LLC |
| 15 | CarePayment Holdings, LLC | 41 | Executive Falcon, LLC |
| 16 | CarePayment, LLC | 42 | APF Holdings, LLC |
| 17 | CP Funding I Holdings, LLC | 43 | Aequitas Partner Fund, LLC |
| 18 | Campus Student Funding, LLC | | |
| 19 | ACC F Plus Holdings, LLC | | |
| 20 | ACC Holdings 1, LLC | | |
| 21 | ACC Funding Trust 2014-1 | | |
| 22 | ML Financial Holdings, LLC | | |
| 23 | Motolease Financial, LLC | | |
| 24 | Unigo Student Funding, LLC | | |
| 25 | The Hill Land, LLC | | |
| 26 | Aequitas Senior Housing, LLC | | |

**EXHIBIT B**

| 1 | CarePayment Technologies, Inc |
|---|---|
| 2 | EDPlus Holdings, LLC |
| 3 | Marketing Services Platform, Inc. |
| 4 | Ivey Performance Marketing, LLC |
| 5 | Gridbox Media, LLC |
| 6 | Skagit Gardens, Inc. |
| 7 | Syncronex, LLC |
| 8 | Aequitas International Opportunities, LP |
| 9 | CP Funding I Trust |