**Troy D. Greenfield,** OSB #892534
Email: tgreenfield@schwabe.com
**Joel A. Parker,** OSB #001633
Email: jparker@schwabe.com
**Jeffrey S. Eden,** OSB #851903
Email: jeden@schwabe.com
**Alex I. Poust,** OSB #925155
Email: apoust@schwabe.com
**Lawrence R. Ream** (Admitted *Pro Hac Vice*)
Email: lream@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Ivan B. Knauer** (Admitted *Pro Hac Vice*)
Email: knaueri@pepperlaw.com
**Brian M. Nichilo** (Admitted *Pro Hac Vice*)
Email: nichilob@pepperlaw.com
Pepper Hamilton, LLP
600 14th Street, NW, Suite 500
Washington, DC 20005
Telephone: 202. 220.1219
Facsimile: 202. 220.1665

Attorneys for the Receiver for Defendants
AEQUITAS MANAGEMENT, LLC; AEQUITAS HOLDINGS,
LLC; AEQUITAS COMMERCIAL FINANCE, LLC; AEQUITAS
CAPITAL MANAGEMENT, INC.; AEQUITAS INVESTMENT
MANAGEMENT, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff, | No. 3:16-cv-00438-PK<br><br>DECLARATION OF RONALD F. GREENSPAN IN SUPPORT OF RECEIVER'S MOTION FOR ORDERS: (1) |

Page 1 - DECLARATION OF RONALD F. GREENSPAN

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\AP\19585686.4

|  |  |
|---|---|
| v.<br><br>AEQUITAS MANAGEMENT, LLC;<br>AEQUITAS HOLDINGS, LLC;<br>AEQUITAS COMMERCIAL FINANCE,<br>LLC; AEQUITAS CAPITAL<br>MANAGEMENT, INC.; AEQUITAS<br>INVESTMENT MANAGEMENT, LLC;<br>ROBERT J. JESENIK, BRIAN A. OLIVER;<br>and N. SCOTT GILLIS,<br><br>            Defendants. | SCHEDULING HEARING TO APPROVE SALE OF ASSETS; (2) APPROVING CEDAR SPRINGS CAPITAL AS STALKING HORSE BIDDER; (3) APPROVING BREAK-UP FEE; (4) APPROVING BIDDING PROCEDURES; and (5) APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS<br>(CCM Capital Opportunities Fund, LP) |

I, Ronald F. Greenspan, declare as follows:

1.      I am the duly appointed receiver ("Receiver") for the Receivership Entity. I make this declaration in support of the Receiver's Motion for Orders: (1) Scheduling Hearing to Approve Sale of Assets; (2) Approving Cedar Springs Capital as Stalking Horse Bidder; (3) Approving Break-Up Fee; (4) Approving Bidding Procedures; and (5) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests (CCM Capital Opportunities Fund, LP) (the "Motion").[1]

2.      On March 16, 2016, pursuant to the Stipulated Interim Order Appointing Receiver, I was appointed as receiver for the Receivership Entity on an interim basis ("Interim Receivership Order"). [Dkt. 30]. On April 14, 2016, pursuant to the Final Receivership Order, I was appointed as receiver of the Receivership Entity on a final basis (the "Final Receivership Order") [Dkt. 156]. The five entity defendants and the 43 related entities are known as the Receivership Entity.

3.      Pursuant to the Interim Receivership Order and the Final Receivership Order I have, among other things, undertaken to determine the nature, location and value of all

---

[1] Capitalized terms not otherwise defined in this declaration shall have the meanings ascribed to them in the Motion.

