**Troy D. Greenfield,** OSB #892534
Email: tgreenfield@schwabe.com
**Joel A. Parker,** OSB #001633
Email: jparker@schwabe.com
**Jeffrey S. Eden,** OSB #851903
Email: jeden@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Ivan B. Knauer** (Admitted *Pro Hac Vice*)
Email: knaueri@pepperlaw.com
**Brian M. Nichilo** (Admitted *Pro Hac Vice*)
Email: nichilob@pepperlaw.com
Pepper Hamilton, LLP
600 14th Street, NW, Suite 500
Washington, DC  20005
Telephone: 202. 220.1219
Facsimile: 202. 220.1665

Attorneys for the Receiver for Defendants
AEQUITAS MANAGEMENT, LLC; AEQUITAS HOLDINGS, LLC; AEQUITAS COMMERCIAL FINANCE, LLC; AEQUITAS CAPITAL MANAGEMENT, INC.; AEQUITAS INVESTMENT MANAGEMENT, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AEQUITAS MANAGEMENT, LLC; AEQUITAS HOLDINGS, LLC; | No. 3:16-cv-00438-PK<br><br>[**PROPOSED**] ORDER GRANTING RECEIVER'S MOTION (1) FOR APPROVAL OF BIDDING PROCEDURES, BREAK-UP FEE, AND CEDAR SPRINGS CAPITAL AS STALKING HORSE BIDDER, and (2) TO SCHEDULE FINAL SALE HEARING |

Page 1 -   [**PROPOSED**] ORDER GRANTING RECEIVER'S MOTION (1) FOR APPROVAL OF BIDDING PROCEDURES, BREAK-UP FEE, AND CEDAR SPRINGS CAPITAL AS STALKING HORSE BIDDER, and (2) TO SCHEDULE FINAL SALE HEARING
PDX\129912\215141\AP\19475815.6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

| | |
|---|---|
| AEQUITAS COMMERCIAL FINANCE, LLC; AEQUITAS CAPITAL MANAGEMENT, INC.; AEQUITAS INVESTMENT MANAGEMENT, LLC; ROBERT J. JESENIK, BRIAN A. OLIVER; and N. SCOTT GILLIS,<br><br>                Defendants. | |

This matter having come before the Honorable Paul Papak on Receiver's Motion for Orders: (1) Scheduling Hearing to Approve Sale of Assets; (2) Approving Cedar Springs Capital as Stalking Horse Bidder; (3) Approving Break-Up Fee; (4) Approving Bidding Procedures; and (5) Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests (CCM Capital Opportunities Fund, LP) (the "Motion") [Dkt. 323], on the terms set forth in the Purchase and Sale Agreement, and the Court, having given all counsel an opportunity to oppose the Motion and being fully advised in the premises, now, therefore,

THE COURT FINDS as follows:

A.      On March 10, 2016, the Securities and Exchange Commission ("SEC") filed a complaint in this Court against the five entity defendants and three individual defendants, Robert J. Jesenik, Brian A. Oliver, and N. Scott Gillis.

B.      On March 16, 2016, pursuant to the Stipulated Interim Order Appointing Receiver, the Receiver was appointed as receiver for the Receivership Entity[1] on an interim basis. On April 14, 2016, pursuant to the Order Appointing Receiver, the Receiver was appointed as receiver of the Receivership Entity on a final basis.

\ \ \

\ \ \

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

Page 2 -    [PROPOSED] ORDER GRANTING RECEIVER'S MOTION (1) FOR APPROVAL OF BIDDING PROCEDURES, BREAK-UP FEE, AND CEDAR SPRINGS CAPITAL AS STALKING HORSE BIDDER, and (2) TO SCHEDULE FINAL SALE HEARING
PDX\129912\215141\AP\19475815.6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

C. Due, timely, and adequate notice of the Motion was given, and such notice was good, sufficient, and appropriate under the circumstances. No other or further notice of the Motion is or shall be required.

D. The Court having reviewed the Motion, and having considered the presentations of counsel, and having considered any objections filed to the Motion, and it appearing that the relief sought in the Motion is in the best interest of the Receivership Entity and its estate, and for good cause shown,

IT IS HEREBY ORDERED AND DECREED as follows.

1. Cedar Springs Special Opportunities IV, LP, and CSC Spec Opps IV GP, LLC, are approved as the "Stalking Horse Bidder," per the terms set forth in the Purchase and Sale Agreement.

2. The Bidding Procedures are approved in their entirety. The Bidding Procedures are attached and incorporated at Exhibit 1.

