**Troy D. Greenfield,** OSB #892534
Email: tgreenfield@schwabe.com
**Joel A. Parker,** OSB #001633
Email: jparker@schwabe.com
**Jeffrey S. Eden,** OSB #851903
Email: jeden@schwabe.com
**Alex I. Poust,** OSB #925155
Email: apoust@schwabe.com
**Lawrence R. Ream** (Admitted *Pro Hac Vice*)
Email: lream@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900


**Ivan B. Knauer** (Admitted *Pro Hac Vice*)
Email: knaueri@pepperlaw.com
**Brian M. Nichilo** (Admitted *Pro Hac Vice*)
Email: nichilob@pepperlaw.com
Pepper Hamilton, LLP
600 14th Street, NW, Suite 500
Washington, DC  20005
Telephone: 202. 220.1219
Facsimile: 202. 220.1665


Attorneys for the Receiver for Defendants
AEQUITAS MANAGEMENT, LLC; AEQUITAS HOLDINGS,
LLC; AEQUITAS COMMERCIAL FINANCE, LLC; AEQUITAS
CAPITAL MANAGEMENT, INC.; AEQUITAS INVESTMENT
MANAGEMENT, LLC

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

#### PORTLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 3:16-cv-00438-PK |
| Plaintiff, | **RECEIVER'S AMENDED OPPOSITION TO ENVISO CAPITAL'S MOTION FOR RELIEF FROM STAY** |
| v. | |

Page 1 -    RECEIVER'S AMENDED OPPOSITION TO ENVISO
CAPITAL'S MOTION FOR RELIEF FROM STAY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

| AEQUITAS MANAGEMENT, LLC; AEQUITAS HOLDINGS, LLC; AEQUITAS COMMERCIAL FINANCE, LLC; AEQUITAS CAPITAL MANAGEMENT, INC.; AEQUITAS INVESTMENT MANAGEMENT, LLC; ROBERT J. JESENIK, BRIAN A. OLIVER; and N. SCOTT GILLIS, | Request for Oral Argument |
| Defendants. | |

## I.    INTRODUCTION AND SUMMARY OF OPPOSITION

The Receiver respectfully submits the following amended opposition to the Motion to Lift Stay ("Motion") [Dkt. 327] filed by Enviso Capital ("Enviso"). The Motion should be denied on both procedural and substantive grounds. First, the Motion does not contain the certification required by LR7-1(a) and, as a result, the Motion should be denied. LR 7-1(a)(3). Enviso did not confer with counsel for the Receiver[1] prior to filing the Motion, as required by LR 7-1.[2]

Substantively, Enviso wrongly claims that no Aequitas entity owns any portion of Private Advisory Group ("PAG"). As detailed below and as previously disclosed in the Receiver's reports to this Court, the Receivership Entity holds a 68.23% interest PAG; an interest that the Receiver will seek to monetize for the benefit of the Receivership Entity, and its investors and creditors.

Enviso has asked this Court to lift the stay of California-based litigation against PAG (and Chris Bean and James Maurer) so that Enviso can jump ahead of all other Aequitas

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the April 14, 2016 Order Appointing Receiver (the "Final Receivership Order") [Dkt. 156].

[2] LR 7-1 generally requires that the first paragraph of every motion certify that the parties made a good faith effort to resolve the dispute and have been unable to do so.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

investors and creditors and seek a judgment lien on Receivership Property, including PAG. That is so even though Enviso, as a registered investment advisor, placed approximately $2,900,000 of its own clients' funds in Aequitas investment products. Simply put, it appears that Enviso seeks to gain an upper hand on recovery as against all creditors and investors, including its very own clients.

Fortunately, pursuant to established Ninth Circuit law, the Final Receivership Order imposes a blanket litigation stay to protect the Receivership from precisely the kind of interference and dissipation of assets that Enviso proposes to resume. "A receiver must be given a chance to do the important job of marshaling and untangling a company's assets without being forced into court by every investor or claimant." *U.S. v. Acorn Tech. Fund L.P.*, 429 F.3d 438, 443 (3rd Cir. 2005), adopting *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980) (approving blanket litigation stay to protect a receivership).

Enviso is merely an unsecured pre-judgment creditor. It alleges no reason—and none exists—why it cannot wait with everyone else for an orderly administration of claims and plan of distribution under the supervision of this Court *after* the Receiver has completed the highest priority task of marshaling and managing the Receivership Entity's assets, including PAG, for the benefit of *all* investors and creditors.

