**Troy Greenfield**, OSB #892534
Email: tgreenfield@schwabe.com
**Alex I. Poust**, OSB #925155
Email: apoust@schwabe.com
**Lawrence R. Ream** (Admitted *Pro Hac Vice*)
Email: lream@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

**Ivan B. Knauer** (Admitted *Pro Hac Vice)*
Email: iknauer@swlaw.com
SNELL & WILMER LLP
1101 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20004
Telephone: 202-802-9770
Facsimile: 202-688-2201

*Attorneys for Receiver for Defendants*
*Aequitas Management, LLC; Aequitas Holdings, LLC; Aequitas*
*Commercial Finance, LLC; Aequitas Capital Management, Inc.;*
*Aequitas Investment Management, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AEQUITAS MANAGEMENT, LLC; AEQUITAS HOLDINGS, LLC; AEQUITAS COMMERCIAL FINANCE, LLC; AEQUITAS CAPITAL MANAGEMENT, INC.; AEQUITAS INVESTMENT MANAGEMENT, LLC; | No. 3:16-cv-00438-JR<br><br>**RECEIVER'S MOTION FOR ORDER (1) APPROVING FORM AND MANNER OF NOTICE REGARDING APPROVAL OF PROPOSED DISTRIBUTION PLAN AND PONZI DETERMINATION, (2) APPROVING PROCEDURES AND DEADLINES, (3) SETTING A HEARING, AND FOR RELATED RELIEF** |

Page 1 -  RECEIVER'S MOTION FOR ORDER (1) APPROVING FORM AND MANNER OF NOTICE REGARDING APPROVAL OF PROPOSED DISTRIBUTION PLAN AND PONZI DETERMINATION, (2) APPROVING  PROCEDURES AND DEADLINES, (3) SETTING A HEARING, AND FOR RELATED RELIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

ROBERT J. JESENIK; BRIAN A. OLIVER; and N. SCOTT GILLIS,

    Defendants.

## LR 7-1 CERTIFICATION

On December 23, 2019, counsel for Ronald F. Greenspan (the "Receiver") circulated to the approximately 70 counsel of record, via email, a version of this motion, related exhibits, and proposed form of order that is substantially the same as the filed versions ("Motion"). The conferral requested that counsel respond by 12:00 noon (Pacific Standard Time) on December 30, 2019, as to whether their clients object or consent to the relief sought pursuant to the Motion.

As of the time of filing this Motion, the undersigned had received one (1) consent and one (1) potential objection. Through counsel, the Receiver has communicated with the party holding the potential objection and believes that it will be resolved in the very near term. The Receiver will report to the Court regarding the resolution of this potential objection.

## RELIEF REQUESTED

Ronald F. Greenspan, the duly appointed Receiver,[1] moves this Court for an order establishing the procedures for the Court's review of the Receiver's proposed distribution plan (the "Distribution Plan") and Ponzi determination.

Broadly, by this Motion the Receiver requests the Court:

(1) approve the Receiver's proposed form of notice to interested parties regarding the procedures for Court-approval of the distribution plan and Ponzi determination (the "Notice"),

(2) set deadlines for (a) filing of the Receiver's motion for approval of distribution plan

---

[1] Capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Order Appointing Receiver entered by this Court on April 14, 2016 (Dkt. 156).

Page 2 -    RECEIVER'S MOTION FOR ORDER (1) APPROVING FORM AND MANNER OF NOTICE REGARDING APPROVAL OF PROPOSED DISTRIBUTION PLAN AND PONZI DETERMINATION, (2) APPROVING PROCEDURES AND DEADLINES, (3) SETTING A HEARING, AND FOR RELATED RELIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

and Ponzi determination (the "Distribution Plan Motion"), (c) mailing of the Court approved Notice, (d) filing responses or objections to the Distribution Plan Motion, and (e) filing the Receiver's reply in support of the Distribution Plan Motion, and

(3) schedule a hearing on approval of the Distribution Plan Motion on or as soon after March 30, 2020, as the Court's calendar will permit.

