ERIN E. SCHNEIDER (Cal. Bar No. 216114)
SHEILA E. O'CALLAGHAN (Cal. Bar No. 131032)
  ocallaghans@sec.gov
ANDREW J. HEFTY (Cal. Bar No. 220450)
  heftya@sec.gov
BERNARD B. SMYTH (Cal. Bar No. 217741)
  smythb@sec.gov


Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:16-CV-00438-JR |
| Plaintiff, | |
| vs. | FINAL JUDGMENT AS TO AEQUITAS MANAGEMENT, LLC; AEQUITAS HOLDINGS, LLC; AEQUITAS COMMERCIAL FINANCE, LLC; AEQUITAS CAPITAL MANAGEMENT, INC.; AND AEQUITAS INVESTMENT MANAGEMENT, LLC |
| AEQUITAS MANAGEMENT, LLC; AEQUITAS HOLDINGS, LLC; AEQUITAS COMMERCIAL FINANCE, LLC; AEQUITAS CAPITAL MANAGEMENT, INC.; AEQUITAS INVESTMENT MANAGEMENT, LLC; ROBERT J. JESENIK; BRIAN A. OLIVER; and N. SCOTT GILLIS, | |
| Defendants. | |

The Securities and Exchange Commission having filed a Complaint and Defendants Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc. and Aequitas Investment Management, LLC (collectively, "Entity Defendants") having entered a general appearance by and through their Court-appointed Receiver; consented to the Court's jurisdiction over Entity Defendants and the subject matter of this action; consented to entry of this Final Judgment as to Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc., and Aequitas Investment Management, LLC ("Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment.

I.

IT IS HEREBY ORDERED that Defendants Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc. and Aequitas Investment Management, LLC are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

     A. Employing any device, scheme or artifice to defraud;

     B. Obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

     C. Engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order

FINAL JUDGMENT AS TO AEQUITAS ENTITIES

by personal service or otherwise: (a) Entity Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Entity Defendants or with anyone described in (a).

II.

IT IS FURTHER ORDERED that Defendants Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc. and Aequitas Investment Management, LLC are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.  Employing any device, scheme or artifice to defraud;

    B.  Making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.  Engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) Entity Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Entity Defendants or with anyone described in (a).

III.

IT IS FURTHER ORDERED that Defendants Aequitas Capital Management, Inc. and Aequitas Investment Management, LLC are permanently restrained and enjoined from, directly

FINAL JUDGMENT AS TO AEQUITAS ENTITIES

2

or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.  Employing any device, scheme or artifice to defraud any client or prospective client;

    B.  Engaging in any transactions, practices, or courses of business which operate as a fraud or deceit upon any client or prospective client;

    C.  Engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative;

    D.  Making any untrue statement of a material fact or omitting to state a material fact, necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

    E.  Engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle;

in violation of Sections 206(1), 206(2), and 206(4) of the Advisers Act, 15 U.S.C. §§ 80b-6(1), (2) & (4); and Rule 206(4)-8 thereunder, 17 C.F.R. §275.206(4)-8.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) Entity Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Entity Defendants or with anyone described in (a).

IV.

IT IS FURTHER ORDERED that Defendants Aequitas Management, LLC; Aequitas Holdings, LLC; Aequitas Commercial Finance, LLC; Aequitas Capital Management, Inc.; and

FINAL JUDGMENT AS TO AEQUITAS ENTITIES

Aequitas Investment Management, LLC, are permanently restrained and enjoined from directly or indirectly participating in the issuance, offer, or sale of any security of any entity controlled by, or under joint control with, any of them.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) Entity Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Entity Defendants or with anyone described in (a).

## V.

IT IS FURTHER ORDERED that Defendants Aequitas Management, LLC; Aequitas Holdings, LLC; Aequitas Commercial Finance, LLC; Aequitas Capital Management, Inc.; and Aequitas Investment Management, LLC, are permanently restrained and enjoined from directly or indirectly soliciting any person or entity to purchase or sell any security, except for the activities of the Court- appointed Receiver necessary to carry out his responsibilities under the Receivership order issued by the Court in this matter.

IT IS FURTHER ORDERED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this order by personal service or otherwise: (a) Entity Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Entity Defendants or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Entity Defendants are liable, jointly and severally, for disgorgement of $453,000,000.00 with prejudgment interest of $87,048,072.87 as a result of the conduct alleged in the Complaint, which shall be deemed satisfied by the amount collected by the Court-appointed Receiver in this matter and ultimately distributed pursuant to the Court-approved distribution plan.. If a portion

FINAL JUDGMENT AS TO AEQUITAS ENTITIES

of the receivership assets subject to disgorgement are not to be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. The Receiver may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. The Receiver may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the Entity Defendants as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Entity Defendants shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

FINAL JUDGMENT AS TO AEQUITAS ENTITIES

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ORDERED to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED:

Dated: ___4/18___, 2020        _Marco Hernández_____
                                United States District Judge

FINAL JUDGMENT AS TO AEQUITAS ENTITIES

6