IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON (PORTLAND DIVISION)

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:16-cv-00438-JR |
| Plaintiff, | **AMENDED LIMITED JUDGMENT AS TO THE PROFESSIONAL FIRMS AND THE TERRELL PARTIES, INCLUDING PERMANENT INJUNCTIONS** |
| v. | |
| AEQUITAS MANAGEMENT, LLC, *ET AL.*, | |
| Defendants. | |

This matter was heard and decided on __Dec. 11__, 2020, on the motion of the

Receiver Ronald F. Greenspan ("Receiver") for, *inter alia*, approval of settlement agreements

between the Receivership Entity and the following counterparties (the "Claims Bar Settlement

Agreements"):

- Tonkon Torp, LLP ("Tonkon");

- Integrity Bank & Trust and Integrity Trust (collectively "Integrity");

- EisnerAmper LLP ("EisnerAmper");

- Sidley Austin LLP ("Sidley");

- TD Ameritrade, Inc. ("TD Ameritrade");

- Duff & Phelps, LLC ("Duff"); and

- Deloitte & Touche LLP ("Deloitte")

(collectively the "Professional Firms").

- Patrick Terrell;

- Richard Terrell;

1

- Kimberly Terrell;

- Meagan Terrell;

- Terrell Group Management, LLC; and

- PatRick Investments, LLC

(collectively the "Terrell Parties").

On behalf of the Receivership Entity, the Receiver asked this Court: (i) to determine that the terms of the Claims Bar Settlement Agreements are fair, reasonable, and adequate for the Receivership Entity; and (ii) to determine that a limited judgment should be entered as to the Professional Firms and the Terrell Parties that enjoins the prosecution of any Contribution Claims (as defined herein) by or against any of the Professional Firms or Terrell Parties.

The Court having considered all papers filed and proceedings held herein and otherwise being fully informed,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.     This limited judgment (the "Limited Judgment") shall be final and immediately appealable pursuant to Federal Rule of Civil Procedure 54(b). The Court expressly finds that there is no just reason for delay of its entry and directs the Clerk of the Court to enter this Limited Judgment pursuant to Fed. R. Civ. P. 54(b).

2.     The following definitions are incorporated into this Limited Judgment from the Claims Bar Settlement Agreements:

a.     "**Advisory Board Members**" means all of the former members of the Aequitas Advisory Board, including without limitation William McCormick, L. Martin Brantley, Patrick Terrell, Edmund Jensen, Donna Miles, William Glasgow, Keith Barnes and Bob Zukis, as well as any family members and affiliates of any of the foregoing who are excluded from the class certified in the matter captioned *Ciuffitelli et al. v. Deloitte & Touche LLP, et al.*, Case No. 3:16-cv-00580-AC, U.S. District Court for the District of Oregon (the "Certified Class").

2

b.    "**Aequitas Investors**" means: (i) the members of the Certified Class; and (ii) the individually named plaintiffs in the following lawsuits, which are individually and collectively defined as the "Individual Actions": *Wurster et al. v. Deloitte & Touche LLP, et al.*, Case No. 16CV25920, Multnomah County Circuit Court; *Pommier et al. v. Deloitte & Touche, LLP, et al.*, Case No. 16CV36439, Multnomah County Circuit Court; *Ramsdell et al. v. Deloitte & Touche, LLP, et al.*, Case No. 16CV40659, Multnomah County Circuit Court; *Layton et al. v. Deloitte & Touche, LLP et al.*, Case No. 16CV36439, Multnomah County Circuit Court; *Cavanagh et al. v. Deloitte & Touche LLP, et al.*, Case No. 18CV09052, Multnomah County Circuit Court; *Royal Fund LP, et al. v. Deloitte & Touche LLP,* Case No. 19CV22914, Multnomah County Circuit Court; and *Albers et al. v. Deloitte & Touche, et al.*, Case No. 3:16-cv-02239-AC, U.S. District Court for the District of Oregon.

c.    "**Aequitas Securities**" means any security, including but not limited to promissory notes, other debt instruments, and limited partnership interests, issued or sold by any Receivership Entity.

d.    "**Contribution Claim**" means any claim of a Former Aequitas-Related Party, whether now existing or hereafter arising, for contribution (including without limitation claims for contribution pursuant to ORS 59.115(3)), for indemnity (including without limitation equitable indemnity and implied indemnity), and/or for reimbursement, that is based upon or arises from a claim or claims against the Former Aequitas-Related Party related in any way to Aequitas Securities.

e.    "**Court**" means the U.S. District Court for the District of Oregon in which the SEC Enforcement Action titled *SEC v. Aequitas Management, LLC, et al.*, Case No. 3:16-CV-00438-JR, is pending.

f.    "**Directors and Officers**" means all of the former directors and officers of the entities now comprising the Receivership Entity, including without limitation Robert Jesenik, Brian Oliver, Craig Froude, Scott Gillis, Andrew MacRitchie, Olaf Janke, Brian Rice, William Ruh, Steve Hedberg, Brett Brown,[1] Tom Goila, Patricia Brown, Bill Malloy and Thomas Szabo, as well as any family members and affiliates of any of the foregoing who are excluded from the Certified Class.

g.    "**Former Aequitas-Related Party(ies)**" means any and all Advisory Board Members, Directors and Officers, Individual Defendants, and Registered Investment Advisors.

h.    "**Individual Actions**" shall have the meaning assigned to it in section 2.b.(ii).

i.    "**Individual Defendants**" means Robert J. Jesenik, Brian A. Oliver, and N. Scott Gillis, each of whom is a defendant in the SEC Enforcement Action.

