**Troy Greenfield**, OSB #892534
Email: tgreenfield@schwabe.com
**Lawrence R. Ream** (Admitted *Pro Hac Vice*)
Email: lream@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW Fifth Avenue, Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Facsimile:  503-796-2900

*Attorneys for Receiver for Defendants*
*AEQUITAS MANAGEMENT, LLC; AEQUITAS HOLDINGS, LLC;*
*AEQUITAS COMMERCIAL FINANCE, LLC; AEQUITAS*
*CAPITAL MANAGEMENT, INC.; AEQUITAS INVESTMENT*
*MANAGEMENT, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 3:16-Cv-00438-JR |
| Plaintiff, | **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION** |
| v. | |
| AEQUITAS MANAGEMENT, LLC; AEQUITAS HOLDINGS, LLC; AEQUITAS COMMERCIAL FINANCE, LLC; AEQUITAS CAPITAL MANAGEMENT, INC.; AEQUITAS INVESTMENT MANAGEMENT, LLC; ROBERT J. JESENIK; BRIAN A. OLIVER; and N. SCOTT GILLIS, | |
| Defendants. | |

Page 1 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

## **LOCAL RULE 7-1**

Owing to the complexity and volume of the Receiver's Request for Approval of Twenty-Fourth Interim Fee Application, the Receiver has not sought to confer with the other parties or counsel as would normally be required under Local Rule 7-1. In accordance with the direction set forth in the Order Appointing Receiver, the Receiver provided the Securities and Exchange Commission (the "Commission") complete copies of the detailed invoices of all of the firms prior to the filing of this Application and received no objection from the Commission.

## I.    **RELIEF REQUESTED**

The Court-Appointed Receiver in this action, Ronald F. Greenspan, respectfully requests the Court's approval to pay the interim fees and expenses of the Receiver and the professional service firms that have rendered services on behalf of the Receivership Entity for the period from January 1, 2022 through March 31, 2022 (the "Twenty-Fourth Application Period").

The efforts of the Receiver and the professionals on behalf of the Receivership Entity are set forth in detail in the March 31, 2022 Report of the Receiver (the "March 2022 Report")[1] as well as in the summary invoice of each professional, which are attached to the Declaration of Ronald F. Greenspan (the "Greenspan Declaration") filed contemporaneously with this motion.[2] As the Court is aware, this is a very complex and otherwise difficult case. The information contained in the March 2022 Report and in the summary invoices demonstrates both the necessity of the services provided, as well as the reasonableness of the resulting fees and expenses.

The Court has previously approved the engagement of each of the professional service

---

[1] Dkt. 979.

[2] Greenspan Declaration, Exhibits B through D.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

firms. In accordance with the request of the Commission, all of the firms have discounted their standard hourly rates. The fees and expenses submitted to the Court for approval are consistent with the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission (the "Billing Instructions"). In accordance with the direction set forth in the Order Appointing Receiver, the Receiver provided the Commission complete copies of the detailed invoices of all of the firms prior to the filing of this Application and the Commission does not object to the Application. Prior fees and expenses requested, allowed, and paid by the Receivership Entity are set forth in detail below.

## II.    BACKGROUND

On March 10, 2016, the Commission filed a Complaint (the "Complaint") against the Entity Defendants as well as Robert J. Jesenik, Brian A. Oliver and N. Scott Gillis (collectively the "Individual Defendants"), for alleged violation of Federal Securities Laws in what the Commission describes as a "Ponzi-like" scheme [Dkt. 1]. The Commission alleges that the Individual Defendants, all principals of one or more of the Entity Defendants, defrauded investors and also misused investor funds to pay operating expenses and to repay earlier investors.[3] The Commission further alleges that "[b]y the end of 2015 [Aequitas] owed investors $312 million and had virtually no operating income to repay them."[4] The investments identified by the Commission refer to the funds borrowed by ACF, one of the 48 entities composing the

---

[3] Dkt. 1, ¶¶ 1-7. Of note, one of the Individual Defendants, Brian Oliver, has pleaded guilty to conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Additionally, the former CFO Olaf Janke has also pleaded guilty to the same charges. Four additional former directors and officers have also been indicted.

[4] Dkt. 1, ¶ 5.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Receivership Entity. In total, there are over $600 million of investor funds in the Receivership Entity.

On March 16, 2016, pursuant to the Stipulated Interim Order Appointing Receiver, Ronald F. Greenspan was appointed as Receiver for the Entity Defendants and 43 related entities on an interim basis (the "Interim Order"). On April 14, 2016, pursuant to the Order Appointing Receiver, Mr. Greenspan was appointed as Receiver for the Receivership Entity on a final basis (the "Final Receivership Order").[5] In very general terms, the Receiver is directed to marshal and preserve assets of the Receivership Entity.

The Receiver filed a voluntary report and recommendations to the Court (the "Initial Report") for the first "stub quarter" ending June 30, 2016 [Dkt. 246], the first mandated quarterly report covering the period through September 30, 2016 [Dkt. 298] and subsequent reports covering the period through December 31, 2016 [Dkt. 365], through March 31, 2017 [Dkt. 444], through June 30, 2017 [Dkt. 491], through September 30, 2017 [Dkt. 559], through December 31, 2017 [Dkt. 587], through March 31, 2018 [Dkt. 610], through June 30, 2018 [Dkt. 644], through September 30, 2018 [Dkt. 662], through December 31, 2018 [Dkt. 674], through March 31, 2019 [Dkt 700], through June 30, 2019 [Dkt. 749], September 30, 2019 [Dkt. 776], through December 31, 2019 [Dkt. 793], through March 31, 2020 [Dkt. 826], through June 30, 2020 [Dkt. 843], through September 30, 2020 [Dkt. 860], through December 31, 2020 [Dkt. 872], March 31, 2021 [Dkt. 885], through June 30, 2021 [Dkt. 903], through September 30, 2021 [Dkt. 915], and through December 31, 2021 [Dkt. 922], which are collectively referred to herein as the

---

[5] Dkt. 156.

Page 4 -   **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

"Receiver's Reports." The March 2022 Report [Dkt. 979] is the Receiver's report and recommendations to the Court for the quarter ending March 31, 2022. The contents of the Twenty-Fourth Interim Fee Application, like the focus of the March 2022 Report, provides the basis for the fees and expenses incurred by the professionals on behalf of the Receivership for the quarter ending March 31, 2022.

A.    **<u>The Receiver has continued to successfully preserve and monetize Receivership assets, as well as implement the claims process and the distributions of Receivership assets.</u>**

The Receiver has successfully stabilized the Receivership Entity, preserved value when possible and facilitated the monetization of a majority of the Receivership assets, obtained approval of the Distribution Plan and completed three, Court-approved interim distributions of a majority of the Receivership assets. Through the quarter ended March 31, 2022, the Receiver has sold Receivership Entity gross assets and collected receivables totaling approximately $325 million, plus an additional $32 million of gross assets owned by CPFIT (an affiliate of the Receivership Entity but excluded from the Receivership itself), has collected proceeds from litigation and settlements totaling approximately $19 million, and has negotiated claims reductions exceeding $95 million as part of approved settlement agreements.

The Receiver has also entered into and substantially completed the implementation of a settlement with the Consumer Financial Protection Bureau ("CFPB") and fourteen state Attorneys General in connection with the Corinthian Colleges student loan portfolio held by Campus Student Funding, LLC, including modification or cancellation of each of the approximately 47,000 loans, and appropriate notification to each of the borrowers.

As previously discussed, on March 10, 2016, the SEC filed a complaint in this Court alleging that certain Aequitas executives and five entities had violated various federal securities

Page 5 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

laws. On June 6, 2016, the SEC and the Receiver, acting on behalf of the Aequitas Entity

Defendants, filed a consent judgment with the Court, which resolved the claims set forth in the

SEC Complaint against the Entity Defendants only, without admitting or denying the numerous

allegations. A final judgement in this case as to Aequitas Management, LLC; Aequitas Holdings,

LLC; Aequitas Commercial Finance, LLC; Aequitas Capital Management, Inc; and Aequitas

Investment Management, LLC was entered by the Court on April 13, 2020 [Dkt. 822]. Summary

information related to this judgment and final judgments on consent against the three top

executives can be found at https://www.sec.gov/litigation/litreleases/2020/lr24805.htm.