Page 2 -   DECLARATION OF RONALD F. GREENSPAN

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\AP\19585686.4

Receivership Property. Receivership Property includes 69.04% of the limited and general partnership interests in CCM Capital Opportunities Fund, LP ("CCM"), f/k/a Aequitas Capital Opportunities Fund, LP (the "CCM Interests"). The CCM Interests are held by Receivership Entities as follows:

| Receivership Entity | Percentage Ownership in CCM |
| --- | --- |
| Aequitas Commercial Finance, LLC | 51.90% |
| Aequitas Private Client Fund, LLC | 12.50% |
| Aequitas Holdings, LLC | 3.64% |
| Aequitas Capital Opportunities GP, LLC | 1.00% |
| **Total:** | **69.04%** |

4. Notes. Receivership Property also includes that certain Promissory Note issued pursuant to a Business Loan Agreement dated as of September 29, 2011, between Aequitas Commercial Finance, LLC ("ACF"), as lender, and CarePayment Technologies, Inc. ("CarePayment"), as borrower. Aequitas Corporate Lending, LLC, is the successor in interest to ACF's interests in the Promissory Note and Business Loan Agreement. On information and belief, the approximate balance owing on the Notes is the principal amount of $3,483,723 plus accrued and unpaid interest of $350,000.

5. CCM is a $102 million fund formed to make control and minority investments in small to middle-market financial services companies. Affiliates of Aequitas Capital Opportunities GP, LLC (the General Partner and together with its affiliates, "Aequitas") committed $69.6 million to CCM via the contribution of equity in five companies operating in the healthcare, education, and financial services/technology industries. Aequitas contributed equity in a sixth company to CCM after its formation and CCM has made direct investments in two additional companies.

6. On behalf of each of Aequitas Private Client Fund, LLC, Aequitas Holdings,

Page 3 -    DECLARATION OF RONALD F. GREENSPAN

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\AP\19585686.4

LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Opportunities GP, LLC, and Aequitas Corporate Lending, LLC (collectively, the "Seller"), I have signed an Amended and Restated Agreement of Purchase and Sale dated as of December 7, 2016 (the "Purchase and Sale Agreement"), with Cedar Springs Special Opportunities IV, LP, and CSC Spec Opps IV GP, LLC (together, the "Stalking Horse Bidder" or "Buyer"), which provides the terms for sale ("Sale") of the CCM Interests, the Notes and other property (together, the "Property") as defined in the Purchase and Sale Agreement).  A true copy of the Purchase and Sale Agreement, with confidential and proprietary information omitted, is attached as Exhibit 1.

7.  Prior to negotiating the Purchase and Sale Agreement, I previously sought this Court's approval to sell the CCM Interests, but excluding CCM's ownership interests in CarePayment (the "Stub Portfolio Sale").  On October 31, 2016, following an auction, this Court entered an Order Granting Receiver's Motion to Sell Personal Property Free and Clear of Liens, Interests, Claims and Encumbrances (the "Stub Portfolio Sale Order") to Cedar Springs Capital, LLC and Cedar Springs Special Opportunities, LLC (together, "Cedar Springs"). [Dkt. 283].

8.  The sale approved pursuant to the Stub Portfolio Sale Order has not closed. Pursuant to the Agreement of Purchase and Sale approved by the Stub Portfolio Sale Order, the initial closing deadline was November 30, 2016, unless extended by the parties.  That deadline was extended by mutual agreement to midnight Pacific time, on December 7, 2016.  The closing deadline was made subject to further extension if the Receiver and Cedar Springs agreed to include CarePayment in the transaction.[2]  The parties have now reached such an agreement.

9.  The Purchase and Sale Agreement is the result of multiple months of marketing and negotiation to sell the CCM Interests, including CCM's interests in CarePayment, as well as the competitive bidding and auction procedures that resulted in the Stub Portfolio Sale Order. By the Motion, I seek authority to implement similar bidding and auction procedures to ensure

---

[2] Stub Portfolio Sale Order, ¶ 1(k). [Dkt. 283, at p. 12].

Page 4 -   DECLARATION OF RONALD F. GREENSPAN

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\AP\19585686.4

that the Receivership Entity will obtain the best return possible for the Property. Therefore I request that the Court enter a Bid Procedures Order approving the procedures (the "Bidding Procedures") in connection with the Purchase and Sale Agreement and the proposed Sale to the Stalking Horse Bidder. The Bidding Procedures are detailed in the proposed Bid Procedures Order submitted herewith.