3. The Break-Up Fee is deemed reasonable and is hereby approved.

4. The deadline to file objections to the Motion or entry of the Final Sale Order is January ___, 2017 (the "Objection Deadline").

5. The Final Hearing to approve the Sale, including a sale to a Successful Bidder, is hereby scheduled for January ___, 2017, at _____ __.m. (Pacific time).

6. All objections to the relief granted in this Motion that have not been withdrawn, waived, settled, or expressly reserved pursuant to the terms of this Order are hereby overruled.

7. This Court shall retain jurisdiction over any issues relating to the Motion and to enforce this Order.

\ \ \

\ \ \

\ \ \

Page 3 -   [**PROPOSED**] ORDER GRANTING RECEIVER'S MOTION (1) FOR APPROVAL OF BIDDING PROCEDURES, BREAK-UP FEE, AND CEDAR SPRINGS CAPITAL AS STALKING HORSE BIDDER, and (2) TO SCHEDULE FINAL SALE HEARING

PDX\129912\215141\AP\19475815.6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

8. This Order shall be binding in all respects on the Receiver, the LP Sellers, the GP Sellers, the Lender, the Stalking Horse Bidder, all creditors and interest holders of the Receivership Entity, and their successors and assigns.

Dated this _____ day of _____, 2016.

_____
United States Magistrate Judge Paul Papak

SUBMITTED BY:

SCHWABE, WILLIAMSON & WYATT, P.C.

By:   /s/ Alex I. Poust
    Troy D. Greenfield, OSB #892534
    tgreenfield@schwabe.com
    Joel A. Parker, OSB #001633
    jparker@schwabe.com
    Alex I. Poust, OSB #925155
    apoust@schwabe.com
    Telephone: 503.222.9981
    Facsimile: 503.796.2900

    Ivan B. Knauer (Admitted *Pro Hac Vice*)
    knaueri@pepperlaw.com
    Brian M. Nichilo (Admitted *Pro Hac Vice)*
    nichilob@pepperlaw.com
    PEPPER HAMILTON LLP
    600 Fourteenth Street, N.W.
    Washington, DC 2005
    Tel: (202) 220-1665

    Attorneys for the Receiver for Defendants
    Aequitas Management, LLC, Aequitas
    Holdings, LLC, Aequitas Commercial Finance,
    LLC, Aequitas Capital Management, Inc., and
    Aequitas Investment Management, LLC

Page 4 -   [**PROPOSED**] ORDER GRANTING RECEIVER'S MOTION (1) FOR APPROVAL OF BIDDING PROCEDURES, BREAK-UP FEE, AND CEDAR SPRINGS CAPITAL AS STALKING HORSE BIDDER, and (2) TO SCHEDULE FINAL SALE HEARING
PDX\129912\215141\AP\19475815.6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

# EXHIBIT 1

<u>BIDDING PROCEDURES</u>

1.  The Receiver[1] shall be entitled to solicit additional offers for the Property from prospective bidders (each, an "<u>Alternative Bid</u>") for fourteen (14) calendar days following the date of entry of the Bid Procedures Order (the "<u>Notice Period</u>") and, subject to the receipt from the prospective bidders of appropriate confidentiality agreements, provide necessary and requested due diligence to such prospective bidders. The following terms and procedures shall govern the submission of Alternative Bids for the Property:

(i) <u>Alternative Bid Deadline</u>. Each Alternative Bid must be provided to the Receiver not later than 12:00 Noon Pacific Time on the date that the Notice Period expires (the "<u>Bid Deadline</u>").

(ii) <u>Qualified Alternative Bid</u>. The Receiver will consider an Alternative Bid only if the Alternative Bid is a "<u>Qualified Alternative Bid</u>." Without limiting or altering the terms of the Purchase and Sale Agreement, to be a Qualified Alternative Bid, an Alternative Bid must:

   a.  identify the proponent of the Alternative Bid and an officer or representative who is duly authorized in all respects to appear, act on behalf of, and legally bind such proponent (an "<u>Authorized Representative</u>");

   b.  provide for the purchase of all of the Property, and shall otherwise be on substantially the same or better terms as those set forth in the Purchase and Sale Agreement, in the Receiver's sole discretion; provided, however, that an Alternative Bid shall not provide for the payment of a break-up fee or overbid protections because no bidders other than the Stalking Horse Bidder will be entitled to receive a break-up fee and/or any reimbursement of expenses or transaction costs;

   c.  be accompanied by an executed purchase and sale agreement in the form substantially the same as the Purchase and Sale Agreement, except that the structure may be changed so long as the value