The only issue for this Court is whether to lift the litigation stay to allow one creditor group to seek an advantage by forcing the Receiver to defend Receivership Property at trial in California, thereby "increas[ing] litigation costs . . . while diminishing the size of the receivership estate" for everyone else. *SEC v. Universal Financial*, 760 F.2d 1034, 1038 (9th Cir. 1985) (affirming denial of motion to lift litigation stay). The Receiver respectfully submits that the Motion is meritless and should be denied.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

II.    **STATEMENT OF FACTS AND PROCEDURE**

    A.    **The California Federal Action.**

On March 22, 2016, Enviso sued Aequitas Holdings, LLC, Aequitas Wealth

Management, LLC, Aspen Grove Equity Solutions LLC, Private Advisory Group, LLC, and

certain individuals in California Superior Court, San Diego County.  In its First Amended

Complaint, filed in May 2016, Enviso alleged a negligence claim against all defendants, and an

additional breach of contract claim against PAG.    Enviso seeks to recover not less than $1.25

million, plus other relief.[3]

    B.    **The Litigation Stay Imposed by the Receivership Order.**

This is a large, complex Receivership in which this Court's stay of litigation serves a

crucially important role in giving the Receiver breathing room to carry out his extensive duties

without the distraction and expense of defending myriad litigation claims.  The SEC filed this

action approximately 9 months ago against Aequitas and affiliates for alleged violation of federal

securities laws in what the SEC describes as a "Ponzi-like" scheme.  [Dkt. 1, at p. 3].  The

Complaint alleges that principals of Aequitas defrauded investors who purchased interests in

trade receivables and misused investor funds to pay operating expenses and to repay earlier

investors.  *See id.*, at ¶¶ 1-7.  The SEC alleges that "[b]y the end of 2015, [Aequitas] owed

investors $312 million and had virtually no operating income to repay them."  *Id.*, at ¶ 5.

On March 16, 2016, this Court entered an Interim Receivership Order appointing Ronald

F. Greenspan as Receiver, empowering the Receiver to marshal and preserve assets of the

---

[3] Enviso's original Complaint was filed <u>after</u> the litigation stay imposed under paragraphs 20-22 of the
March 16, 2016 Stipulated Interim Order Appointing Receiver [Dkt. 30].  Likewise, Enviso's First Amended
Complaint was filed more than a month after the litigation stay imposed under paragraphs 20-22 of the Final
Receivership Order.  The Receiver expressly reserves all of its rights and remedies with respect to Enviso's
violations of the litigation stays.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Receivership entities, and imposing a blanket stay of litigation.  [Dkt. 30, at ¶¶ 20–22 (Interim Receivership Order)].

On April 14, 2016, this Court entered the Final Receivership Order.  [Dkt. 156].  The Final Receivership Order is designed to further important goals of the receivership "to safeguard the assets, administer the property" and ultimately "to assist the district court in achieving a final, equitable distribution of the assets."  *SEC v. Wing*, 599 F.3d 1189, 1194 (10th Cir. 2010).  In furtherance of these goals, the Final Receivership Order empowers the Receiver to "take custody, control and possession" and "to sue for and collect, recover, receive and take into possession" all Receivership Property, enjoins third parties from interfering with the Receiver, and imposes a blanket stay of litigation.  (Final Receivership Order, ¶¶ 6, 20).  In particular, the litigation stay applies to:

> **All civil legal proceedings of any nature**, including but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature **involving**; (a) the Receiver, in his capacity as Receiver; (b) any **Receivership Property**, wherever located….

(Final Receivership Order, ¶ 20) (emphasis added).  As detailed below, Receivership Property includes PAG.

### C.    The Receivership Entity is the Majority Owner of PAG.

Strangely, Enviso alleges that the Receiver has admitted in his November 10, 2016 report that "Aequitas does not have any direct holding in PAG…."   (Motion, p. 2) (*citing* Report of Ronald F. Greenspan [Dkt. 298-1, p. 9].  Enviso is simply wrong.  In fact, the Receiver's Report expressly states that  Aspen Grove Equity Solutions, LLC ("Aspen Grove"), which is a part of the Receivership Entity,[4] is a member of PAG and holds 68.23% of the membership units.  [Dkt.

---

[4] Final Receivership Order, p. 18.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

298-1, at p. 9].   Pursuant to the Final Receivership Order, Receivership Property includes "all property interests of the Receivership Entity, including, but not limited to…rights and other assets, which the Receivership Entity own, possess, have a beneficial interest in, or control directly or indirectly."[5]  By virtue of Aspen Grove's majority ownership stake in PAG, Receivership Property includes PAG and its assets.