## POINTS AND AUTHORITIES

### I.    BROAD DISCRETION

As this Court knows, a receivership is appropriate where, for example, there is a need to "marshal and preserve assets from further misappropriation and dissipation" and "clarify the financial affairs of an entity for the benefit of investors."[2] This Court possesses "extremely broad" power when "determin[ing] the appropriate action to be taken in the administration of the receivership."[3] That "authority derives from the inherent power of a court of equity to fashion effective relief," and the exercise of that power is particularly appropriate "where a federal agency seeks enforcement in the public interest."[4]

This Court's power and its related "wide discretion" extend to "determin[ing] the appropriate relief in an equity receivership."[5] In part because every fraudulent situation is different, "[t]here are no hard rules governing a district court's [distribution] decisions in [federal

---

[2] *SEC v. Schooler*, No. 12-2164, 2012 U.S. Dist. LEXIS 188994, *11 (S.D. Cal. Nov. 30, 2012).

[3] *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986).

[4] *SEC v. Wencke*, 622 F.2d 1363, 1369, 1371 (9th Cir. 1980).

[5] *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978). *See also SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005) (quoting same).

Page 3 -    RECEIVER'S MOTION FOR ORDER (1) APPROVING FORM AND MANNER OF NOTICE REGARDING APPROVAL OF PROPOSED DISTRIBUTION PLAN AND PONZI DETERMINATION, (2) APPROVING PROCEDURES AND DEADLINES, (3) SETTING A HEARING, AND FOR RELATED RELIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

equity receiverships]."[6] That is, a distribution plan is subject to approval if it is "fair and reasonable."[7] Indeed, the Ninth Circuit will uphold any "'reasonable procedures instituted by the district court that serve the purpose' of orderly and efficient administration of the receivership for the benefit of creditors."[8] Such broad deference is warranted, according to the Ninth Circuit, because "most receiverships involve multiple parties and complex transactions."[9]

Moreover, "the use of summary proceedings to determine appropriate relief in equity receiverships, as opposed to plenary proceedings under the Federal Rules, is within the jurisdictional authority of a district court."[10] By "avoid[ing] formalities that would slow down the resolution of disputes," the use of summary proceedings "promotes judicial efficiency and reduces litigation costs to the receivership."[11]

Still, investors and other parties in interest are entitled to "fair notice and a reasonable opportunity to respond."[12] To that end, the Receiver moves this Court to approve his proposal for providing notice to known claimants and other interested parties, setting the hearing date and

---

[6] *SEC v. Enter. Tr. Co.*, No. 08 C 1260, 2008 U.S. Dist. LEXIS 79731, at *10 (N.D. Ill. Oct. 7, 2008).

[7] *See SEC v. Copeland*, No. CV 11-8607-R, 2014 U.S. Dist. LEXIS 195315, at *5 (C.D. Cal. May 19, 2014) ("With respect to the motion to approve the distribution of CWM Realty, 'the primary job of the district court is to ensure that the proposed plan of distribution is fair and reasonable.'" (Quoting *S.E.C. v. Wealth Management LLC*, 628 F.3d 323, 332 (7th Cir. 2010))).

[8] *CFTC. v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999) (quoting *Hardy*, 803 F.2d at 1037-38).

[9] *Hardy*, 803 F.2d at 1037.

[10] *Id.* at 1040.

[11] *SEC v. Wencke*, 783 F.2d 829, 837 n.9 (9th Cir. 1986).

[12] *Hardy*, 803 F.2d at 1040 (citing *Wencke*, 783 F.2d at 837-38).