---

[1] Mr. Brown was excluded from the Certified Class, in light of his title of Senior Vice President, before the Court found that he should not be precluded from holding a Non-Officer Former Employee Claim. (Dkt. No. 813).

j.	"**Receiver**" means Ronald F. Greenspan, the Court-appointed Receiver for the Receivership Entity, pursuant to the Receivership Order.

k.	"**Receivership Entity**" means, individually and collectively, Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc., Aequitas Investment Management, LLC and each of their 43 subsidiaries and/or majority-owned affiliates, as set forth on Exhibit A to the Receivership Order.

l.	"**Receivership Order**" means the Order Appointing Receiver, entered in the SEC Enforcement Action on or about April 14, 2016 (Dkt. 156).

m.	"**Registered Investment Adviser**" means any person or firm (including such person or firm's employees, agents, or representatives) registered as such with either the Securities and Exchange Commission or a state securities regulator, who provided advice, recommendations, reports, or analyses regarding Aequitas Securities to any Aequitas Investor, in exchange for any form of compensation.

n.	"**SEC Enforcement Action**" means the lawsuit titled *SEC v. Aequitas Management, LLC, et al.*, Case No. 3:16-CV-00438-JR, currently pending in the U.S. District Court for the District of Oregon.

3.	This Court has jurisdiction to enter this Limited Judgment.  The Court has subject matter jurisdiction over the SEC Civil Enforcement Action and subject matter jurisdiction over the settlements memorialized in the Claims Bar Settlement Agreements, including for, but not limited to, the reason that the settlements involve the disposition of assets of the Receivership Entity.  The Court has personal jurisdiction not only over the persons who have appeared in the SEC Civil Enforcement Action but also over any and all Former Aequitas-Related Parties, for reasons including, but not limited to, the connection of Former Aequitas-Related Parties to entities included within the Receivership Entity, which are Oregon-based, and/or the connection of Former Aequitas-Related Parties to the issuance and/or sale and/or solicitation of the sale of Aequitas Securities by Oregon-based entities.

4.	The Court finds that this Limited Judgment is procedurally fair to all Former Aequitas-Related Parties listed in Exhibit 1 hereto, regardless of whether they have appeared in the SEC Enforcement Action.  The Motion for Order (1) Approving Compromises of Claims,

4

(2) Approving and Authorizing Performance of Settlement Agreements, (3) Entering Claims

Bars, and (4) Removing a Receivership Entity and an Extended Entity ("Approval Motion" Dkt.

852 ), the Settlement Agreements, and the Proposed Limited Judgment were mailed to Former

Aequitas-Related Parties listed on Exhibit 1, or their attorneys where applicable.  A full and fair

opportunity to be heard was accorded to all Former Aequitas-Related Parties with respect to the

Receiver's Motion for Approval, which included approval of the Claims Bar Settlement

Agreements.  Thus, it is hereby determined that the Professional Firms, the Terrell Parties and all

Former Aequitas-Related Parties listed on Exhibit 1 hereto are bound by this Limited Judgment.

5.      The Claims Bar Settlement Agreements were approved in all respects, upon entry

of this Court's Order (Dkt.  866 ), and shall be consummated in accordance with their terms and

provisions.

6.      The Court finds that this Limited Judgment is substantively fair to all Former

Aequitas-Related Parties in that: (a) they receive reciprocal injunctions against Contribution

Claims being brought against them by any of the Professional Firms or Terrell Parties; and (b) in

the event any Former Aequitas-Related Party might otherwise have a Contribution Claim against

one or more of the Professional Firms or the Terrell Parties arising from a claim against the

Former Aequitas-Related Party by any Aequitas Investor, that Former Aequitas-Related Party

will receive a reduction of any judgment against him/her/it in at least the amount that the

Aequitas Investor received or is entitled to receive from any settlement with the corresponding

Professional Firm or Terrell Party.

7.      Each and every Former Aequitas-Related Party and all persons in active concert

with them are hereby permanently enjoined from asserting any Contribution Claims against any

PDX\129912\215141\AP\29301342.1

of the Professional Firms, including any of their past or present partners, owners, employees, insurers, successors or assigns, or any of the Terrell Parties in any proceeding whatsoever.

8. The Professional Firms, including any of their past or present partners, owners, employees, insurers, successors or assigns, and the Terrell Parties as well as all persons in active concert with them are hereby permanently enjoined from asserting any Contribution Claims against any Former Aequitas-Related Party, any Professional Firm or any Terrell Party, in any proceeding whatsoever.