As mandated by the Final Receivership Order, the Receiver conducted his forensic

investigation and the resulting forensic report (the "Forensic Report") was filed with the Court

on November 21, 2018 [Dkt. 663].

On April 25, 2019, the Court entered the Order (1) Establishing Claims Bar Date, (2)

Approving The Form And Manner Of Notice, And (3) Approving The Proof Of Claim Form,

Procedures And Other Related Relief (the "Claims Procedures Order").

The Receiver then proceeded expeditiously to implement the claims process as mandated

in the Claims Procedures Order. As of March 31, 2022, 341 claims had been received and 4,830

Notices of Receiver's Initial Determination had been issued.[6] The Receiver has adjudicated the

vast majority of the claims that were filed against the Receivership Estate and is actively

pursuing resolution of a handful of remaining claims.

---

[6] Certain claims agree with the Notice of Receiver's Initial Determination, and a number of filed
claims are duplicative. Therefore, the number of actual claims is less than the sum of the filed
claims and NODs issued.

Page 6 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-
FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

On December 23, 2019, with the goal of mitigating certain potential tax consequences and maximizing the future distributions on the Allowed Claims, the Receiver filed his motion and the Court entered the Order to Authorize, Approve, and Take Continuing Jurisdiction Over a Qualified Settlement Fund ("QSF"), and For Related Relief [Dkt. 781]. Subsequently, on December 31, 2019, the Receiver filed his Motion for Order (1) Approving Form And Manner Of Notice Regarding Approval Of Proposed Distribution Plan And Ponzi Determination, (2) Approving Procedures And Deadlines, (3) Setting A Hearing, And For Related Relief [Dkt. 785], which was approved by the Court on January 14, 2020 [Dkt. 790].

Also on December 31, 2019, the Receiver filed his Motion to Approve the Receiver's Distribution Plan And Determination Of A Ponzi Scheme [Dkt. 787]. The Court held a telephonic hearing on this Motion on March 31, 2020 and, following no objections raised at the hearing or otherwise remaining unresolved, the Court entered Findings of Fact and Conclusions of Law, approving the Receiver's Distribution/Ponzi Determination Motion, as expressly modified by the Receiver [Dkt. 813].

In the first half of 2020, the Receivership staff and the retained professionals expeditiously managed a distribution plan noticing campaign based on the form and manner of notice that had been approved by the Court. At least 4,796 notices were sent to the parties that were required to be noticed by the Court and relevant information was posted on the Receivership website.

On May 15, 2020, the Receiver's Motion to Approve Classification, Allowance of the Amount of Claims for Certain Claimants (Administrative Claims, Convenience Class Claims, and Former-Employment Claims), and Approving Distributions to those Claimants [Dkt. 835] and the related pleadings were filed with the Court. The Motion was unopposed and was

Page 7 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

approved by the Court on June 1, 2020 [Dkt. 838]. Following Court approval in June of 2020, the Receivership staff and retained professionals completed the first distribution in the amount of $973,797.

On October 21, 2020, the Receiver's (Second) Motion to Approve Classification of Certain Claims (Administrative, Former-Employees, Convenience Class, Defrauded Investors, Creditors, Individual Defendants, and Pass-Through Investors), and Allow and Approve Distributions on Account of Certain Claims ("Second Distribution Motion") and related pleadings were filed with the Court. [Dkt. Nos. 848-850]. This Motion addressed 2,056 claims across seven different claim classes. The Second Distribution Motion was approved by the Court on November 10, 2020 [Dkt. 861]. The Second Distribution was substantially completed by the end of 2020, with approximately $73.5 million going to Defrauded Investors.

In the first quarter of 2021, the Receivership staff and the retained professionals focused on the various tasks of completing the Second Distribution, including but not limited to extensive communication with the Investors and their representatives, addressing Investor inquiries, re-issuing distributions on a case-by-case basis under special circumstances, and preparing for and implementing required tax reporting related to the Second Distribution.

During the second quarter of 2021, the Receivership staff and the retained professionals prepared for the next (third) interim distribution and resolution of the remaining claims. On July 16, 2021, distribution notices were mailed to 1,674 parties and relevant information, including answers to an exhaustive set of FAQs was posted on the Receivership website. On July 19, 2021, the Receiver filed a Third Motion to Approve Classification of Certain Claims (Administrative, Convenience Class, Creditors, and Defrauded Investors), Allow and Approve Distributions on Account of Certain Claims, and Approving Distributions to Claimants Who Elect

Page 8 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

Reclassification To Convenience Class Status (the "Third Distribution Motion"), by which the

Receiver proposed to distribute approximately $22 million to several classes of claimants. The

Third Distribution Motion was approved by the Court on August 5, 2021. The Receiver

completed the third interim distribution in the fourth quarter of 2021.

From the outset of the Receivership and through this Application Period, the Receiver

and his team have expended considerable time and effort to orchestrate successful resolution of

investors' claims against the professional firms that served the various Aequitas entities such as

Tonkon Torp, Integrity Bank & Trust, Deloitte & Touche, EisnerAmper, Sidley Austin, Duff &

Phelps, and TD Ameritrade ("Professional Firm Defendants").

In particular, development of the Receivership Entity's consolidated database,

preparation of the Forensic Report and facilitation of multiple large-scale, multi-day

mediation sessions paved the way for the following:

- Payments from the Professional Firm Defendants to the class
  totaling $234,613,000, as well as multiple additional seven- and
  eight-figure payments to other plaintiff groups presently subject to
  confidentiality agreements;

- Releases of contribution and other claims of the Professional Firm
  Defendants against the Receivership Entity, including the release
  of $50 million contribution claim presented by Deloitte; and

- Contingent releases of contribution and other claims of the
  Professional Firm Defendants against the Individual Defendants,
  Advisory Board members and other former officers and directors.
  The original releases were contingent upon those parties releasing

Page 9 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

claims to the proceeds of the insurance policies maintained by entities comprising the Receivership Entity.

The efforts of the Receiver to facilitate resolution of investor claims against the Professional Firm Defendants have greatly accelerated anticipated distributions to the investors, both direct distributions of the settlement proceeds and ultimately distributions from the Receivership estate and will meaningfully reduce the cost of administering the Receivership.

On October 22, 2020, the Receiver filed a Motion for Order (1) Approving Compromises of Claims, (2) Approving and Authorizing Performance of Settlement Agreements, (3) Entering Claims Bars, and (4) Removing a Receivership Entity and an Extended Entity ("Motion to Approve Settlements") and related pleadings [Dkt. Nos. 852 – 855] encompassing 36 settlements.  Amongst other requested relief, the Receiver sought approval of the settlement agreement resolving all claims presented in the consolidated insurance coverage action other than those of the Receiver against Catlin. Judge Jolie A. Russo granted the Receiver's Motion to Approve Settlements on November 10, 2020, by way of Findings, Recommendations and Order [Dkt. 862], that were simultaneously referred to Judge Marco A. Hernandez for review [Dkt.863]. On December 11, 2020, Judge Hernandez issued an Order adopting Judge Russo's Findings and Recommendation and granted the Receiver's Motion to Approve Settlements [Dkt. 866] and entered the Amended Limited Judgment As To The Professional Firms And The Terrell Parties, including Permanent Injunctions [Dkt. 876].

On April 16, 2021, the Receiver filed a Motion for Order Approving Compromises of Claims and Authorizing Performance of Settlement Agreements

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

("Second Motion to Approve Settlements") and related pleadings [Dkt. Nos. 881-883] involving 47 additional settlements. On May 6, 2021, the Court entered an order granting the Receiver's Second Motion to Approve Settlements. [Dkt. No. 886].

On July 7, 2021, the Receiver filed another Motion for Order Approving Compromises of Claims and Authorizing Performance of Settlement Agreements ("Third Motion to Approve Settlements") and related pleadings [Dkt. Nos. 889-891], that was granted by the Court on July 26, 2021 [Dkt. No. 898].

On October 27, 2021, the Receiver filed another Motion for Order Approving Compromises of Claims and Authorizing Performance of Settlement Agreements ("Fourth Motion to Approve Settlements") and related pleadings [Dkt. Nos. 912-914], seeking the Court's approval of 25 additional settlement agreements that collectively result in payments to the Receivership Estate totaling $1,207,892.90. On November 23, 2021, the Court entered an order granting the Receiver's Fourth Motion to Approve Settlements [Dkt. No. 916].