10. Pursuant to the Purchase and Sale Agreement, the material terms of the Sale will include the following:

(a) <u>Property to be Sold</u>: Property (as defined in the Purchase and Sale Agreement), including all of the CCM Interests (including CCM's interests in CarePayment) and the Notes.

(b) <u>Owners of the CCM Interests</u>:

| Receivership Entity | Percentage Ownership in CCM |
|---|---|
| Aequitas Commercial Finance, LLC | 51.90% |
| Aequitas Private Client, LLC | 12.50% |
| Aequitas Holdings, LLC | 3.64% |
| Aequitas Capital Opportunities GP, LLC | 1.00% |
| **Total:** | **69.04%** |

(c) <u>Purchase Price</u>: $52,000,000.00, in cash at closing, as set forth in the Purchase and Sale Agreement.

(d) <u>Principal Conditions to Buyer's Obligation to Close</u>: The conditions to the Buyer's obligation to close the Sale are set forth in Section 9 of the Purchase and Sale Agreement.

(e) <u>Buyer</u>: Cedar Springs Special Opportunities IV, LP, and CSC Spec Opps IV GP, LLC, or one or more of their affiliates.

Page 5 -    DECLARATION OF RONALD F. GREENSPAN

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\AP\19585686.4

(f) <u>Buyer's Relation to Receivership Entity or Receiver</u>: None.

(g) <u>Higher and Better Offers</u>. The Purchase and Sale Agreement will be subject to the submission by third parties of higher or better offers as set forth in the Bid Procedures Order. In order for other bidders to submit a Qualified Alternative Bid the bid must, among other requirements, be an all cash offer that is not less than $3,000,000 more than the Stalking Horse Bidder's offer. The $3,000,000 minimum overbid includes payment of the break-up fee of $2,000,000 (the "<u>Break-Up Fee</u>"), and therefore will still yield not less than $1,000,000 in additional net sale proceeds for the Receivership Entity.

(h) <u>Closing Deadline</u>: The earlier of (i) January 18, 2017, or (ii) seven (7) business days following the date of entry of the Final Sale Order, except if the Final Sale Order is entered prior to January 18, 2017, and there is an appeal or request for reconsideration, the Closing Deadline will be on the earlier of (x) three (3) business days following the date that the Final Sale Order is not subject to modification or reversal on appeal or (y) February 1, 2017.

(i) The Stalking Horse Bidder's offer is not subject to any finance or due diligence conditions.

(j) Limited representations and warranties, with standard covenants, indemnities and closing conditions for the purchase and assumption of the Property.

11. The Purchase Price represents fair value for the Property. The proposed Sale delivers substantial value to the Receivership Entity, and its creditors and equity owners, including:

Page 6 -   DECLARATION OF RONALD F. GREENSPAN

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\AP\19585686.4

(a) Recovery of approximately $52,000,000 for the Receivership Entity and its stakeholders;

(b) Substantial savings in not incurring the costs of an investment banker nor the myriad transaction costs from selling individually the assets owned by CCM; and

(c) The auction and overbid component of the proposed Sale ensure that the $52,000,000 being obtained at closing for the Property is a market-tested value. If competitive bids are received, the benefit to the Receivership Entity and its creditors and investors will only increase.

12. The Sale is also beneficial to non-Receivership Entity investors as follows:

(a) Buyer will offer non-Receivership Entity investors the opportunity to simultaneously monetize their CCM interests on the same terms that are being offered to Seller pursuant to the Purchase and Sale Agreement; and

(b) Buyer will offer non-Receivership Entity investors the opportunity to participate in the Follow-on Financing.

13. The negotiations over the terms of the Sale were arm's-length and will be subject to the competitive process outlined above. I and my representatives participated personally in those negotiations. I believe that Buyer has at all times acted in good faith in connection with the sales process. The Purchase and Sale Agreement was proposed and negotiated in good faith after arm's-length bargaining by the parties. The negotiation of the Purchase and Sale Agreement was extensive and protracted. All of the material terms of the proposed Sale are disclosed. No side agreements exist between or among any party to the transaction, and there is no relationship between the Seller and Buyer.

14. The SEC was notified of the intended sale and terms, and does not object to the proposed Sale and Bidding Procedures.