---

[1] Capitalized terms not otherwise defined in these Bidding Procedures shall have the meanings ascribed to them in the Receiver's Motion for Orders: (1) Scheduling Hearing to Approve Sale of Assets; (2) Approving Cedar Springs Capital as Stalking Horse Bidder; (3) Approving Break-Up Fee; (4) Approving Bidding Procedures; and (5) Approving The Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests. [Dkt. 323].

                delivered to the Seller is at least $55,000,000.00, payable in cash at closing, inclusive of the Break-Up Fee;

    d.    be a firm offer and not contain any contingencies other than those contained in the Purchase and Sale Agreement, to the validity, effectiveness or binding nature of the offer, including without limitation, contingencies for financing, due diligence or inspection;

    e.    be accompanied by financial information for the prospective bidder, including but not limited to financial statements including the prospective bidder's balance sheet or such other information sufficient to enable the Receiver to determine such bidder's creditworthiness and ability to pay the purchase price and close a sale; provided, however, determination that the bidder has met this qualification shall be in the sole discretion of the Receiver;

    f.    be open and irrevocable through the conclusion of the Final Hearing unless (1) extended by agreement of the parties or the terms of these Bidding Procedures, or (ii) the Qualified Alternative Bid is designated a Back-Up Bid, which shall then remain open until twenty (20) calendar days following the date that the Final Sale Order becomes a non-appealable order.

2.    If the Receiver receives one or more Qualified Alternative Bids, the Receiver shall conduct an auction (the "<u>Auction</u>") at the offices of Schwabe, Williamson & Wyatt, 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204 at 10:00 a.m. (Pacific time) on the first (1st) business day following the expiration of the Notice Period, or such later time and date and/or such other place as the Receiver shall notify all bidders who have submitted Qualified Alternative Bids (together, "<u>Qualified Alternative Bidders</u>") and the Stalking Horse Bidder. The following procedures will apply to the Auction:

    (i)    Only the following parties and their counsel shall be permitted to attend the Auction: the Stalking Horse Bidder, Qualified Alternative Bidders, and the Receiver. Only the Stalking Horse Bidder and Qualified Alternative Bidders, including through their counsel, shall be permitted to make any additional bids ("<u>Subsequent Bids</u>") at the Auction.

- (ii) All Qualified Alternative Bidders that desire to participate in the Auction shall have their Authorized Representatives physically present for all bidding each with the understanding that the true identity of each Qualified Alternative Bidder shall be fully disclosed to all other Qualified Alternative Bidders and that all material terms, including but not limited to the amount, of each bid will be fully disclosed to all other bidders throughout the entire Auction.

- (iii) The Receiver will give the Stalking Horse Bidder, all other Qualified Alternative Bidders, and their counsel a copy of the highest and best Qualified Alternative Bid received and copies of all other Qualified Alternative Bids prior to the start of the Auction. In addition, the Receiver will inform the Stalking Horse Bidder and each Qualified Alternative Bidder who has expressed its intent to participate in the Auction of the identity of all Qualified Alternative Bidders that may participate in the Auction.

- (iv) Prior to the start of the Auction the Authorized Representative of the Stalking Horse Bidder and each Qualified Alternative Bidder shall certify, in writing or on the record, as follows:

    - (a) Each bid it makes at the Auction shall, if accepted by the Receiver, constitute a binding and legally enforceable contract of the bidder to timely close a purchase of the Property according to the terms of the bid in the event an order of the Court is entered approving a sale based upon such bid.

    - (b) No bids made by the Stalking Horse Bidder or a Qualified Alternative Bidder, whether before or during the Auction, shall be subject to any conditions or contingencies related to due diligence, financing, or any other further approval other than the Authorized Representative present at the Auction.

    - (c) The Authorized Representative present for the Stalking Horse Bidder or a Qualified Alternative Bidder at the Auction has the full power and authority to act on behalf of and to legally bind the Stalking Horse Bidder or such Qualified Alternative Bidder for any bids made, and any agreements entered into at or in connection with the Auction.

    - (d) The Stalking Horse Bidder and each Qualified Alternative Bidder that participates in the Auction shall authorize the Receiver to conditionally accept such bidder's second-highest bid at the Auction as a back—up to the Successful Bid, which shall become binding upon and enforceable against such bidder in the event that the Successful Bid is approved by the Court, but such Successful

Bidder fails or otherwise refuses to close its purchase of the Property for any reason other than a material failure of performance by the Seller.