The Receiver has disclosed his intent to assert his rights to continue as the majority owner of PAG and to monetize this asset for the benefit of the Receivership Entity, and its creditors and investors.  (September 14, 2016, Report of Ronald F. Greenspan, Receiver, p. 64).[6]

## III.    ARGUMENT AND ANALYSIS

### A.    The California Litigation Should Remain Stayed.

The Ninth Circuit in *SEC v. Wencke*, 622 F.2d 1363 (9th Cir. 1980), established a foundational principle of federal receivership law, later adopted by many other Circuits, that a district court is empowered to issue a blanket stay of litigation, effective against all persons, in order to protect and preserve receivership assets and the orderly administration of receiverships. *Id.* at 1368-72.  "The purposes of a receivership are varied, but the purpose of imposing a stay of litigation is clear.  **A receiver must be given a chance to do the important job of marshaling and untangling a company's assets without being forced into court by every investor or claimant**." *Acorn Tech Fund*, 429 F.3d at 443, 449 (emphasis added) (adopting *Wencke* in refusing to lift a stay of litigation in a receivership); *see also Wing*, 599 F.3d at 1196.

The Ninth Circuit also established the following set of considerations relevant to a district court's exercise of discretion in determining whether to grant relief from a blanket litigation stay:

---

[5] Final Receivership Order, ¶ 6.A.

[6] Dkt. 246, pp. 67-68.

RECEIVER'S AMENDED OPPOSITION TO ENVISO CAPITAL'S MOTION FOR RELIEF FROM STAY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

(1) whether refusing to lift the stay genuinely **preserves the status quo or whether the moving party will suffer substantial injury** if not permitted to proceed; (2) the **time** in the course of the receivership at which the motion for relief from the stay is made; and (3) the **merit** of the moving party's underlying claim.

*SEC v. Universal Fin.*, 760 F.2d 1034, 1037-38 (9th Cir. 1985) (emphasis added) (quoting *SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984) (*Wencke II*), citing *Wencke*, 622 F.2d 1363).

"The *Wencke* test … requires the district court to balance the interests of the Receiver and the moving party." *Universal*, 760 at 1038.  In that balance, "the interests of the Receiver are very broad and include not only protection of the receivership *res*, but also protection of defrauded investors and considerations of judicial economy."  *Id.  See also SEC v. TLC Invs. & Trade Co.*, 147 F. Supp. 2d 1031, 1039 (C.D. Cal. 2001) (denying motion to lift stay where movant's interests were outweighed by the "need to protect and marshal the assets of the Receivership estate, protect defrauded and innocent investors, and judicial economy").

As detailed below, the *Wencke* factors favor the Receiver.  Accordingly, the Motion should be denied.

## 1. Continuing the Litigation Stay Protects the Receivership *Status Quo* and Does Not Impose Any "Substantial Injury" on Enviso.

The first *Wencke* considerations are whether the litigation stay preserves a *status quo* beneficial to the Receivership, and whether the movant "will suffer substantial injury if not permitted to proceed." *Wing,* 599 F.3d at 1196; *see Wencke*, 622 F.2d at 1373.  There is no question that the litigation stay provides crucial protection against dissipation of Receivership assets.  The Court should give "substantial weight to the receiver's need to proceed unhindered by litigation, and the very real danger of litigation expenses diminishing the receivership estate." *Acorn Tech. Fund, L.P.*, 429 F.3d at 443.  Judge King of this Oregon District Court expressly recognized the importance of maintaining a litigation stay against the demands of one creditor, as

Page 7 -    RECEIVER'S AMENDED OPPOSITION TO ENVISO
CAPITAL'S MOTION FOR RELIEF FROM STAY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\129912\215141\AP\19834708.2

here, where other creditors naturally would seek to pile on and consume receivership assets "in the defense of an onslaught of lawsuits." *SEC v. Capital Consultants, LLC*, 2002 U.S. Dist. LEXIS 6775, at \*5 (D. Ore. 2002); *see also Universal*, 760 F.2d at 1038 (litigation stay is appropriate to avoid "a multiplicity of actions in different forums [that] would increase litigation costs . . . while diminishing the size of the receivership estate.").