Page 4 -   RECEIVER'S MOTION FOR ORDER (1) APPROVING FORM AND MANNER OF NOTICE REGARDING APPROVAL OF PROPOSED DISTRIBUTION PLAN AND PONZI DETERMINATION, (2) APPROVING PROCEDURES AND DEADLINES, (3) SETTING A HEARING, AND FOR RELATED RELIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

related deadlines for consideration of the Receiver's motion.[13]

## II. PROCEDURAL BACKGROUND—THE DISTRIBUTION PLAN IS RIPE FOR CONSIDERATION

Since the Receiver's appointment, he has exercised his Court-authorized powers and duties, marshalling and liquidating Receivership Property, developing and administering the claims process,[14] investigating and filing his Forensic Report,[15] facilitating Investors' third-party litigation and settlement of claims against the pre-receivership professionals of the Aequitas Enterprise and providing timely reports to this Court.[16]

The Receiver formulated his proposed Distribution Plan after soliciting input from the SEC and the Investor Advisory Committee members (who number in excess of 57 and represent all of the major groups of Aequitas Investors). Based on this input and the Receiver's forensic investigation, the Receiver formulated a Distribution Plan that contains interrelated components and compromises to provide the most equitable treatment of Allowed Claims.

Based on the foregoing, the Receiver believes that the matter is ripe for the Court's consideration of the proposed Distribution Plan and the determination that the Aequitas Enterprise operated as a Ponzi Scheme.

## III. RECOMMENDED SCHEDULE

The Receiver moves this Court to establish the following dates as deadlines for the

---

[13] *Cf. FTC v. Crittenden*, 823 F. Supp. 699, 705 (C.D. Cal. 1993) (approving notice procedure); *SEC v. Sunwest Mgmt.*, No. 09-6056-HO, 2009 U.S. Dist. LEXIS 93181, at *19 (D. Or. Oct. 1, 2009) (finding hearing notice advised interested persons of date, time, and place of the hearing on approval of the distribution plan and their right to object and comment on the proposed distribution plan).

[14] Dkt. 683 (Order establishing the Claims Bar Date. Claims review in process).

[15] Dkt. 663 (The Forensic Report).

[16] Dkt. 776 (Receiver's October 31, 2019 Report, which covers the period from July 1, 2019 through September 30, 2019).

Page 5 -   RECEIVER'S MOTION FOR ORDER (1) APPROVING FORM AND MANNER OF NOTICE REGARDING APPROVAL OF PROPOSED DISTRIBUTION PLAN AND PONZI DETERMINATION, (2) APPROVING PROCEDURES AND DEADLINES, (3) SETTING A HEARING, AND FOR RELATED RELIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Page 6 -

following events:

| | |
|---|---|
| December 31, 2019 | Deadline for the Receiver to file his Distribution Plan Motion and Ponzi determination |
| January 20, 2020 | Deadline for the Receiver to send, by first class mail, the Court-approved Notice of the Distribution Plan Motion to investors and other parties in interest |
| February 20, 2020 | Deadline for parties to file and serve written responses or objections, if any, to the Distribution Plan Motion |
| March 20, 2020 | Deadline for the Receiver to reply to written responses and objections to the Distribution Plan Motion, if any |
| (Set by the Court on a date on or after March 30, 2020) | Hearing on the Receiver's Distribution Plan Motion. |

For reasons beneficial to the Receivership Estate, Investors and other parties in interest, the Receiver requests the Court set the hearing on the Distribution Plan Motion no earlier than March 30, 2020.

IV.  **RECOMMENDED FORM OF NOTICE**

The Receiver's proposed form of the Notice is attached hereto as <u>Exhibit A</u>. The Notice provides known claimants and other interested parties with essential information about the procedures this Court shall establish to consider approval of the Distribution Plan and Ponzi determination, as well as a summary of the proposed Distribution Plan. The Receiver proposes to send the Notice, excluding the approximately 100-page Distribution Plan Motion, to the thousands of known claimants and other interested parties. In lieu of serving hard copies, the Distribution Plan Motion will be posted to the Receiver's website, to the Claims Agent website.