9. If an Aequitas Investor obtains a judgment against any Former Aequitas-Related Party, that judgment shall be reduced by an amount at least equal to the amount of any settlement payment the Aequitas Investor received or is entitled to receive from the corresponding Professional Firm or Terrell Party.

10. Each of the Receivership Entity, Professional Firms, Terrell Parties and Former Aequitas-Related Parties shall bear their own costs and attorneys' fees.

11. Without affecting the finality of this Limited Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the Claims Bar Settlement Agreements; (b) enforcing and administering this Limited Judgment, including the injunctions contained herein; and (c) other matters related or ancillary to the foregoing.

**IT IS SO ORDERED.**

Dated: __Dec. 11____, 2020

_____
The Honorable Marco Hernández
United States District Court Judge

PDX\129912\215141\AP\29301342.1

October 27, 2020

EXHIBIT 1

| Individual Defendants | Advisory Board Members | Directors and Officers |
|---|---|---|
| Brian A. Oliver | Donna Miles | Alan A. Lordi |
| N. Scott Gillis | Edmund Jensen | Andrew N. MacRitchie |
| Robert J. Jesenik | Gillis Management Solutions Inc. | Anthony Buda |
| | James Von Gremp | Brett Brown |
| | Keith Barnes | Brian Rice |
| | L. Martin Brantley | Brian Zeck |
| | Patrick Terrell | Christopher Crow |
| | Robert Zukis | Craig Froude |
| | William Glasgow | Edward Texeria |
| | William C. McCormick | James P. Bisenius |
| | Andrew S. Craig | James F. Crumpacker |
| | | James H. Ganier |
| | | Jason MacRae |
| | | Jeffrey Mazer |
| | | Ekaterina Baron |
| | | Keith Gregg |
| | | Michael I. Chong |
| | | Michelle M. Agostine |
| | | Olaf Janke |
| | | Patricia Brown |
| | | Patty Whittington |
| | | Peter Hand |
| | | R. Scott Wood |
| | | Robert E. Bedtritis |
| | | Robert Holmen |
| | | Robert Noack |
| | | Rory Donnelly |
| | | Ryan McDonald |
| | | Stanley W. Smith |
| | | Steven Hedberg |
| | | Tammy Wood |
| | | Thomas M. Goila |
| | | Thomas P. Reiter |
| | | Thomas Sidley |
| | | Thomas Szabo |
| | | Warren Brasch |
| | | Wayne Marschall |
| | | William M. Malloy III |
| | | William Ruh |

PDX\129912\215141\AP\29301342.1

October 27, 2020

| Related Parties Excluded from Certified Class | RIAs |
|---|---|
| Atherton Capital Holdings, LLC | Alternative Capital Advisers, LLC |
| | Annadel Capital, Inc. |
| Edmund and Marilyn Jensen Tenants in Common | Ashton Thomas Private Wealth, LLC |
| | Axion Financial Group, LLC |
| | BKS Advisors, LLC |
| Marilyn Jensen | Client 1st Advisory Group, LLC |
| | Concert Wealth Management |
| Income Opportunity Capital, LLC | Copperstone Partners, LLC |
| | Criterion Wealth Management |
| MSSB Cust fbo William McCormick Sep IRA | De Groote Financial Group |
| | Del Mar Wealth Management |
| | Detalus Advisors, LLC (FKA Hancock Investment Advisors, LLC) |
| The William C. McCormick Trust dtd 4/19/2007; William C. McCormick, TTEE | Elite Wealth Management |
| | Encompass Wealth Advisors, LLC |
| William C. and Jani E. McCormick Foundation | Enviso Capital, LLC |
| | Etesian Wealth Advisors, LLC |
| | Family Office Research, LLC |
| Tracy Oliver | FourStar Wealth Advisors, LLC (FKA Fieldstone Financial Management) |
| WMI Investments, LLC | Fusion Analytics Investment Partners, LLC |
| | GF Capital Management & Advisors, LLC |
| | GM Advisory Group |
| | Good Harbor Financial, LLC |
| | GPS Capital Management, LLC |
| | Gupta Wealth Management |
| | Integrated Financial Solutions Group, LLC |
| | IMS Capital Management, Inc. |
| | Integrity Bank and Trust |
| | International Assets Advisory, LLC |
| | Juetten Personal Financial Planning, LLC |
| | Lebenthal Wealth Advisors, LLC |
| | Lebenthal & Co., LLC |
| | Legacy Consulting Group |
| | Malloy & Co. |
| | Manchester Financial |
| | Matrix Capital Advisors, LLC |
| | Miracle Mile Advisors, LLC |
| | Mirae Asset Wealth Management (USA) Inc. |
| | Morgan Stanley/Graystone Consulting |
| | Ocean Avenue Wealth Management (AKA Ocean Avenue Financial Services, LLC) |
| | Pierpont Investment Group |

October 27, 2020

Private Advisory Group LLC
Wacker Wealth Partners, LLC
Scottsdale Wealth Planning, Inc.
Sica Wealth Management, LLC
Steel Peak Wealth Management, LLC
Strategic Capital Group
VanClef Financial Group

PDX\129912\215141\AP\29301342.1

October 27, 2020