During this Application Period, on March 24, 2022, the Receiver filed another Motion for Order Approving Compromises of Claims and Authorizing Performance of Settlement Agreements ("Fifth Motion to Approve Settlements") and related pleading [Dkt. Nos. 961-963], seeking the Court's approval of 16 additional settlement agreements that collectively result in payments to the Receivership Estate totaling $1,111,798.00. On April 12, 2022, the Court entered an order granting the Receiver's Fifth Motion to Approve Settlements [Dkt. No. 974].

The settlements addressed in the Receiver's First, Second, Third, Fourth, and Fifth Motions to Approve Settlements resulted in over $22.3 million in direct monetary

Page 11 - **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

benefits to the Receivership Estate.  Additionally, these settlements have eliminated tens of millions of dollars of claims against the Receivership Estate, materially increasing the recovery on the allowed claims of the Defrauded Investors and others.

During this Application Period, the Receiver and Receivership professionals worked on the resolution of the claims filed by American Student Financial Group, Inc. and TRD Consulting, LLC, as discussed in more detail further in the Application.

The Receiver and his retained professionals continue to actively pursue recoveries on the remaining claims that the Receivership holds against various parties, including but not limited to a very limited number of non-settling net winners and other parties who received transfers of value from Aequitas during the Ponzi period.  The Receiver's goal is to conclude these recovery efforts during 2022, although this timetable will necessarily depend upon the posture of the adverse parties and the Court's calendar.

During the subject reporting period, the Receiver and his remaining retained professionals continue to work on various aspects of the gradual operational wind down, despite the challenges presented by the COVID-19 pandemic. Earlier in the year, significant changes to the IT infrastructure were finalized, including completing transition to an off-site data center and strengthening the infrastructure security by implementing a two-factor authentication process. The office utilized by the Receivership staff was relocated at the end of the first quarter of 2021, with the footprint and rental cost significantly reduced. The Receiver has obtained flexible termination provisions in the Receivership's current office and is able to vacate the premises and terminate the lease when the space is no longer needed or the Receivership winds up.

During the Application Period, the Receivership staff and retained professionals expended significant effort planning the next phase of the IT footprint and spend reduction,

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

including transitioning to a 100% cloud-based solution. The Receivership staff and retained professionals completed the evaluation of the Receivership infrastructure and data assets and secured a favorable contract with a cloud service provider for the cloud-based transition and infrastructure hosting. As of the date of this Application, the implementation of the transition to the cloud-based infrastructure is essentially completed. The Receiver's focus in this process remains on ensuring that appropriate systems are in place to efficiently support the Receivership's ongoing operations through the wind-down and to preserve information that may be relevant to ongoing litigation.

The Receivership continued to facilitate discovery, with 297 parties accessing the database, which contains 17.5 million documents, through March 31, 2022, and provide financial and tax administration including preparing numerous Receivership Entity tax returns.

**B.** **The Receiver continues to manage the Receivership Entity and recommends that the Receivership continue for the benefit of investors and creditors.**

It remains the Receiver's recommendation that the Receivership be continued. A number of the conditions under which the Receivership was imposed still exist.  While we are in the homestretch, several crucial steps remain before the Receiver can reasonably seek an order terminating the Receivership.  The Receiver must finish monetizing the remaining assets in a manner and on a timeline consistent with reasonably maximizing the value to stakeholders.  The Receiver also must (i) complete the claims processes, (ii) complete necessary litigation, (iii) manage any remaining distributions, and (iv) wind down the estate.

Although the consumer loan portfolios have been immensely reduced, the remaining loans owned by the Receivership require management until they are monetized or otherwise resolved. The Receiver and his team fill the management gap left after the termination of the

Page 13 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

Individual Defendants and the departures of other management and staff (more than 95% of pre-Receivership employees are no longer with the companies comprising the Receivership Entity). Absent that day-to-day, hands-on management, risks would significantly increase and the Receivership Entity's, and, ultimately, the investors' value would be diminished. .

Feedback from Commission staff and Aequitas investors regarding our progress thus far has been positive. The Receiver is very mindful of the priorities to proceed both expeditiously and economically, to make interim distributions whenever possible, and conclude this Receivership in an equitable fashion as soon as practicable. The Receiver believes he has the constituent's support and encouragement to continue his efforts, and that they also support the continuation of the Receivership.

**C.** **The following qualified professional service firms have been engaged by the Receiver to aid in the discharge of his duties and responsibilities to the Receivership Entity.**

On March 16, 2016, pursuant to the Interim Order, the Receiver engaged FTI Consulting, Inc. ("FTI"), as well as the law firms of Pepper Hamilton LLP ("Pepper"), Schwabe, Williamson & Wyatt PC ("Schwabe") and Pachulski Stang Ziehl & Jones LLP ("Pachulski") on an interim basis. On April 14, 2016, pursuant to the Final Receivership Order, the Receiver engaged FTI, Pepper, Schwabe and Pachulski on behalf of the Receivership Entity.

On July 18, 2016, pursuant to the Order Granting Receiver's Application To Employ Counsel, the Receiver employed the Law Offices of Stanley H. Shure ("Shure"), Akin Gump Strauss Hauer & Feld LLP ("Akin"), Morrison & Foerster LLP ("MoFo") and Ater Wynne LLP ("Ater") *nunc pro tunc* to March 10, 2016.

On May 3, 2018, pursuant to the Order Granting Receiver's Application to Employ Counsel, the Receiver employed Snell & Wilmer LLP ("Snell & Wilmer") in order to retain

Page 14 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

attorney, Ivan B. Knauer, who relocated from Pepper Hamilton to Snell & Wilmer.

On June 10, 2019, pursuant to the Order Granting Receiver's Application to Employ Counsel, the Receiver employed Parsons, Farnell & Grein, LLP ("Parsons Farnell") as local insurance counsel for the Receiver.

1.    **FTI Consulting - Receiver, Financial Advisor and On-Site Management**

The Receiver is employed as a Senior Managing Director of FTI, which bills and collects for the Receiver's time and expenses. To support the Receivership, the Receiver has retained FTI and has access to FTI professionals. FTI is serving as financial advisor to the Receiver and providing on-site and remote (given the current restraints imposed by the Covid-19 pandemic) management supervision over the operations of the Receivership Entity. Additionally, FTI has been instrumental in preparing assets for market, running certain sale processes, data and information consolidation, investor account data verification, coordinating and overseeing the forensic accounting, implementation of the national Corinthian Colleges student note receivable settlement with the CFPB and fourteen state Attorneys General, planning and implementation of the claims process, distribution plan development and implementation, and the wind down of the estate.

2.    **Pepper Hamilton - Securities and Exchange Commission Counsel**

Pepper was retained by the Receiver in connection with SEC-related matters, including the SEC Complaint and discovery promulgated thereunder. Pepper has also acted as a point of contact for the Receiver with the Consumer Financial Protection Bureau (the "CFPB") and certain other governmental agencies. Pepper has also assisted the Receiver with certain transactional work.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

3.     **Snell & Wilmer - Securities and Exchange Commission Counsel**

Following the move of attorney Ivan Knauer from Pepper to Snell & Wilmer around May 1, 2018, Snell & Wilmer represented the Receiver in connection with SEC-related matters, including the SEC Complaint and discovery promulgated thereunder. Snell & Wilmer also represented the Receiver regarding other regulatory inquiries and acted as a point of contact for the Receiver with the state Attorneys General, Consumer Financial Protection Bureau (the "CFPB") and certain other governmental agencies. Counsel was diligently ensuring there was no duplication in work performed by Pepper and Snell & Wilmer.

4.     **Schwabe, Williamson & Wyatt – General Counsel**

As general counsel to the Receiver, Schwabe provides general outside counsel advice, as well as the majority of transactional and litigation support for all matters other than the SEC action. As periodically requested by the Receiver and as required of local counsel, Schwabe assists in the SEC enforcement action. Schwabe also communicates with the Commission Staff regarding operations, asset sales and other issues related to the administration of the Receivership.