Page 7 -   DECLARATION OF RONALD F. GREENSPAN

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\AP\19585686.4

15. Pursuant to the Final Receivership Order, the Sale of the Property shall be free and clear of any and all Liens. In connection with the closing of the Sale and the satisfaction of the conditions contemplated therein, all Liens as of the date of the closing of the Sale, shall be released as against the Property, and shall attach to the proceeds of Sale to the same extent, validity, and priority as they attached to the Property.

16. To the best of the Receiver's knowledge, after diligent investigation, there are no Liens against the Property other than the following:

    (a) Terrell Group Management, LLC, claims a security interest in substantially all of the personal property of Aequitas Corporate Lending, LLC ("ACL"), including ACL's loans to CarePayment, as collateral for its loans to ACL;

    (b) LeaseDimensions, Inc., as Collateral Agent for Aequitas Commercial Finance Private Note Investors, claims a security interest in substantially all of the personal property of Aequitas Commercial Finance, LLC.

    (c) LeaseDimensions, Inc., as Collateral Agent for Aequitas Private Client Fund Investors, claims a security interest in substantially all of the personal property of Aequitas Private Client Fund, LLC; and

    (d) Aequitas Commercial Finance, LLC, claims a security interest in substantially all of the personal property of Aequitas Holdings, LLC.

17. The proposed Bidding Procedures are in the best interest of the Receivership Entity, and its creditors and investors. The Bidding Procedures are designed to strike a balance between inviting competing bids and enabling the Receiver to close a sale with the Stalking Horse Bidder within a reasonable time frame.

18. The proposed Break-Up Fee ($2,000,000) is approximately 3.84% of the Purchase Price, and falls within a customary range for such fees.

Page 8 -    DECLARATION OF RONALD F. GREENSPAN

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\AP\19585686.4

19.   In addition, the Break-Up Fee is supported by Buyer incurring and paying the legal and business expenses associated with the significant negotiating and drafting efforts to reach the Purchase and Sale Agreement, and additional expenses will be incurred to finalize the Purchase and Sale Agreement. Buyer also communicated in the negotiation process that it was not willing to move forward with negotiations if a break-up fee was not part of the agreement.

20.   Here, the Break-Up Fee was an integral part of the Stalking Horse Bidder's offer. In fact, the Stalking Horse Bidder's offer to purchase the Property was and remains conditioned on the Court's approval of the Break-Up Fee. I submit that the Stalking Horse Bidder should be reasonably reimbursed for its willingness to assume the role of the "stalking horse" as it is the only party ready and willing to serve in such role for all of the interests in CCM, including CarePayment. Accordingly, I respectfully submit that this Court should authorize and approve the Bidding Procedures, including the Break-Up Fee.

21.   The Bidding Procedures are fair, reasonable and necessary to promote the highest and best sale price, without imposing undue obstacles to the competitive bid process. Further, a receiver often employs bidding protections in order to encourage the making of an original offer subject to higher and/or better offers and ultimately to increase value.

22.   CarePayment, as Lender, and CarePayment Holdings, LLC ("CP Holdings"), as Borrower, are parties to a Business Loan Agreement dated effective as of February 22, 2016, as amended on February 26, 2016 (the "CP Holdings Loan"). CP Holdings is part of the Receivership Entity. The records and files of the Receivership Entity reflect that the pre-receivership balance owing on the CP Holdings Loan is the amount of $775,000, exclusive of

\ \ \

\ \ \

\ \ \

Page 9 -   DECLARATION OF RONALD F. GREENSPAN

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\AP\19585686.4

accrued interest and other charges. In the exercise of my business judgment, I believe that it is in the best interests of the Receivership Entity to repay the CP Holdings Loan.

**I declare under penalty of perjury under the laws of the state of Oregon that the foregoing statements and those contained in the attached exhibits, are true and correct to the best of my knowledge, information and belief.**

Dated this 16th day of December, 2016.

*/s/ Ronald Greenspan*
Ronald F. Greenspan, Receiver

Page 10 -   DECLARATION OF RONALD F. GREENSPAN

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\AP\19585686.4