(e) That the Stalking Horse Bidder and each Qualified Alternative Bidder has at all times proceeded in good faith in submitting its bids, and has not engaged in any collusion with any other person or bidder with respect to the Auction and related proceedings.

3. The Receiver shall have reasonable discretion with respect to the conduct of the Auction. Among other things, the Receiver may announce at the Auction additional procedural rules that he determines to be reasonable under the circumstances (e.g. the amount of time allotted to make subsequent alternative bids) for conducting the Auction so long as such additional rules are not materially inconsistent with these Bidding Procedures and the terms, deadlines, and intent of the Purchase and Sale Agreement.

(i) At the Auction, bidding shall begin with the highest and best Qualified Alternative Bid (the "Initial Overbidder"). The Receiver will identify the Initial Overbidder at the beginning of the Auction. Any subsequent bids must be at least $250,000 more than the immediately preceding bid and each such increment (including the initial increment over the Purchase Price) must be payable in cash ("Minimum Subsequent Overbid Amount"). In any of its subsequent bids, the Stalking Horse Bidder shall be entitled to credit bid up to the sum of the Break-Up Fee, provided that the Stalking Horse Bidder shall recover the sum of the Break-Up Fee directly from, and only from, the cash paid by the Successful Bidder in the event that the Court enters a sale order authorizing a sale of the Property to a buyer other than the Stalking Horse Bidder.

(ii) The Auction, at the discretion of the Receiver, shall be recorded by stenographer or other reliable means of preserving the record of the Auction proceedings, and shall continue in one or more rounds of "open cry," or publically announced bidding and shall conclude after each participating bidder has had the opportunity, within any time period specified by the Receiver, to submit an additional Subsequent Bid with full knowledge of the then-existing highest bid.

(iii) For the purpose of evaluating the value of the consideration provided by each Subsequent Bid (including any Subsequent Bid by the Stalking Horse Bidder), the value shall be the net cash consideration payable to the Seller after giving effect to the Break-Up Fee that may be payable to the Stalking

            Horse Bidder under the Purchase and Sale Agreement and the Bid Procedures Order.

(iv)   At the conclusion of the bidding, the Receiver shall announce his determination (pursuant to the following paragraph) as to the bidder (the "<u>Successful Bidder</u>") submitting the highest and best bid (the "<u>Successful Bid</u>"), which shall be submitted to the Court for approval at the Final Hearing. The Stalking Horse Bidder shall be deemed a party-in-interest with standing to appear and be heard in connection with any motions, objections, hearings, or other proceedings related to the Motion, the Purchase and Sale Agreement, the Auction, and any Qualified Alternative Bid, Subsequent Bid, or the Successful Bid.

(v)   In determining the Successful Bid to submit to the Court for approval, the Receiver, in his sole discretion and in consultation with his professionals, shall determine whether a Qualified Alternative Bid constitutes a higher and better offer than the bid of the Stalking Horse Bidder. In making that determination, the Receiver may consider any and all factors associated with all Qualified Alternative Bids and Qualified Alternative Bidders, including but not limited to factors such as the likelihood and ability of the proposed buyer(s) to immediately consummate and close the proposed transactions, other timing issues, employment issues, overall value of the Qualified Alternative Bids, and any other material factors.

(vi)   The Court has set a deadline in the Bid Procedures Order for filing objections to the Motion or entry of the Final Sale Order (the "<u>Objection Deadline</u>"). Any objections to the Motion or entry of the Final Sale Order that are not filed with the Court by the Objection Deadline shall be deemed irrevocably waived and withdrawn.

(vii)   If the Receiver does not timely receive any Qualified Alternative Bids, the Receiver shall forthwith cancel the Auction and promptly present the Final Sale Order for entry by the Court at the Final Hearing.

(viii)   If, following the entry of the Final Sale Order approving a sale to the Successful Bidder, such Successful Bidder fails or otherwise refuses to consummate such sale, then the next highest or best bid shall be deemed as the back-up bid (the "<u>Back-Up Bid</u>" and, such bidder, the "<u>Back-Up Bidder</u>") and the Seller will be obligated to effectuate a sale to the Back-Up Bidder subject to the terms of the Back-Up Bid without further order of the Court. The Back-Up Bid shall remain open until twenty (20) calendar days following the date that the Final Sale Order becomes a non-appealable order. All Qualified Alternative Bids (other than the Successful Bid and the Back-Up Bid) shall be deemed rejected by the Receiver on and as of the date of entry of the Final Sale Order by the Court.

5 – BIDDING PROCEDURES
PDX\129912\215141\AP\19476303.6