 Forcing the Receiver to litigate in California also would deeply interfere with the Receiver's top priorities of marshalling, preserving and managing the assets of more than forty Aequitas affiliates, untangling their financial affairs, and investigating potential claims "the prosecution of which would benefit investors[.]" *Wencke*, 622 F.2d at 1372. The Receiver's task is enormous—especially given the SEC's allegations of a Ponzi type scheme involving hundreds of millions of dollars. S*ee Wing*, 599 F.3d at 1197 ("[I]n a case involving a Ponzi scheme, 'the interests of the Receiver are very broad and include not only protection of the receivership *res*, but also protection of defrauded investors and considerations of judicial economy.'") (citation omitted). Lifting the litigation stay at this point merely to accommodate one creditor group would upset the *status quo* to the detriment of the Receivership.

 Enviso, on the other hand, will suffer no "substantial injury" if the stay is maintained. Enviso's Motion alleges no such injury. Enviso's only interest is to get ahead of other unsecured creditors by seeking a judgment lien against Receivership Property, including PAG. Enviso's desire to pursue a lien on Aequitas' assets ahead of other creditors—and before the Receiver is ready to propose an *equitable* distribution to *all* allowed stakeholders—is simply "not the kind of substantial injury" that district courts "recognize under the first prong of *Wencke*." *Acorn Tech. Fund*, 429 F.3d at 449.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Enviso alleges that continuing the stay as to PAG is "not justified", but points to no harm, let alone "substantial injury," that will arise if the litigation stay is continued.  *See* Motion, p. 3.

As matters now stand, there is no reason that Enviso cannot comply with an orderly claims administration process and plan of distribution in due course, to address any claims it may have against Aspen Grove and upon Receivership Property including the Receivership Entity's majority ownership interest in PAG.  *See* Final Receivership Order ¶ 38; *Capital Consultants*, 2002 U.S. Dist. LEXIS 6775, at *6 (denying motion to lift stay where the creditor may pursue a claim in a receivership process); *TLC Invs. & Trade Co.*, 147 F. Supp. 2d at 1039 (denying motion to lift stay where creditors showed no substantial injury).

### 2.    The Timing is Premature for Any Relief from the Litigation Stay.

The second *Wencke* consideration in determining whether to lift a litigation stay is the stage of the receivership proceedings given the passage of time.  *Wencke*, 622 F.2d at 1373-74. Enviso declares, wrongly, that the Receiver "has had ample opportunity to investigate and understand the relationship between the various Aequitas companies and affiliates and [the Receiver] has concluded that PAG is independent of Aequitas." (Motion, p. 3).  As discussed above, the Receiver's conclusions are just the opposite given Aspen Grove's majority ownership stake in PAG.  The Receiver intends to assert its controlling interest in PAG, and monetize that asset for the benefit of all stakeholders in the Receivership Entity.

Enviso cites no authority to support its claim that the Receiver has had sufficient time to marshal and protect Receivership Entity assets, including its interests in PAG.  In fact, the case law strongly favors retaining the litigation stay.  Motions to lift a litigation stay made, as here, relatively soon after a receiver has taken control, are generally denied given the "receiver's need to organize and understand the entities under his control [.]"  *Wencke*, 622 F.2d at 1373-74; *see*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

*Acorn Tech. Fund*, 429 F.3d at 443-44 ("[V]ery early in a receivership even the most meritorious claims might fail to justify lifting a stay given the possible disruption of the receiver's duties.").

Further, numerous decisions denying motions to lift the litigation stay in federal receiverships illustrate that Enviso's Motion is entirely premature. *See, e.g.*, *Acorn Tech Fund*, 429 F.3d at 449-450 (denying motion to lift stay after three years); *Wencke*, 622 F. 2d at 1374 (affirming refusal to lift stay after two years); *Universal*, 760 F.2d at 1039 (affirming refusal to lift stay after four years); *Wencke II*, 742 F.2d at 1231-32 (finding an abuse of discretion in refusal to lift the litigation stay only after seven years when the receiver was about to make the distribution); *Capital Consultants, LLC*, 2002 U.S. Dist. LEXIS 6775, at *4-6 (denying motion to lift stay early in a receivership process).