V.  **RECOMMENDED MANNER OF NOTICE**

The Receiver recommends that the notice be mailed by first class mail to all of the following, who are known claimants or other parties in interest:

- All persons who submitted a claim by the Claims Bar Date;

Page 6 - RECEIVER'S MOTION FOR ORDER (1) APPROVING FORM AND MANNER OF NOTICE REGARDING APPROVAL OF PROPOSED DISTRIBUTION PLAN AND PONZI DETERMINATION, (2) APPROVING PROCEDURES AND DEADLINES, (3) SETTING A HEARING, AND FOR RELATED RELIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

- All persons to whom the Receiver provided an NOD;

- Counsel for the Consumer Financial Protection Bureau and 14 Attorneys' General

- Counsel for all parties that have appeared in the SEC Enforcement Action;

- Counsel for parties in the following civil actions:

    o *American Student Financial Group, Inc. v. Aequitas Capital Management, Inc.*, 3:16-cv-01720-PK (D. Or.);

    o *American Student Financial Group, Inc. v. Aequitas Student Funding, LLC*, No. 37-2013-00028562-CU-IP-CTL (San Diego Cty. Sup. Ct.);

    o *Enviso Capital Group, LLC v. Aequitas Holdings LLC*, 37-2016-00009462-CU-BC-CTL (San Diego Cty. Sup. Ct.);

    o *Greenspan v. Fieldstone Financial Management Group, LLC*, No. 3:17-cv-00233 (D. Or.);

    o *Gruber v. Education Dynamics LLC*, No. 4:16-cv-06059-KAW (N.D. Cal.);

    o *Reyes v. Ocean Avenue Financial Services, LLC*, No. BC628619 (Los Angeles Cty – Central Dist. Sup. Ct.);

    o *Western Property Holdings LLC v. Aequitas Capital Management Inc.*, No. 121114490 (Mult. Cty. Cir. Ct.)

    o *Albers v. Deloitte & Touche LLP*, No. 3:16-cv-02239-AC (D. Or.);

    o *Brown v. Price*, No. 16-2-19544-0 SEA (King Cty. Sup. Ct.);

    o *Brown v. Price*, No. 3:17-cv-0089 (D. Or.);

    o *Ciuffitelli et al. v. Deloitte & Touche LLP*, No. 3:16-cv-00580-AC (D. Or.);

    o *Farr v. Private Advisory Group, LLC*, No. 2:16-cv-01565-RAJ (W.D. Wash.);

    o *Kirk v. v. Deloitte & Touche LLP*, No. 17CV42915 (Mult. Cty. Cir. Ct.);

    o *Pommier v. Deloitte & Touche LLP*, No. 16CV36439 (Mult. Cty. Cir. Ct.);

    o *Wurster v. Deloitte & Touche, LLP*, No. 16CV25920 (Mult. Cty. Cir. Ct.);

    o *Cavanagh, et al. v. Deloitte & Touche LLP et al.*, No. 18CV09052 (Or. Cir. Ct. filed Mar. 7, 2018);

    o *Ramsdell, et al. v. Deloitte & Touche LLP et al.*, No. 16CV40659 (Or. Cir. Ct.

Page 7 -   RECEIVER'S MOTION FOR ORDER (1) APPROVING FORM AND MANNER OF NOTICE REGARDING APPROVAL OF PROPOSED DISTRIBUTION PLAN AND PONZI DETERMINATION, (2) APPROVING PROCEDURES AND DEADLINES, (3) SETTING A HEARING, AND FOR RELATED RELIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

- filed Dec. 2, 2016);
  - *Layton, et al. v. Deloitte & Touche LLP et al.*, No. 17CV42915 (Or. Cir. Ct. filed Oct. 2, 2017);
  - *Royal Fund LP v. Deloitte & Touche LLP et al.*, No. 19CV22914 (Mult. Cty. Cir. Ct.); and
  - *Tarrant County, et al v. Motolease Financial, LLC*, No. 325-D17185-18 (In the 352nd Judicial District, Tarrant Cty, Texas).

## VI. CONCLUSION

For the above-stated reasons, the Receiver respectfully requests that the Court grant the relief requested above.

Dated this 31st day of December, 2019.

        Respectfully submitted,

        SCHWABE, WILLIAMSON & WYATT, P.C.