5.     **Pachulski Stang Ziehl & Jones – Bankruptcy Counsel**

Pachulski has been retained to provide advice involving bankruptcy related matters, if needed. Pachulski also advised the Receiver at outset of the case on various receivership set up and administration matters and performed lien perfection analyses.

6.     **Stanley H. Shure – Insurance Counsel**

The Law Offices of Stanley H. Shure was retained to provide counsel on all insurance coverage issues pertaining to the Receivership Entity, including but not limited to: (a) reviewing

Page 16 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

and analyzing the Receivership Entity's liability insurance policies with respect to the claims made against it, (b) providing counsel in the event of insurance coverage disputes with the Receivership Entity's insurers, (c) evaluating the "Bankers Bond" policy for scope of coverage and whether the Receivership Entity holds any claims under the policy, and (d) analyzing and providing counsel with respect to claims, if any, that the Receivership Entity may have against former directors and officers of the Receivership Entity.

## 7.    Morrison & Foerster – Consumer Financial Protection Bureau

Before the Commission filed suit, MoFo was counsel for three entities within the Receivership Entity: Aequitas Capital Management, Inc., Aequitas Commercial Finance, LLC, and Campus Student Funding, LLC on two matters. Specifically, MoFo represented those three entities with respect to (a) the Corinthian Colleges' bankruptcy case, and (b) an investigation initiated by the CFPB and certain state attorneys general relating to Corinthian-related student loans owned by Campus Student Funding (the "CFPB Matter"). The Receiver has retained MoFo with respect to ongoing representation in the CFPB Matter only and assistance with various consumer finance matters.

## 8.    Akin Gump Strauss Hauer & Feld – American Student Financial Group, Inc.

Prior to entry of the Interim Order, Akin was counsel to certain entities within the Receivership Entity in two matters. First, Akin represented Aequitas Capital Management, Inc. in the matter of American Student Financial Group, Inc., et al. v. Aequitas Capital Management, Inc., Case No. 12-cv-02445-CAB-JMA (S.D. Cal.). Akin also represented Robert Jesenik and Andrew MacRitchie in that action but claims against those individuals were dismissed on summary judgment. Second, Akin has represented the following companies in the Receivership

Page 17 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

Entity, in the matter of American Student Financial Group, Inc. v. Campus Student Funding, LLC, et al., Case No. 37-2013-00028562-CU-IP-CTL (San Diego Superior Court):  Aequitas Commercial Finance, LLC; Aequitas Investment Management, LLC; Aequitas Income Protection Fund, LLC; Aequitas Income Opportunity Fund, LLC; and Aequitas Capital Management, Inc. Akin has also represented Campus Student Funding, LLC, f/k/a ASFG, LLC, Thomas Szabo, and Thomas Reiter in the same matter.

9.    **Parsons Farnell & Grein, LLP-Local Counsel for Insurance matters**

Parsons Farnell is special co-counsel serving as local insurance recovery counsel for the Receiver in connection with claims implicating directors and officers insurance coverage issued to one or more of the entities comprising the Receivership Entity.

10.    **Ater Wynne – Conflicts Counsel regarding Wells Fargo Bank, NA**

Ater was retained to represent the Receiver with respect to matters adverse to Wells Fargo Bank and other matters where the Receiver's retained counsel had a conflict of interest. The Wells Fargo liability has been retired. Ater withdrew as counsel to the Receiver effective April 4, 2017 [Dkt. 396].

D.    **The Receiver and the professional firms have already returned millions of dollars to the Receivership Entity.**

Following the significant distributions made in 2020 and 2021 and collections resulting from a number of settlements, the Receiver had cash balances of approximately $25 million as of March 31, 2022 for the entities included in the Receivership Entity. The Standardized Fund Accounting Report, which is included in the Receiver's March 2022 Report, provides a detailed statement of cash receipts and disbursements through March 31, 2022. The following are brief

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

summaries of some of the ongoing asset monetization and sales efforts undertaken or impacted during the Twenty-Fourth Application Period.

### 1.    Campus Student Funding

On August 17, 2017, the Court approved Receiver entering into the nationwide settlement with Consumer Financial Protection Bureau (CFPB) and thirteen state Attorneys General in connection with the Corinthian Colleges private student loan portfolio owned by the Receivership (the "Settlement") [Dkt. 495]. Subsequently, on June 12, 2018, the Court approved the Receiver's Motion for Approval of Proposed Settlement with Massachusetts Attorney General. [Dkt. 620]. The Massachusetts Settlement, implemented in the form of an Assurance of Discontinuance, became effective on June 21, 2018.

Following the very significant effort expended by the Receivership on the implementation of the Settlement at the end of 2017 and in the beginning of 2018, which resulted in processing relief in connection with approximately 47,000 loans, the Receiver continued to implement the remaining obligations under the Settlement in 2018. Subsequently, the Receivership Staff and retained professionals continued to work with the regulators to address any questions that came up in the course of the operations of the portfolio.

Additionally, the Receivership continued to maintain a detailed informational website for the borrowers in connection with the Settlement. Most of the borrower inquiries are being addressed by the servicer but the Receivership also addressed 1,920 borrower inquiries directly (through March 31, 2022). In addition to addressing direct borrower inquiries, the Receivership staff and retained professionals monitor, review, and

Page 19 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

respond to borrower complaints that are submitted through the CFPB on-line consumer

complaint portal or through other venues. All these activities are instrumental in

mitigating the Settlement implementation risk to the Receivership, reducing the number

of potential borrower complaints, and stabilizing the portfolio.

To handle potential borrower inquiries related to the 1099 tax forms, the

Receivership has set up an outsourced call center that handled 2,446 calls, including

1,077 calls answered by agents, through March 31, 2022 (the rest of the callers chose to

only listen to a detailed recorded message). The Receivership staff and retained

professionals worked closely with the call center vendor to review call logs and monitor

the performance to make sure that the borrowers receive appropriate information.

In the reporting period, the Receivership team continued to work closely with the loan

servicer and help address borrower inquiries. The Receiver is continuing to monitor the portfolio

performance and evaluate the next steps in connection with the monetization and the wind down

of the remaining portfolio.

## 2.    MotoLease Financial (MLF)

MLF holds subprime consumer leases for motorcycle and other recreational

vehicles. Through March 31, 2022, the Receiver has collected approximately $16.1

million on account of the leases owned at the beginning of the Receivership. During this

Application Period, the Receivership staff and retained professionals expended

significant effort planning and implementing the wind down of the portfolio, including

exploring opportunities to monetize the remnant assets. As part of the portfolio wind

down process, on June 21, 2022, the Receiver filed a Motion to Abandon All Right, Title,

And Interest in Certain Tangible Personal Property Of Motolease Financial, LLC [Dkt.

Page 20 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-
FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

985], which motion is currently pending in front of the Court.

### 3.    Portland Seed Fund (PSF)

Portland Seed Fund is an investment in a local venture capital fund providing early-stage capital to Oregon based start-ups.  Proceeds from two recent monetization's of investments by the Fund were distributed to PSF members, including the Receivership, in June and August of 2021.  The cumulative distributions from PSF are now greater than the contributions, and additional distributions are expected in the second and third quarters of 2022.

The Receiver and his professionals have continued exploring opportunities to monetize the remaining PSF interest in the context of the PSF anticipated future wind down. At this time, the Receiver intends to hold this asset until further notice.

### E.    <u>Ongoing Litigation</u>

As addressed in prior reports and reflected in the previously disclosed settlements, the Receiver continues his frequent engagement in negotiations with a number of parties to recover Receivership assets and/or to resolve substantial, disputed claims. Consistent with the Court's prior and any subsequent orders, to the extent negotiated resolutions are not reached with any of the parties, the Receiver will file additional actions.

### 1.    Newman

The Court granted summary judgment in favor of the Receiver on claims for breach of a promissory note.  Together with attorney fees, the judgment against the defendants, Robert Jesenik's relatives, totaled $462,754.68 plus interest. The Receiver necessarily initiated judgment debtor proceedings. In light of the defendants' financial circumstances, the Receiver negotiated a compromise resolution. The Court recently approved the settlement [Dkt. No. 974] and the

Page 21 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

defendants paid $334,000 to the Receivership Estate.