In due course, the Receiver will implement a claims procedure under the supervision of this Court as contemplated by the Final Receivership Order.[7]  Enviso will be free to submit a proof of any claim it may have against Aspen Grove and to any Receivership Property including the Receivership Entity's majority ownership interest in PAG, in order participate in any Liquidation Plan approved by the Court.  With regard to claims against PAG and related individuals, all interested parties recognize that with a limited amount of insurance proceeds potentially available to defend and settle claims significantly larger than the policy limits, it is incumbent on the parties and their counsel to seek to prevent or delay unnecessary litigation until such time as a comprehensive, global settlement might be achieved. With the support of the Receiver, many interested parties including investor claimants and PAG are currently in discussions toward an expedited alternative dispute resolution process likely to

---

[7] Paragraph 38 of the Final Receivership Order provides as follows: "The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the 'Liquidation Plan')."

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

include mediation. Counsel for Enviso was advised of these efforts and the fact the resulting process could obviate the burden and expense of the California litigation altogether. *See Wing*, 599 F.3d at 1194; *Capital Consultants, LLC*, 2002 U.S. Dist. LEXIS 6775, at *4-6 (denying motion to lift stay where creditor "has the ability to pursue a claim in the summary claims process…set up as part of the receivership"). In short, the timing of Enviso's Motion is premature.

### 3.    Enviso Fails to Address the Merits of its Claims.

The third *Wencke* consideration in determining whether to lift a litigation stay is the strength of the movant's claim on the merits. *Wencke*, 622 F.2d at 1373-74. "Where the claim is unlikely to succeed . . . there may be less reason to require the receiver to defend the action now rather than defer its resolution. . . . [and] where the likelihood that the receiver will prevail is small. . . there is less reason to permit the receiver to avoid resolving the claim[.]" *Id.*

Here, Enviso states only that it has "very clear and meritorious " claims against PAG, Mr. Bean and Mr. Maurer. (Motion, pp. 3-4). However, none of the defendants in the California litigation have filed a responsive pleading. The Receiver has not completed his investigation as to the merits of Enviso's claims and any defenses that might be asserted.

At best, the final Wencke factor does not favor one party more than the other.

Even assuming, however, that Enviso's claims against PAG and the individuals are meritorious, that fact alone does not support lifting the stay.  Undoubtedly a great number of Aequitas creditors have meritorious claims. The question for this Court is whether to allow one creditor to proceed ahead of others. The Receivership Entity's assets will be diminished if the stay is lifted as to Enviso, or any other creditor at this time. Doing so will require the Receivership Entity to spend estate assets defending such claims, and tap into wasting insurance

Page 11 -    RECEIVER'S AMENDED OPPOSITION TO ENVISO
CAPITAL'S MOTION FOR RELIEF FROM STAY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

policy proceeds for defense costs and fees that would otherwise be available to claimants and creditors on an equitable basis.  Accordingly, for the benefit of all creditors and investors, Enviso's claims against PAG and the individuals should remain stayed.  Enviso is encouraged to participate in the ADR process mentioned above together with investor claimants, PAG and its insurance carrier.

## IV.    **CONCLUSION**

The *Wencke* factors weigh decisively against lifting the litigation stay imposed by this Court to protect the Receivership Entity, and its creditors and investors.  The Receiver respectfully requests that the Court deny Enviso's motion to lift the stay and its alternative request that the Receiver post a bond.

Dated this 11th day of January, 2017.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.


By:      *s/ Alex I. Poust,* OSB #925155
         Troy D. Greenfield, OSB #892534
         tgreenfield@schwabe.com
         Joel A. Parker, OSB #001633
         jparker@schwabe.com
         Jeffrey S. Eden, OSB #851903
         jeden@schwabe.com
         Alex I. Poust, OSB #925155
         apoust@schwabe.com
         Lawrence R. Ream (Admitted *Pro Hac Vice*)
         lream@schwabe.com
         Telephone: 503.222.9981
         Facsimile: 503.796.2900


         Ivan B. Knauer (Admitted *Pro Hac Vice*)
         knaueri@pepperlaw.com
         Brian M. Nichilo (Admitted *Pro Hac Vice*)

Page 12 -    RECEIVER'S AMENDED OPPOSITION TO ENVISO
             CAPITAL'S MOTION FOR RELIEF FROM STAY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

nichilob@pepperlaw.com
PEPPER HAMILTON LLP
600 Fourteenth Street, N.W.
Washington, DC 2005
Tel: (202) 220-1665

**Attorneys for the Receiver for Defendants
Aequitas Management, LLC, Aequitas
Holdings, LLC, Aequitas Commercial
Finance, LLC, Aequitas Capital
Management, Inc., and Aequitas Investment
Management, LLC**

Page 13 -    RECEIVER'S AMENDED OPPOSITION TO ENVISO
CAPITAL'S MOTION FOR RELIEF FROM STAY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900