        By: /s/ Alex Poust
        Troy Greenfield, OSB #892534
        Email: tgreenfield@schwabe.com
        Alex I. Poust, OSB #925155
        Email: apoust@schwabe.com
        Lawrence R. Ream (Admitted *Pro Hac Vice*)
        Email: lream@schwabe.com
        Telephone: 503-222-9981
        Facsimile: 503-796-2900

        Ivan B. Knauer (Admitted *Pro Hac Vice*)
        Email: iknauer@swlaw.com
        SNELL & WILMER LLP
        1001 Pennsylvania Avenue, NW, Suite 300
        Washington, D.C. 20004
        Telephone: 202.802.9770

        *Attorneys for Receiver for Defendants Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc., and Aequitas Investment Management, LLC*

Page 8 - RECEIVER'S MOTION FOR ORDER (1) APPROVING FORM AND MANNER OF NOTICE REGARDING APPROVAL OF PROPOSED DISTRIBUTION PLAN AND PONZI DETERMINATION, (2) APPROVING PROCEDURES AND DEADLINES, (3) SETTING A HEARING, AND FOR RELATED RELIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

<u>**Exhibit A**</u>

**Notice of Deadlines and Hearing on Receiver's Motion For**

**(1) Court consideration of the receiver's distribution plan;**

**(2) request for a finding of the existence of a Ponzi Scheme; and**

**(3) the right to be heard.**

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AEQUITAS MANAGEMENT, LLC, ET AL.<br><br>　　　　　Defendants. | No. 3:16-cv-00438-JR |

**NOTICE OF HEARING OF THE RECEIVER'S PROPOSED DISTRIBUTION PLAN, PROPOSED FINDING OF THE EXISTENCE OF A PONZI SCHEME AND YOUR RIGHT TO BE HEARD**

**TO: ALL KNOWN CLAIMANTS AND OTHER PARTIES IN INTEREST OF THE AEQUITAS RECEIVERSHIP ENTITIES**

　　PLEASE TAKE NOTICE OF THE FOLLOWING:

　　On **[＿＿＿＿＿＿＿]**, the United States District Court for the District of Oregon—Portland Division (the "Court") entered an order in the above-captioned case (the "<u>Order Establishing Procedure and Notice For Hearing to Approve Distribution Plan and Ponzi Determination</u>")[1] granting the Receiver's Motion For Order Establishing Procedures Governing the Court's Review of the Receiver's Proposed Distribution Plan and Ponzi Determination (the "Distribution Plan Motion").[2] The Order Establishing Procedure and Notice to Approve Distribution Plan and Ponzi Determination approved the form of this Notice. You are receiving this Notice because **your rights may be affected**.

1.　　**WHAT IS A DISTRIBUTION PLAN?**

　　A distribution plan, once approved by the Court, will dictate how the distributable funds of the Receivership Defendants[3] in the above-captioned case and all the specified and/or majority owned affiliates they control[4] will be apportioned among claimants and the process by which such funds will be distributed.

---

[1] Dkt. #＿＿＿.
[2] Dkt. #＿＿＿.
[3] The Receivership Defendants include: Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc., and Aequitas Investment Management, LLC

[4] The following Aequitas entities (or their predecessors in interest) are now part of and together with the Receivership Defendants comprise the Receivership Estate: AAM Fund Investment, LLC; ACC C Plus Holdings, LLC; ACC F Plus Holdings, LLC; ACC Funding Series Trust 2015-5; ACC Funding Trust 2014-1; ACC Funding Trust 2014-2; ACC Holdings 2, LLC; ACC Holdings 5, LLC; ACC Holdings, LLC; Aequitas Asset Management Oregon, LLC; Aequitas Capital Opportunities Fund, LP; Aequitas Capital Opportunities GP, LLC; Aequitas Corporate Lending, LLC; Aequitas EIF Debt Fund, LLC; Aequitas Enhanced Income Fund, LLC; Aequitas Enterprise Services, LLC;

Further, a distribution plan addresses are how claims are calculated, their relative priority once allowed, sources for paying claims, and the methodology for paying claims when funds are inadequate to pay all allowed claims an equal priority.