##    2.    Net Winners

With the benefit of the Court's determination that the consolidated Aequitas enterprise was operated as a Ponzi scheme at least as early as July 1, 2014 [Dkt. 813], the Receiver and his team gathered and analyzed data to identify "net winners" (investors who received funds in excess of their initial investments prior to initiation of the Receivership) and determine the amount of their net winnings. The Receiver then provided individual net winners a summary of their account activity as well as a pre-litigation offer of settlement. The majority of the net winners accepted the Receiver's offer and made the corresponding repayment to the Receivership Estate. Those net winner settlement agreements were addressed in the Receiver's First, Second, and Third Motions to Approve Settlements.

In accordance with the prior orders of the Court, on June 28, 2021, the Receiver filed suit against all net winners who did not agree to return their net winnings to the Receivership Estate ("Net Winner Defendants"), seeking to recover approximately $2,000,000 plus interest. Since filing suit, the Receiver has resolved the Receivership Entity's claims against 38 of the Net Winner Defendants. On November 23, 2021, and on April 12, 2022 (during this Application Period), the Court entered orders granting the Receiver's Fourth and Fifth Motion to Approve Settlements, including, respectively, those with 23 and 11 of the Net Winner Defendants.

The table below summarizes the status of the net winner recoveries as of June 30, 2022.

| Net Winner Settlement Summary  (as of 06/30/22) | # of Parties | Amount |
|---|---|---|
| Cash Received from Net Winners | 104 | $3,238,428 |
|     Additional Installment Payments Outstanding | | $540,910 |
| Distribution Offsets | 9 | $490,490 |
| Total | 113 | $4,269,827 |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

The Receiver issued a final settlement offer to the remaining Net Winner Defendants and will soon file a motion for entry of summary judgment against the very few who did not accept the offer.

### 3. Lawsuits Against Recipients of Commissions, Consulting Fees and Advisory Fees

On July 9, 2021, the Receiver filed suit against eleven different parties who received transfers from Aequitas during the Ponzi Period that were nominally referred to as commissions, consulting fees or advisory fees, seeking to recover approximately $1,210,000 plus interest. The Receiver has negotiated settlement agreements with nine of the eleven parties, obligating those parties to collectively return $786,000 to the Receivership Estate.

### 4. Other

The Receiver is in the midst of settlement negotiations with additional parties, the majority of which are subject to claims for breach of contract and fraudulent conveyance. As indicated above, in the event the claims cannot be resolved in the best interests of the Receivership Estate, the Receiver will commence litigation in accordance with the prior orders of this Court.

### F. The Claims Process

The Receiver undertook an extensive claim noticing process that included notices by publication in 15 major newspaper, issuance and dissemination of a press release, and mail and email noticing of over 6,982 parties, including at least 4,830 parties who received a Notice of Receiver's Initial Determination.

In total, the following number of Notices were sent out:

Page 23 -    RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-
FOURTH INTERIM FEE APPLICATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

| | |
|---|---|
| Investor with NOD | 2,060 |
| Other Pre-Receivership Creditor / Vendor with NOD | 2,040 |
| Employee with NOD | 84 |
| Administrative Claimant with NOD | 646 |
| Non-NOD notices (not counted above) | 2,152 |
| **Total Notices** | **6,982** |

1.      **Additional Information Sharing**

Consistent with the requirement of the Claims Procedures Order, the Receiver set up a dedicated data sharing site that allowed him to provide copies of notices to the legal counsel representing various potential claimants. In some instances, copies of the notices were email to legal counsel directly.

While not required by the Claims Procedures Order, in the spirit of cooperation, the Receiver elected to also share copies of the notices received by investors with their Registered Investment Advisors ("RIA") upon receipt of a confirmation of investor's consent to the Receiver's sharing of such information.

2.      **Responding to Claims Process Inquiries**

Following the mailing of the claims process notices, the Receiver and his staff received numerous follow up inquiries from various parties, including potential claimants and their representatives. Through March 31, 2022, over 2,364 inquiries in connection with the claims

Page 24 -   **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

process, distributions, and related tax reporting were addressed directly by the Receivership staff and professionals. The Receivership team is continuing to field and respond to inquiries as they are received.

### 3.    Claims Processing and Analysis

The Receiver's professionals and staff have performed the review of the filed claims and have submitted three motions to the Court to approve classification and allow distributions on certain claims. Through the date of the March 2022 Report, the Court has fully or partially adjudicated 4,798 claims. Since the dated of the prior status report and during this Application Period, the Receiver has filed four motions to disallow claims and one motion to settle a claim, which motions were subsequently approved by the Court. Two claims were voluntarily withdrawn by claimants following discussions with Receivership professionals.

As discussed earlier, during this Application Period, the Receiver and Receivership professionals worked on the resolution of the claims filed by American Student Financial Group, Inc. ("ASFG") and TRD Consulting, LLC ("TRD"). Prior to the filing of the Receivership, ASFG (and its related entity, TRD) filed two lawsuits against Aequitas Entities in California. By stipulation, venue was transferred to the Receivership Court. Funds that Aequitas had deposited into the California Court registry were also transferred to the Receiver and placed in a segregated account. ASFG and TRD jointly filed a claim in excess of $27 million in the Receivership and asserted an interest in the segregated funds, which the Receiver disputes. Subsequent to filing its proof of claim, ASFG changed its name and filed a bankruptcy in Florida. The Receivership was not given notice of ASFG's bankruptcy filing and only subsequently came to learn of the

Page 25 -   **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

bankruptcy. ASFG's bankruptcy necessitated extensive analysis, briefing and the filing of a motion in the Receivership proceeding to deal with ASFG's previously unknown bankruptcy (the "Bankruptcy Related Motion"). Subsequent to the filing of the Bankruptcy Related Motion, the Receiver and ASFG's Liquidating Trustee conducted extensive negotiations, resulting in a compromise and the recent filing of a motion to approve the compromise and disbursement of the segregated funds (the" Compromise Motion"). TRD objected to the Compromise Motion. The Compromise Motion is now under consideration by the Receivership Court.

Through March 31, 2022:

- 4,857 Notices of Receiver's Initial Determination ("NOD") were mailed or emailed out by the Receivership (including 4,830 original NODs and 27 replacement NODs).

- 338 individual claim submissions were received by Epiq (the claims agent) including:

    o    33 duplicates

    o    3 claims representing amendments of previously filed claims

    o    41 late-filed claims

- 3 claims that were submitted prior to the Bar Date Order and the establishment of the claims process.

Of the 302 non-duplicative individual claims submissions received above, at least 15 non-duplicative claims did not list any appropriate Aequitas Receivership entities. Additionally, 68 of the non-duplicative claims were filed against multiple Aequitas Receivership entities. As detailed in the Report of Cash Receipts and Disbursements,

Page 26 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

attached as Exhibit B to the March 2022 Report, for the purpose of consolidated reporting, these claims are counted only once. On the individual entity reports, each entity determined on a preliminary basis as being named in the claim form has the claim included in its count.

Based on the initial review by the Receivership staff, the following is a summary of non-investor claims filed (or allowed NODs if no claim filed). The Receivership staff is continuing to review all submissions to determine the validity of claims. Nothing in the summaries should be considered an acceptance or allowance of any claim.

| Non-Investor Claims | Count |
|---|---|
| NODs Mailed | 2,770 |
| Unique claims filed | 89 |
| | |
| Less: Claims filed and NOD sent | (20) |
| Total Non-Investor Claims | 2,839 |

| Non-Investor Claim Type | Count | Amount as Filed or Allowed |
|---|---|---|
| Non-Officer Former Employees >$12,850 | 41 | 1,438,316 |
| Non-Officer Former Employees <=$12,850 | 46 | 384,668 |
| CarePayment Refund Checks | 2,430 | 183,156 |
| Campus Student Funding Refund Checks | 189 | 61,614 |
| Taxes | 43 | 510,261 |
| Other Claims >$20,000 | 15 | 88,704,271 |
| Other Claims <=$20,000 | 75 | 248,897 |
| Total | 2,839 | $ 91,531,183 |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Top Ten Non-Investor Claims

| Claimant Name | Amount | |
|---|---|---|
| Deloitte & Touche LLP[7] | $ | 50,000,000 |
| ASFG Inc & TRD Consulting LLC | | 27,381,257 |
| Norman Gary Price/Strategic Capital Group | | 5,638,129 |
| CBL Insurance Ltd | | 1,994,000 |
| DELL Financial Services LLC | | 1,124,865 |
| Olaf Janke | | 897,360 |
| Akin Gump Strauss Hauer & Feld LLP | | 646,127 |
| Brian K Rice | | 438,837 |
| Salesforce.com Inc. | | 346,478 |
| JCPR Inc D/B/A J Connelly | | 65,998 |
| Total Top Ten Trade Claims | $ | 88,533,050 |

**G.      The Receiver and the professional service firms have consistently strived to minimize costs.**

As addressed above, in accordance with the request of the Commission, the Receiver and all of the professional firms have discounted their standard hourly rates. The Receiver is consistently mindful of the professional expenses and manages the work in the most cost-effective manner possible. He strives to avoid duplication of effort by the engaged professionals.