2.  **HOW DOES THE RECEIVER PROPOSE TO DISTRIBUTE ASSETS?**

On ____, the Receiver filed the Plan Distribution Motion. In conjunction with his request for the finding of a Ponzi scheme, the Receiver moved the Court to approve a distribution plan that contains interrelated components and compromises that he believes provides the most equitable treatment of Allowed Claims and the equitable distribution of funds. The major components of the distribution plan as summarized in the Distribution Plan Motion are as follows:

- The Receiver has resolved the tort claims of four investor litigation groups (the "Tort Claims Settlement"). Under the Tort Claims Settlement, the Receivership Estate will distribute a total of $30 million to those four investor litigation groups (the "Tort Settlement Payment"). Regardless of how those four investor litigation groups intend to internally distribute their portion of the Tort Settlement Payment, for purposes of calculating additional distributions under the Distribution Plan, the Receiver will apply the Tort Settlement Payment as if it were allocated among the members of each of the groups as if distributed under the rising tide methodology of the proposed Distribution Plan. That treatment preserves equity, to the extent within the Receiver's control, between those Investors that were members of the four investor litigation groups that were party to the Tort Claims Settlement and those Investors that were not.

- The Receiver will pay as priority payments the Allowed Claim of Non-Officer Former Employees up to $12,850, which the Receiver deems equitable as it comports with both federal bankruptcy law and the Oregon Receivership Code.

- Allowed administrative tax claims shall be paid in full.

- The overwhelming majority of Investors are Defrauded Investors, who will be treated as a single class because they are similarly situated in that the funds of the Defrauded Investors were commingled in various transactions and entities, notwithstanding some ostensible structural differences in their investments.

- Defrauded Investors' claims will be calculated on the basis of their Total Investment, which precludes claims for purported "profits," "interest," contractual default provisions, punitive damages, etc. after the Aequitas Enterprise was insolvent.[5]

---

Aequitas ETC Founders Fund, LLC; Aequitas Hybrid Fund, LLC; Aequitas Income Opportunity Fund, LLC; Aequitas Income Opportunity Fund II, LLC; Aequitas Income Protection Fund, LLC; Aequitas International Holdings, LLC; Aequitas Partner Fund, LLC; Aequitas Peer-to-Peer Funding, LLC; Aequitas Private Client Fund, LLC; Aequitas Senior Housing, LLC; Aequitas Senior Housing Operations, LLC; Aequitas Wealth Management Partner Fund, LLC; Aequitas Wealth Management, LLC; Aequitas WRFF I, LLC; APF Holdings, LLC; Aspen Grove Equity Solutions, LLC; Campus Student Funding, LLC; CarePayment Holdings, LLC; CarePayment, LLC; CP Funding I Holdings, LLC; Executive Citation, LLC; Executive Falcon, LLC; Hickory Growth Partners, LLC; ML Financial Holdings, LLC; Motolease Financial LLC; The Hill Land, LLC; and Unigo Student Funding, LLC.

[5] Because the funds to be distributed by the Receiver are a fixed amount and represent 100% of the net proceeds from the Estate, the accrual of fictitious interest, profits and the like during the Ponzi Period would only affect which Defrauded Investors get distributions and how much each one receives. It would have no effect on how much the Defrauded Investors receive as a whole.

**NOTICE OF HEARING OF PROPOSED DISTRIBUTION PLAN, PROPOSED FINDING OF PONZI SCHEME, AND RIGHT TO BE HEARD**
PAGE - 2

- Assets that were substantially commingled during the operations of the Aequitas Enterprise will be pooled across entities involved in the commingling and will be, consistent with Court determined priority distribution methodology, used to make distributions on Allowed Claims.