**1.      Day-to-Day Management**

With the termination of Aequitas management, the Receiver has needed to supervise the day-to-day operations of the various Receivership Entities. In addition to the daily management duties, the Receiver has focused on several key areas of his mandate, including marshaling, preserving and monetizing all assets for the benefit of the investors, as well as managing the claims process and distributions on Allowed Claims.

---

[7] On January 24, 2020, the Receiver executed a settlement agreement with Deloitte regarding their contribution claim.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

The Receiver and his professional team have been working on various aspects of the gradual operational wind down, despite the challenges presented by the COVID-19 pandemic. The significant changes made to the IT infrastructure during this Application Period, including transitioning to an off-site data center and scaling down certain service agreements, have allowed to reduce certain IT costs. The office utilized by the Receivership staff was also relocated at the end of the first quarter of 2021, with the footprint and rent significantly reduced, resulting in annualized rent savings of approximately $202,000, and the Receiver allowed to terminate the new lease upon notice to the landlord. As part of the relocation, the Receivership has disposed of the remaining surplus office furniture and various equipment. The Receiver is currently finalizing further infrastructure reduction, having transitioned to a 100% cloud-based solution as discussed earlier. Such transition is expected to provide additional cost savings, reduction in infrastructure management requirements, and more flexibility going forward, while allowing the Receivership to continue its necessary operations during the wind-down period.

## 2.    Bank Accounts

As discussed in the Initial Report, the Receiver has instituted an integrated on-line platform that facilitates banking, processing of future distributions, and cash reporting for receivership cases.  As assets are being monetized, the Receiver has been closing bank accounts that are no longer necessary. Following the approval of the QSF by the Court at the end of 2019, the Receiver has established separate QSF bank accounts and has consolidated the majority of the funds controlled by the Receiver in such account(s).  In 2020 and 2021, the Receiver closed 39 of the legacy Receivership bank accounts that were no longer needed for the ongoing operations of the Receivership and the QSF. This helped streamline the Receivership cash management operations and facilitate the wind down. As of March 31, 2022, the Receiver

Page 29 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

maintained 18 bank accounts, consisting of 15 that belong to the Receivership Entity, including six attributed to the QSF, and three accounts controlled by the Receiver that are owned by related entities. The Receiver continues to gradually close bank accounts that will no longer be needed for the Receivership operations.

The Receiver intends to continue leveraging these existing relationships and systems for the implementation of future distribution(s) to the extent feasible.

Cash basis reports, including information for this Application Period and case to date, are attached as Exhibit B to the March 2022 Report.

### 3.    Staffing

#### a.    Employee Headcount

The Receiver continues to maintain the minimum staff necessary for the Receivership and enterprise to operate efficiently and effectively. As of March 31, 2022, the Receivership Entity had five full-time employees (a reduction by one compared with the prior reporting period) and one part-time employee. The Receiver's employee retention program provides for at least six-weeks' notice to employees whose services are anticipated to no longer be required by the Receivership.

#### b.    Contractors

In response to earlier staff attrition in addition to the planned reductions, the Receiver necessarily backfilled key accounting and technology positions with local independent contractors (not affiliated with FTI).  As of March 31, 2022, the Receivership employed two on-call IT contractors, one portfolio management contractor, and one administrative / investor relations contractor.

Page 30 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

4. **Tax Matters**

In the ordinary course of business, the Receivership has many reporting and tax preparation responsibilities to investors and taxing authorities.

a. <u>**Tax Preparer**</u>

Since the inception of the Receivership, the Receiver retained a tax specialist to assist legacy Aequitas staff in the preparation of tax and information returns, and to provide tax-consulting services on an as-needed basis at the request of the Receiver. During the Application Period, Receivership staff and professionals did extensive work to address 2021 Receivership tax reporting and tax inquiries. The staff and professionals have also focused on planning for potential tax requirements and obligations on closure of the Receivership.

b. <u>**Qualified Settlement Fund and Receivership Entities 2021 Taxation**</u>

As further described in section XI of the March 2022 Report, on motion and by order of the Court, substantial assets of the Receivership Entities were transferred to the Aequitas Qualified Settlement Fund Irrevocable Trust ("QSF") along with the obligation to make distributions under the Court-approved Distribution Plan.

2021 Federal and state QSF tax returns were extended by their due date. The returns are being prepared and will be filed as soon as they are complete.

Since the establishment of the QSF, final federal and state tax returns have been filed for many of the Receivership Entities. 2021 federal and state returns for the remaining Receivership Entities were extended by their due date and will be filed as soon as they are complete. It is expected that the QSF will be the final tax filing entity for the Receivership allowing for the wind down and final tax filings for all other entities not previously completed.

Page 31 -   **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

c.      **Investor Fund Form K-1s**

Members of Aequitas Holdings LLC and Aequitas Management LLC will be provided 2021 form K-1s when available.

d.      **Distribution Information Reporting and Taxation**

The Receiver finalized the implementation of the third interim distribution in Q4 2021. All information reporting that was required in connection with distributions implemented in 2021 was completed in late January 2022, during this Application Period.

5.      **Leveraging the professional firms' resources**

FTI continues to leverage its access to various resources and services to provide information at no additional charge to the Receivership. As a result, the Receivership Entity has been able to eliminate contracts with a number of corresponding providers. Additionally, FTI provides as-needed tele-conferencing and web-conferencing capabilities to the Receivership Entity at no charge.

Schwabe has in the past provided meeting space and infrastructure at no charge to the Receivership Entity, which allowed the Receiver to minimize costs associated with in-person meetings.

6.      **Discounted Travel Time**

The Receiver, FTI and the majority of legal counsel only charge 50 percent of actual non-working travel time. Schwabe does not charge for travel time or travel expenses related to travel to Portland, Oregon. As a result of the Receivership staff and all professionals working remotely during the COVID-19 pandemic, no travel time was incurred during this Application Period.

7.      **Out-of-Town Meals and Expenses**

The Receiver carefully monitors the expenses incurred by his professionals. In

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

furtherance of this effort, the Receiver has imposed a per diem limit on meal expenses and no

costs incurred in excess thereof are charged to the Receivership. No out-of-town meals and

expenses were incurred during this Application Period.

## III.    AUTHORITY SUPPORTING REQUEST FOR APPROVAL OF FEES AND EXPENSES INCURRED FROM JANUARY 1, 2022 THROUGH MARCH 31, 2022

The Order Appointing Receiver provides that "[t]he Receiver and Retained Personnel are

entitled to reasonable compensation and expense Reimbursement from the Receivership

Estates…."[8]  Applications for compensation and expense reimbursement are on an interim basis,

subject to final review at the close of the Receivership.[9] Allowed fees are subject to a twenty

percent (20%) holdback pending final review and closing of the Receivership. Allowed expenses

are not subject to a holdback.

The Receiver requests that the Court approve the fees and expenses incurred by the

Receiver and his retained professionals for the period from January 1, 2022 through March 31,

2022.

## A.    This is the Twenty-Fourth Interim Fee Application and the Court has previously approved the prior Eighteen Interim Fee Applications

This is the Twenty-Fourth Interim Fee Application of the Receiver and his retained

professionals. The initial Interim Fee Application was filed on September 22, 2016 [Dkt. 251].

The Court approved the fees and expenses requested in the Interim Fee Application on October

21, 2016 [Dkt. 273]. The Second Interim Fee Application was filed on December 12, 2016 [Dkt.