- Consistent with many courts' finding about the most equitable distribution methodology in the aftermath of a Ponzi scheme, distributions will be made to Defrauded Investors on a rising tide basis—that is, distributions will be made in an attempt to equalize the percentage of invested funds that are returned to each Defrauded Investor without regard for whether those funds were returned by the perpetrators of the fraud pre-Receivership (after the Aequitas Enterprise was insolvent) or paid under the Distribution Plan (and from the Tort Settlement Payment).

- When a Defrauded Investor holds a beneficial interest in multiple accounts—which the Receiver will determine from the Aequitas Enterprise's records matching accounts to taxpayer identification numbers ("TIN")—that Defrauded Investor's claims will be aggregated for purposes of calculating the claim and allowing a distribution.[6] Such aggregation is equitable because it treats a Defrauded Investor that held multiple accounts with different Pre-Receivership Returns the same as a Defrauded Investor who held a single account. For those accounts where a single TIN is used but one account is designated as a "trust" account and other account(s) as either a separate "trust" account or an "individual" account, the accounts will be treated as separate accounts and not be aggregated.

- In the event of transfers of an investment between investors or any other type of investment ownership or control changes, all of the pre-transfer activity of the transferor associated with the transferred investment during the relevant time period is attributed to the transferee. If the investments were split into multiple parts as a result of a transfer or other change of ownership or control event, the pre-transfer activity will be allocated to the transferee on a pro-rata basis.

- The plaintiffs in the Wurster matter[7] (the "URGE Group"), have requested that the Receiver reallocate the aggregate Receiver's distribution attributable to the URGE Group (approximately $11.6 million), in accordance with different allocation percentages embodied in the URGE Group intra-member agreement, and for the Receiver to make the recalculated distribution directly to the members of the URGE Group. The Receiver has received executed consent forms, solicited by counsel for the URGE Group, from all affected investors. The effect of this reallocation would be to shift some of the $11.6 million from URGE investors who received lower Pre-Receivership Returns to URGE investors who received greater Pre-Receivership Returns. The reallocation would not affect the amount distributable nor the allocation to any non-URGE Investors. The Receiver takes no position with respect to this reallocation and has agreed to include it in the Distribution Plan as an accommodation to the URGE Group in light of its members' unanimous request and the fact that it does not affect any non-URGE Group investor.

---

[6] For tax and other distribution purposes, the Receiver will endeavor to allocate the distribution between the Defrauded Investor's multiple accounts based on each account's relative Net Investment Loss.

[7] Wurster v. Deloitte, et al., State of Oregon, Multnomah County Circuit Court, Case No. 16cv25920; Wurster, et. al., Arbitration Service of Portland, Inc., Case Nos. 170623-2 (Respondents – Sidley Austin, Tonkon Torp and IBAT) also known as United Recovery Group for Equality ("URGE").

**NOTICE OF HEARING OF PROPOSED DISTRIBUTION PLAN, PROPOSED FINDING OF PONZI SCHEME, AND RIGHT TO BE HEARD**
PAGE - 3

**EXHIBIT A**
**Page 4 of 6**

- Investors in certain equity funds (defined as "Pass-through Investors" for purposes of the Distribution Plan), were not defrauded because their moneys were used as represented and used for its intended purposes. Such Pass-through Investors obtained then, and pursuant to the Distribution Plan will retain now, the benefit of their bargain (equity) and the Distribution Plan does not direct any payment to the Pass-through Investors on account of such investment.[8]

- Allowed Professional Claims and Allowed Administrative Claims shall be paid up to the full amount of their Allowed Claims, as approved by the Court.

- Allowed Convenience Class Claims (i.e. the holder of an Allowed Creditor Claim equal to or less than $20,000 or the holder of an Allowed Creditor Claim in excess of $20,000 who elects to reduce their Allowed Creditor Claim to $20,000 and waives the balance of their Allowed Creditor Claim) shall be paid an amount equal to twenty percent (20%) of their Allowed Convenience Class Claim.