315]. The Court approved the fees and expenses requested in the Second Fee Application on

---

[8] Dkt. 156, ¶ 45.

[9] Dkt. 156, ¶ 47.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

February 22, 2017 [Dkt. 370]. The Third Interim Fee Application was filed on April 4, 2017

[Dkt. 393]. The Court approved the fees and expenses requested in the Third Fee Application on

April 20, 2017 [Dkt. 416]. The Fourth Interim Fee Application was filed on July 14, 2017 [Dkt.

475]. The Court approved the fees and expenses requested in the Fourth Fee Application on July

17, 2017 [Dkt. 478]. The Fifth Interim Fee Application was filed on October 11, 2017 [Dkt.

544]. The Court approved the fees and expenses requested in the Fifth Fee Application on

October 12, 2017 [Dkt. 548]. The Sixth Interim Fee Application was filed on December 12, 2017

[Dkt. 567]. The Court approved the fees and expenses requested in the Sixth Fee Application on

December 12, 2017 [Dkt. 570]. The Seventh Interim Fee Application was filed on March 16,

2018 [Dkt. 596]. The Court approved the fees and expenses requested in the Seventh Fee

Application on March 20, 2018 [Dkt. 599]. The Eighth Interim Fee Application was filed on

June 26, 2018 [Dkt. 630]. The Court approved the fees and expenses requested in the Eighth Fee

Application on June 26, 2018 [Dkt. 633]. The Ninth Interim Fee Application was filed on

September 17, 2018 [Dkt. 654]. The Court approved the fees and expenses requested in the

Ninth Fee Application on September 18, 2018 [Dkt. 657]. The Tenth Interim Fee Application

was filed on December 7, 2018 [Dkt. 665]. The Court approved the fees and expenses requested

in the Tenth Fee Application on December 10, 2018 [Dkt. 668]. The Eleventh Interim Fee

Application was filed on March 21, 2019 [Dkt. 677]. The Court approved the fees and expenses

requested in the Eleventh Fee Application on March 21, 2019 [Dkt. 680]. The Twelfth Interim

Fee Application was filed on June 27, 2019 [Dkt. 716]. The Court approved the fees and

expenses requested in the Twelfth Fee Application on July 1, 2019 [Dkt. 719]. The Thirteenth

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Interim Fee Application was filed on June 27, 2019 [Dkt. 771]. The Court approved the fees and expenses requested in the Thirteenth Fee Application on July 1, 2019 [Dkt. 774]. The Fourteenth Interim Fee Application was filed on December 27, 2019 [Dkt. 782]. The Court approved the fees and expenses requested in the Fourteenth Fee Application on January 1, 2020 [Dkt. 788]. The Fifteenth Interim Fee Application was filed on March 31, 2020 [Dkt. 814]. The Court approved the fees and expenses requested in the Fifteenth Fee Application on April 1, 2020 [Dkt. 817]. The Sixteenth Interim Fee Application was filed on June 19, 2020 [Dkt. 839]. The Court approved the fees and expenses requested in the Sixteenth Fee Application on June 19, 2020 [Dkt. 842]. The Seventeenth Interim Fee Application was filed on September 11, 2020 [Dkt. 844]. The Court approved the fees and expenses requested in the Seventeenth Fee Application on September 11, 2020 [Dkt. 847]. The Eighteenth Interim Fee Application was filed on December 17, 2020 [Dkt. 868]. The Court approved the fees and expenses requested in the Eighteenth Fee Application on January 4, 2021 [Dkt. 871]. The Nineteenth Interim Fee Application was filed on March 30, 2021 [Dkt. 878]. The Court approved the fees and expenses requested in the Nineteenth Fee Application on April 21, 2021 [Dkt. 884]. The Twentieth Interim Fee Application was filed on July 12, 2021 [Dkt. 892]. The Court approved the fees and expenses requested in the Twentieth Fee Application on July 27, 2021 [Dkt. 899]. The Twenty-First Interim Fee Application was filed on September 22, 2021 [Dkt. 908]. The Court approved the fees and expenses requested in the Twenty-First Fee Application on October 7, 2021 [Dkt. 911]. The Twenty-Second Interim Fee Application was filed on December 20, 2021 [Dkt. 917]. The Court approved the fees and expenses requested in the Twenty-Second Fee Application on

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

January 7, 2022 [Dkt. 921]. The Twenty-Third Interim Fee Application was filed on March 23,

2022 [Dkt. 958]. The Court approved the fees and expenses requested in the Twenty-Third Fee

Application on April 4, 2022 [Dkt. 975]. The following is a summary of the fees and expenses

requested and approved from the prior Interim Fee Applications, the amounts allowed, the

amounts paid, and identification of the twenty percent (20%) holdback for fees (which remain

unpaid as required by the Billing Instructions):

**Aequitas Receivership**
Professional Fees & Expenses by Entity (through December 31, 2021)

| Entity | Previous Fees | Previous Expenses | Total Previous Fees & Expenses | Holdback Amounts | Total Paid Amounts |
|---|---|---|---|---|---|
| Receiver | 2,452,759 | 45,172 | 2,497,931 | 490,552 | 2,007,379 |
| FTI Consulting | 18,852,562 | 494,849 | 19,347,412 | 3,770,512 | 15,576,899 |
| Pepper Hamilton | 2,472,630 | 282,614 | 2,755,244 | 494,526 | 2,260,718 |
| Schwabe, Williamson & Wyatt | 10,390,672 | 68,833 | 10,459,505 | 2,078,134 | 8,381,371 |
| Morrison Foerster | 1,010,847 | 5,843 | 1,016,690 | 202,169 | 814,521 |
| Law Office of Stanley H. Shure | 1,514,882 | 9,588 | 1,524,470 | 302,976 | 1,221,493 |
| Snell & Wilmer | 540,808 | 10,645 | 551,453 | 108,162 | 443,291 |
| Parsons Farnell & Grein | 539,151 | 18,983 | 558,134 | 107,830 | 450,304 |
| Pachulski Stang Ziehl & Jones | 39,984 | 471 | 40,455 | 7,997 | 32,458 |
| Akin Gump | 60,259 | 133 | 60,392 | 12,052 | 48,340 |
| Ater Wynne | 10,356 | - | 10,356 | 2,071 | 8,285 |
| **Total:** | **37,884,909** | **937,132** | **38,822,041** | **7,576,982** | **31,245,059** |

**B.    <u>The Court should approve as reasonable and necessary all of the fees and expenses requested in this Twenty-Fourth Interim Fee Application.</u>**

In the Ninth Circuit, in a common fund case such as this Receivership proceeding, the

Court has the "discretion to apply either the lodestar method or the percentage-of-the-fund

method when calculating fees."[10] "Under either method, the Court must exercise its discretion to

---

[10] *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1006 (9th Cir 2002) (class action case creating a common fund).

Page 36 -    **RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

achieve a 'reasonable' result."[11]

Because there is a strong presumption that the lodestar amount represents a reasonable fee, adjustments to the lodestar are the "exception rather than the rule."[12] Under the lodestar method, the Court multiplies a reasonable number of hours by a reasonable hourly rate.[13] In the current Receivership, where neither the amount of the common fund nor the aggregate amount of allowed claims has been determined, the lodestar method rather than the percentage-of-fund method should be applied to this interim fee application.

The amount of compensation to be awarded a court-appointed receiver is within the Court's reasonable discretion.[14] The Commission's approval of an application should be given great weight.[15]

Factors for consideration include the "time, labor and skill required, but not necessarily that actually expended, in the proper performance of the duties imposed by the court upon the receiver, the fair value of such time, labor and skill measured by conservative business standards, the degree of activity, integrity and dispatch with which the work is conducted and the result obtained."[16] The complexity and difficulty associated with the receivership are highly relevant

---

[11] *In re Galena Biopharma, Inc., Sec. Litig.*, No. 3:14-cv-00367-SI, 2016 U.S. Dist. LEXIS 82693, at *15-16 (D. Or. June 24, 2016) (citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011)).

[12] *Stanger v. China Elec. Motor, Inc*. 812 F.3d 734, 738 (9th Cir 2016) (internal citations omitted) (class action with common fund settlement).