- Allowed Creditor Claims (i.e. Allowed Creditor Claims that are not Allowed Convenience Class Claims) are junior in priority to the Allowed Claims of Defrauded Investors. If funds are available for distribution for Allowed Creditor Claims, they shall be paid pro-rata from the Qualified Settlement Fund, until paid in full.[9] Current estimates, however, are that holders of Allowed Creditor Claims will not receive a distribution.

- Allowed Claims of the Individual Defendants are subordinated to and junior in priority to all other Allowed Claims and will receive no distribution until all other non-subordinated Allowed Claims are paid in full. Current estimates, however, are that the Allowed Claims of the Individual Defendants will not receive a distribution.

- The Receiver shall not be required to make a distribution to the holder of an Allowed Claim if the distribution on such Allowed Claim is in an amount less than $50.

The above Distribution Plan summary is limited in scope.

**Please review the entirety of the Receiver's Distribution Plan Motion as your rights may be affected by provisions that are not addressed in the summary.**

A copy of the Receiver's Distribution Plan Motion is available for review at the Aequitas Receiver's website (www.kccllc.net/aequitasreceivership) and the Receiver's Claims Agent website

---

[8] Members of the four litigation groups that are parties to the Tort Claims Settlement negotiated private distribution schemes of their choosing with their fellow members. Neither the Receiver nor the Court has been asked to assess the equity of whatever private distribution scheme such litigation group members negotiated. As such, the Receiver does not know whether some portion of the Tort Settlement Payment, after payment to the four litigation groups, could by virtue of a private distribution agreement ultimately benefit a Pass-through Investor who is a member of a litigation group.

[9] It is common for distribution plans to prioritize the claims of innocent investors in a Ponzi scheme over other non-secured creditors. *See, e.g.*, *United States CFTC v. Capitalstreet Fin., LLC*, No. 3:09cv387-RJC-DCK, 2010 U.S. Dist. LEXIS 75113, at *4 (W.D.N.C. June 18, 2010) (approving plan giving investors priority over creditors); *SEC v. HKW Trading LLC*, No. 8:05-cv-1076-T-24-TBM, 2009 U.S. Dist. LEXIS 77215, at *8 (M.D. Fla. Aug. 14, 2009) ("Payment to claimants whose property was unlawfully taken from them is given a higher priority than payment to the general creditors." (Citing Clark, TREATISE ON THE LAW AND PRACTICE OF RECEIVERS § 662.1(A), p. 1174, § 667, p. 1198 (3d ed. 1959)); *SEC v. Brian A. Bjork*, No. 4:11-cv-2830 (S.D. Tex. 2013).

**NOTICE OF HEARING OF PROPOSED DISTRIBUTION PLAN, PROPOSED FINDING OF PONZI SCHEME, AND RIGHT TO BE HEARD**
PAGE - 4

(http://www.AequitasClaims.com).

3.   **HOW CAN YOU BE HEARD?**

If you wish to support, oppose, or otherwise respond to the Receiver's Distribution Plan Motion, you must do so **by no later than [_____]**. To comply with that deadline, you must both:

(a) Serve a copy of your written support, opposition or other response, if any, on counsel for the Receiver at:

> Troy Greenfield
> Lawrence R. Ream
> SCHWABE WILLIAMSON & WYATT
> 1211 SW 5th Ave., Suite 1900
> Portland, OR 97204

(b) File the original of your written support, opposition or other response, if any, with the United States District Court, District of Oregon, Portland Division, located at 1000 SW Third Ave., Portland, OR 97204.

The Receiver will thereafter file and serve his reply to written support, objections, or other responses. The Court will hear the Receiver's motion and objections to it on _____.

Dated this **[   ]** day of **[_____]**.

**SCHWABE, WILLIAMSON & WYATT**

**ATTORNEYS FOR RECEIVER RONALD F. GREENSPAN**

**NOTICE OF HEARING OF PROPOSED DISTRIBUTION PLAN, PROPOSED FINDING OF PONZI SCHEME, AND RIGHT TO BE HEARD**
**PAGE - 5**

**EXHIBIT A**
**Page 6 of 6**