[13] *Id.*

[14] *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008), *aff'd*, 609 F.3d 87 (2d Cir. 2010).

[15] *Id.* (quoting *SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973) (securities receivership).

[16] *United States v. Code Prod. Corp.*, 362 F.2d 669, 673 (3d Cir. 1966) (internal citation

**RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW Fifth Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

factors in determining the reasonableness of professional fees.[17] The benefits bestowed on the estate are a relevant consideration.[18]

The degree of success achieved in solving legal and practical problems should be considered when calculating the fees awarded.[19] Courts examine the credentials, experience, reputation, and other professional qualities required to carry out the court's orders when assessing the reasonableness of the rates charged for services to a receivership.[20]

The Court should consider the usual and customary fees charged and the evidence presented to support the application for fees.[21] All of the factors considered in these cases weigh

---

omitted).

[17] *See Fifth Ave. Coach Lines*, 364 F. Supp. at 1220 (awarding interim fees and expenses to law firm for role in receivership and noting that it involved wide variety of complex legal matters requiring the time, competence, and diverse resources of a law firm of high caliber); *SEC v. Mobley*, No. 00 CV 1316 RCC, 2000 WL 1702024, at *2 (S.D.N.Y. Nov. 13, 2000) (finding that fees requested in early stages of receivership were not excessive where receiver was faced with deconstructing an "enormous" fraud of seven years in which defendant utilized over forty entities to funnel investors' money throughout the world and there were few, if any, verifiable financial records).

[18] *See Fifth Ave. Coach Lines.*, 364 F. Supp. at 1222; *Mobley*, 2000 WL 1702024, at *2 (receiver marshaled assets quickly and efficiently).

[19] *See SEC v. W.L. Moody & Co.*, *Bankers*, 374 F. Supp. 465, 484-85 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir 1975) (attorney's timely action prevented delay in payment to bank depositors); *Fifth Ave. Coach Lines*, 364 F. Supp. at 1222 (law firm's services resulted in successful reorganization of company); *SEC v. Tanner*, No. 05–4057–RDR, 2007 WL 2013606, at *2 (D. Kan. May 22, 2007) (actions of receiver resulted in return of more money to investors than if defendant had continued in business).

[20] *See W.L. Moody & Co.*, 374 F. Supp. at 481 (holding that a court should give "considerable weight" to "a receiver's abilities, as required by the tasks of the receivership"); *SEC v. Aquacell Batteries Inc.*, No. 6:07–cv–608–Orl–22 DAB, 2008 WL 276026, at *4 (M.D. Fla. Jan. 31, 2008) ("The Receiver retained well qualified, experienced counsel and such representation does not come cheap.").

[21] *See Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. at 1222 (fees awarded in full based on law firm's usual hourly rate and supported by meticulous records).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

heavily in favor of approving the fees and expenses requested in the Twenty-Fourth Interim Fee Application.

###### C. The fees and expenses during this Twenty-Fourth Application Period are reasonable and necessary in light of the complexity and difficulties of this case.

The Receiver requests approval of fees and expenses for the firms identified herein, which have provided the services summarized throughout this Motion, in the March 2022 Report and in each firm's summary invoice.[22] As noted, these firms agreed to substantial discounts of their customary fees, and the amounts requested reflect those discounts. The time spent, services performed, hourly rates charged, and expenses incurred were in the best interests of the Receivership Entity and were indeed essential for the Receiver to perform his Court-ordered duties.[23] Each of these professional firms was selected because it possesses special expertise required to fulfill the Court's orders. The following chart is a summary of the fees and expenses reasonably incurred in the service of the Receivership Entity from January 1, 2022 through March 31, 2022:

---

[22] Greenspan Declaration, Exhibits A through D.

[23] Greenspan Declaration, p. 3.

**RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

**Aequitas Receivership**
Professional Fees & Expenses by Entity (from January 1 to March 31, 2022)

| Entity | Fees ($) | Percentage | Expenses ($) | Percentage | Total ($) | Percentage |
|---|---|---|---|---|---|---|
| Receiver | 15,510.00 | 3.0% | - | 0.0% | 15,510.00 | 2.8% |
| FTI Consulting | 189,707.00 | 36.2% | - | 0.0% | 189,707.00 | 34.3% |
| Pepper Hamilton [1] | - | 0.0% | - | 0.0% | - | 0.0% |
| Schwabe, Williamson & Wyatt | 317,606.50 | 60.6% | 28,071.23 | 100.0% | 345,677.73 | 62.6% |
| Morrison Foerster [1] | - | 0.0% | - | 0.0% | - | 0.0% |
| Law Office of Stanley H. Shure [1] | - | 0.0% | - | 0.0% | - | 0.0% |
| Snell & Wilmer [1] | - | 0.0% | - | 0.0% | - | 0.0% |
| Parsons Farnell & Grein | 1,549.12 | 0.3% | - | 0.0% | 1,549.12 | 0.3% |
| Pachulski Stang Ziehl & Jones [1] | - | 0.0% | - | 0.0% | - | 0.0% |
| Akin Gump [1] | - | 0.0% | - | 0.0% | - | 0.0% |
| Ater Wynne [1] | - | 0.0% | - | 0.0% | - | 0.0% |
| **Total:** | **524,372.62** | **100%** | **28,071.23** | **100%** | **552,443.85** | **100%** |

[1] Pepper Hamilton, Morrison Foerster, Law Office of Stanley H. Shure, Snell & Wilmer, Pachulski Stang Ziehl & Jones, Akin Gump, and Ater Wynne did not incur fees or expenses during the billing period.

### D. The fees and expenses requested are in line with those approved in other cases.

The fees associated with complex receivership cases are often substantial percentages of the total assets recovered.[24] The size and scope of this equitable receivership are much greater than the size and scope of many of the receiverships in the reported cases cited in this Application. Courts have noted that compensation to equitable receivers is analogous to compensation to trustees in bankruptcy.[25] The United States Department of Justice reported that from 1994 to 2000, in Chapter 7 asset cases, 30% to 40% of total estate receipts were disbursed as fees and expenses to trustees and other professionals.[26] This was true regardless of the size of

---

[24] *SEC v. Megafund Corp.*, No. 3:05–CV–1328–L, 2008 WL 2839998, at *2 (N.D. Tex. June 24, 2008) (approving final request for fees and expenses comprising 22.4% of total recovery by Receiver in light of complexities of case, difficulties in tracing proceeds, and results obtained); *SEC v. Funding Res. Group*, No. Civ.A.3:98–CV–2689–M, 2003 WL 145411, at *1 (N.D. Tex. Jan. 15, 2003) (costs of administration totaled 21% of cash and assets finally recovered by receiver).

[25] *W.L. Moody & Co.*, 374 F. Supp. at 481.

[26] U.S. DOJ, U.S. Trustee Program Prelim. Rep. on Ch. 7 Asset Cases 1994 to 2000, attached as

**RECEIVER'S REQUEST FOR APPROVAL OF TWENTY-FOURTH INTERIM FEE APPLICATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2

the case.[27] The fees incurred in this case are a significantly smaller percentage of the total recoveries through the end of the Twenty-Fourth Application Period than any of these cases and the Receivership Entity has benefitted by avoiding additional fees that would have been incurred if investment bankers were retained.

## IV.    CONCLUSION

The relief requested herein is appropriate and in furtherance of the provisions of the Final Receivership Order appointing the Receiver. Accordingly, the Receiver respectfully requests that the Court enter an order approving the fees and expenses requested in the Twenty-Fourth Interim Fee Application, for the period from January 1, 2022 through March 31, 2022.

Dated this 7th day of July, 2022.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:  /s/ Troy Greenfield
    Troy Greenfield, OSB #892534
    tgreenfield@schwabe.com
    Lawrence R. Ream (Admitted *Pro Hac Vice*)
    lream@schwabe.com
    Telephone: 503-222-9981
    Facsimile:  503-796-2900

*Attorneys for Receiver for Defendants Aequitas Management, LLC, Aequitas Holdings, LLC, Aequitas Commercial Finance, LLC, Aequitas Capital Management, Inc., and Aequitas Investment Management, LLC*

---

Exhibit P, App'x 187, 192.

[27] *Id.*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\[Client\Matter]\[AuthorID]\33911528.2